ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(443) 852-6555

v.

**WILLIAM BIGLOW, et al.**
In his personal capacity,
OGC/GLD
200 Independence Avenue
Washington, D.C. 20201

CASE NO. 1:07-cv-02308

Hon. Judge Rosemary M. Collyer

_____oOo_____

## NOTICE OF WAIVER PROCEDURE

Plaintiff *pro se*, Edar Rogler, hereby gives notice to the Court that the waiver procedure of Fed. R. Civ. P. 4(d) has been invoked. I certify that the notice and request to waive service of summons have been sent according to the attached <u>CERTIFICATE OF SERVICE</u>.

Respectfully submitted by:

DATED: December 28, 2007

_____
EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(443) 852-6555

**RECEIVED**

JAN 2 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:

WILLIAM BIGLOW,
In his personal capacity,
OGC/GLD
200 Independence Avenue
Washington, D.C. 20201

JOHN I. GALLIN, M.D.
In his personal capacity,
7313 Brookstone Court
Potomac, MD. 20854

WALTER L. JONES,
In his personal capacity,
10 Center Drive
Bethesda, MD.

REV. OWEN RAY FITZGERALD,
In his personal capacity,
6606 Greywood Drive
Bethesda, MD. 20817-1537

ANN M. BERGER, MSN, MD,
In her personal capacity,
10 Center Drive
Bethesda, MD. 20892

DEBORAH BRITTON,
In her personal capacity,
Two Democracy Plaza, Room 106L
Bethesda, MD.

JULIE LU,
In her personal capacity,
5831 Westwater Court
Centreville, VA. 20121

MAUREEN GORMLEY, R.N.,
In her personal capacity,
10 Center Drive
Bethesda, MD. 20892

HILLARY FITILIS,
In her personal capacity,
8503 Hempstead Avenue
Bethesda, MD. 20817

REV. DOMINICK ASHKAR,
In his personal capacity,
Rectory, 7164 Alaska Ave, N.W.
Washington, D.C. 20012

NYNA KONISHI,
In her personal capacity,
10 Center Drive
Bethesda, MD. 20892

LAWRENCE SELF,
In his personal capacity,
10 Center Drive
Bethesda, MD. 20892

and

MICHAEL CHEW,
In his personal capacity
10 Center Drive
Bethesda, MD. 20892

1

AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) __SEE ATTACHED__

as (B) __In your personal Capacity__ (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the

(D) __UNITED STATES__ District of __COLUMBIA__

and has been assigned docket number __1:07 cv 02308__

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) __30__ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this \* __26th__ day of __December__, __2007__.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

## WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, REV. DOMINIC ASHKAR, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 27, 2007, or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                    (SIGNATURE)

Printed/Typed Name:_____
As _____ of _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, ANN M. BERGER, MSN, MD, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 26, 2007, or within 90 days after that date if the request was sent outside the United States.

_____      _____
(DATE)                         (SIGNATURE)

   Printed/Typed Name:_____
   As _____of _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, WILLIAM BIGLOW, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 31, 2007, or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                                  (SIGNATURE)

      Printed/Typed Name:_____
      As _____ of _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, DEBORAH BRITTON, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 30, 2007, or within 90 days after that date if the request was sent outside the United States.

_____   _____
(DATE)                (SIGNATURE)

Printed/Typed Name:_____
As _____ of _____

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, MICHAEL CHEW, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 17, 2007, or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                    (SIGNATURE)

Printed/Typed Name:_____
As _____ of _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, HILLARY FITILIS, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 27, 2007, or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                                  (SIGNATURE)

Printed/Typed Name:_____
As _____ of _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, REV. OWEN RAY FITZGERALD, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 27, 2007, or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                     (SIGNATURE)

    Printed/Typed Name:_____
    As _____ of _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, JOHN I. GALLIN, MD, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 27, 2007, or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                                    (SIGNATURE)

        Printed/Typed Name:_____
        As _____of _____

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, MAUREEN GORMLEY, RN, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 27, 2007, or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                       (SIGNATURE)

    Printed/Typed Name:_____
    As _____of _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, WALTER L. JONES, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 27, 2007, or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                                        (SIGNATURE)

Printed/Typed Name:_____
As _____ of _____

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

To: EDAR ROGLER

I, NYNA KONISHI, acknowledge receipt of your request that I waive service of summons in the action of *Rogler v. Biglow, et al.*, which is case number 1:07-cv-02308 in the United States District Court for the District of Columbia.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

I understand that a judgment might be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 31, 2007, or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                              (SIGNATURE)

Printed/Typed Name:_____
As _____ of _____

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(443) 852-6555

v.

**WILLIAM BIGLOW, et al.**     :     CASE NO. 1:07-cv-02308
In his personal capacity,
OGC/GLD
200 Independence Avenue
Washington, D.C. 20201

_____oOo_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2007, a copy of the following listed documents:

1.) copy of complaint, *Edar Rogler v. William Biglow, Julie Lu, John I. Gallin, MD, Maureen Gormley, RN, Walter Jones, Hillary Fitilis, Rev. Owen Ray Fitzgerald, Rev. Dominic Ashkar, Ann M. Berger, MSN, MD, Nyna Konishi, Deborah Britton, Lawrence Self, Michael Chew,* 1:07-cv-02308;

2.) Notice of Lawsuit and Request for Waiver of Service of Summons;

3.) Two Waiver of Service of Summons; and

4.) An self-address, self-stamped envelope

were sent via first class, postage-prepaid mail to:

WILLIAM BIGLOW,              JULIE LU,
OGC/GLD                      5831 Westwater Court
200 Independence Avenue      Centreville, VA. 20121
Washington, D.C. 20201

1

JOHN I. GALLIN, M.D.
7313 Brookstone Court
Potomac, MD. 20854

MAUREEN GORMLEY, R.N.,
10 Center Drive
Bethesda, MD. 20892

WALTER L. JONES,
10 Center Drive
Bethesda, MD. 20892

HILLARY FITILIS,
8503 Hempstead Avenue
Bethesda, MD. 20817

REV. OWEN RAY FITZGERALD,
6606 Greywood Drive
Bethesda, MD. 20817-1537

REV. DOMINICK ASHKAR,
Rectory, 7164 Alaska Ave, N.W.
Washington, D.C. 20012

ANN M. BERGER, MSN, MD,
10 Center Drive
Bethesda, MD. 20892

NYNA KONISHI,
10 Center Drive
Bethesda, MD. 20892

DEBORAH BRITTON,
Two Democracy Plaza, Room 106L
Bethesda, MD. 20892

LAWRENCE SELF,
Building 2EO2
2 Center Drive
Bethesda, MD. 20892

and

MICHAEL CHEW,
2 Center Drive
Bethesda, MD. 20892

_____
EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, MD 21403
(443) 852-6555

2