## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                          :
Plaintiff *pro se*                               **Hon. Judge Rosemary M. Collyer**
**v.**                                                  :

**WILLIAM BIGLOW, et al.**              **CASE NO.  1:07-cv-02308**
**Defendants.**

_____oOo_____

### MOTION FOR RECONSIDERATION OF PAPERLESS ORDER (DOC. NO. 6)
### AND MOTION FOR ORDER TO MEET AND CONFER

Plaintiff *pro se*, Edar Rogler hereby respectfully submits her motion for the Court to reconsider its

PAPERLESS ORDER (Doc. No. 6) and to order the parties to meet and confer for the following reasons:

It appears to the Plaintiff that the Defendant's Motion is based on an inaccurate calculation of the Defendant's

time to answer or otherwise respond to the Plaintiff's COMPLAINT. Plaintiff's servers served the first batch of

summons and complaints on some the Defendants on or about March 26, 2008 and the green cards for service on the

United States Attorney and Attorney General have not yet been returned to the Plaintiff's server. Defendants' counsel's

clients might be confused by the Waiver of Service documents that Plaintiff served upon the Defendants. However, none

of the Defendants chose to waive formal, official service of process. Therefore Plaintiff believes that the Defendants'

time to answer or otherwise respond to the Plaintiff's COMPLAINT does not begin to run until the Defendants each

respectively receive their formal service of process, which for some began on March 26, 2008. Perhaps Fed. R. Civ. P.,

Rule 12(a)(3)(B) might apply to the Defendants. If Plaintiff is correct then Defendants who were served on March 26th,

2008 should be answering or otherwise responding to Plaintiff's COMPLAINT "within 60 days after service."

Secondly, the Plaintiff would like to meet and confer with opposing counsel. Plaintiff has been informed that

many of the Defendants wish to settle this matter. Plaintiff wishes to settle this matter and believes that it might be only

a matter of having a meeting in good faith. At least the parties can narrow a great many issues and stipulate to facts, etc,

should the parties meet and confer. Defense counsel's telephone message was nice and sounded as if opposing counsel

would be reasonable. Plaintiff cannot reach her opposing counsel to discuss this matter.

**WHEREFORE,** Plaintiff respectfully prays for an order vacating PAPERLESS ORDER (Doc. 6) granting

Defendant's motion to extend time (Doc. No. 5), because it appears to the Plaintiff to shorten the Defendant's time based

upon miscalculations and for an order granting that the parties should meet and confer within the next thirty (30) days.

# RECEIVED

### MAR 3 1 2008                                1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respectfully submitted by:

DATED:  March 28, 2008

*[signature]*

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland  21403
(410) 280-9270
edar_rogler@yahoo.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 28th, 2008 I emailed and mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia  20530.

EDAR ROGLER, Plaintiff *pro se*

## ORDER

Plaintiff's motion having been read and any responses submitted by Defendant, the Court hereby grants Plaintiff's motion to vacate <u>PAPERLESS ORDER</u> (Doc. No. 6); and further orders that within the next thirty (30) days the parties to meet in person or through counsel for the purpose of making a good faith effort to:

1.) explore the feasibility of settling the case before substantial sums are spent on litigation;

2.) ascertain whether the case might be appropriate for some form of alternative dispute resolution;

3.) identify any unresolved issues pertaining to jurisdiction or venue;

4.) ascertain whether additional claims will be filed or additional parties will be joined, and, if so what claims will be asserted, and when pleading and service will be completed;

5.) identify the central aspects of the case, i.e., the claims and defenses that appear most likely to be viable and productive.  Counsel are advised to heed scrupulously the requirements of Rule 11, Federal Rules of Civil Procedure and to withdraw claims or defenses as to which the requirements of the Rule are not satisfied.  With respect to the central claims and defenses, counsel must make good faith efforts to:

   a.) enter stipulations about  facts and/or authenticity of documents;

   b.) arrange for informal exchanges of information or evidence;

   c.) identify legal or factual issues whose early resolution might terminate the suit or appreciably reduce its scope or alter its character.

DATED:  March 28, 2008

_____
UNITED STATES DISTRICT JUDGE MAR 3 1 2008