UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDAR ROGLER, | ) |
| Plaintiff *pro se*, | ) |
| v. | ) Civil Action No.: 07-2308 (RMC) |
| WILLIAM BIGLOW, *et al.*, | ) |
| Defendants. | ) |

### DEFENDANTS' OPPOSITION MEMORANDUM TO MOTION SEEKING ORDER FOR PARTIES TO MEET AND CONFER

The defendants,[1] by and through undersigned counsel, respectfully file this opposition memorandum to plaintiff's motion seeking an order for the parties to meet and confer within 30 days.[2] As discussed below, this request is premature given the fact that not all of the defendants have been served, and that, in any event, defendants will be filing a dispositive motion.

---

[1] According to Plaintiff's complaint, Defendants are sued in their personal capacity as follows: William Biglow, Julie Lu, John I. Gallin, M.D., Maureen Gormley, R.N., Walter L. Jones, Hillary Fitilis, Rev. Owen Ray Fitzgerald, Rev. Dominick Ashkar, Ann M. Berger, MSN, MD., Nyna Konishi, Deborah Britton, Lawrence Self, Michael Chew, and Does 1 to 25. All of the named Defendants are federal employees.

[2] Plaintiff has also requested that the Court reconsider its order granting Defendants until April 14, 2008 to file their answers. Defendants also oppose any reconsideration of this order.

## I. PROCEDURAL BACKGROUND

Plaintiff filed her complaint on December 21, 2007. However, as evidenced by the record, she has not yet perfected service on a number of the defendants. *See* Docket No. 8. Moreover, for those defendants who have been served, the time to respond to Plaintiff's complaint has not yet run.

## ARGUMENT

## II. PLAINTIFF'S MOTION SHOULD BE DENIED

The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provide for the parties to meet and confer as soon as practicable or in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Fed. R. Civ. P. 16(b). At this time, no scheduling conference has been scheduled by the Court. A scheduling order is also issued as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint. In this case, as Plaintiff concedes, the defendants that have been served with process were served on March 26, 2008, and their time to respond to Plaintiff's complaint has not yet run. *See* Plaintiff's Motion for Reconsideration.

Furthermore, defendants will be filing a motion seeking to dismiss plaintiff's complaint and all claims therein. It would, therefore, be impractical for them to meet with plaintiff to discuss settlement or any other issues without first having the Court rule on their motion.

**Conclusion**

For the reasons stated above, defendants respectfully request that plaintiff's motion for reconsideration and motion for order to meet and confer be denied.

   /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing Defendants' Opposition Memorandum were mailed on this 11th day of April, 2008, postage pre-paid, to Plaintiff *pro se* at the following address:

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403

/s/
JUDITH A. KIDWELL
ASSISTANT U.S. ATTORNEY
