**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EDAR ROGLER,** | ) |
| | ) |
| **Plaintiff *pro se*,** | ) |
| | ) |
| **v.** | )   **Civil Action No.: 07-2308 (RMC)** |
| | ) |
| **WILLIAM BIGLOW, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | )__ |

### DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY, TO STRIKE CERTAIN ALLEGATIONS AND DISMISS DOE DEFENDANTS 1 THROUGH 25

Defendants,[1] by and through undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 12(b)(1)-(6) to dismiss the complaint filed herein and all claims for damages on the grounds that Plaintiff has failed to establish that this Court has jurisdiction in this action, and because Plaintiff has failed to state a claim upon which relief can be granted.  Defendants also move, pursuant to Fed. R. Civ. P. 10 and 12(f) to dismiss the "Doe" Defendants in Plaintiff's complaint, and to strike certain allegations from Plaintiff's complaint.  In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support.  A proposed Order

---

[1] According to Plaintiff's complaint, Defendants are sued in their personal capacity as follows: William Biglow, Julie Lu, John I. Gallin, M.D., Maureen Gormley, R.N., Walter L. Jones, Hillary Fitilis, Rev. Owen Ray Fitzgerald, Rev. Dominick Ashkar, Ann M. Berger, MSN, MD., Nyna Konishi, Deborah Britton, Lawrence Self, Michael Chew, and Does 1 to 25.  All of the named Defendants are federal employees.

granting Defendants the relief requested is also attached.

Respectfully submitted,

_/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250
Judith.A.Kidwell@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **EDAR ROGLER,** | ) | |
| | ) | |
| **Plaintiff *pro se*,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 07-2308 (RMC)** |
| | ) | |
| **WILLIAM BIGLOW, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I.   INTRODUCTION

Plaintiff *pro se*, Edar Rogler, a resident of Maryland, filed this action[1] on

December 21, 2007, after having voluntarily dismissed an almost identical complaint in

Maryland, naming the same Defendants in their personal capacities.[2]  *See* Defendants'

---

[1] Plaintiff's complaint consists of  34 pages, containing over 200 allegations, some of which are brought on behalf of other individuals.  However, paragraphs 174 through 179 are missing from the complaint.

[2] Plaintiff's complaint alleges that Defendants were acting under the color of federal authority.  In the event that Plaintiff is deemed to be suing these individuals in their official capacities, Defendants reserve the right to assert other defenses to this action, including the defense of sovereign immunity.  *See Brandon v. Holt*, 469 U.S. 464, 471 (1985).  Additionally, in light of Plaintiff's voluntary dismissal of her suit in the District of Maryland, Defendants reserve the right to seek costs and attorney fees against Plaintiff pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.

Exhibit ("Def. Exh.") A.[3]   Plaintiff was an independent contractor with the National

Institute of Health ("NIH"), U.S. Department of Health and Human Services.  Complaint

("Compl.") ¶¶ 19, 27.  According to the complaint, Plaintiff's services were terminated on

December 23, 2005.  *Id*. at 110.

Plaintiff's primary argument is that Defendants violated her constitutional rights

by retaliating against her for agreeing to testify as a witness in an administrative

proceeding before the Equal Employment Opportunity Commission ("EEOC").[4]  Plaintiff,

alleging constitutional violations under the First, Fourth and Fifth Amendments to the

U.S. Constitution,[5] and citing violations of 42 U.S.C. §§ 1985(1), (2) and (3), seeks, *inter*

*alia*, unspecified monetary damages against Defendants "jointly and severally."

As explained in detail below, all claims against Defendants should be dismissed

because:  (1) the District of Columbia is an improper venue for Plaintiff's action; (2) this

Court lacks personal jurisdiction over Defendants because Plaintiff has failed to effect

proper service of process and this Court cannot exercise jurisdiction over the non-resident

---

[3] Plaintiff still has a Title VII action pending in the District of Maryland against the U.S. Department of Health and Human Services based on the same events alleged in this complaint.  She voluntarily dismissed a Privacy Act suit based on the same events. These actions in the District of Maryland are designated as Civil Action Nos. 07-0726 and 07-1676, respectively.

[4] Plaintiff alleges that her employment was terminated and that a false document concerning her performance was created in order to retaliate against her.

[5] Plaintiff appears to be alleging a cause of action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendants in this matter; (3) Plaintiff does not have standing to bring certain claims;

(4) Plaintiff's claims are barred by the doctrine of incorporate conspiracy; (5) Plaintiff has

failed to state a claim under the provisions of 42 U.S.C. §§ 1985 (1)-(3); (6) Plaintiff has

failed to state a claim for any implied violation of constitutional rights pursuant to *Bivens*

*v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971);

and (7) Defendants enjoy qualified immunity from suit.

## ARGUMENT

## II.  THE DISTRICT OF COLUMBIA IS AN IMPROPER VENUE FOR PLAINTIFF'S ACTION

Venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b).  *See Stafford v.*

*Briggs*, 444 U.S. 527, 544 (1980).  This statute provides that a cause of action may "be

brought only in: (1) a judicial district where any defendant resides, if all defendants live

in the same State; (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated; or (3) a judicial district in which any defendant may be

found, if there is no district in which the action may otherwise be brought."  28 U.S.C.

§ 1391(b).  Plaintiff alleges that venue is proper in this judicial district pursuant to 28

U.S.C. § 1391(b)(2), "because a substantial part of the events or omissions giving rise to

her claims occurred in the District of Columbia, some of the Defendants reside and/or

work in the District of Columbia, and some of the Defendants are licensed to practice in

the District of Columbia and/or practice law in the District of Columbia."  *See* Compl.

¶ 18.

Of course, this averment is contradicted by the complaint filed by Plaintiff in

Maryland, wherein she alleged that "a substantial part of the events or omissions giving

rise to the claims herein occurred in the District of Maryland." *See* Def. Exh. A, ¶ 18.

Moreover, this averment is contradicted by Plaintiff's averments in this action, because

she alleges that she was a witness in a proceeding before the MSPB in Alexandria,

Virginia, and she worked at the National Institute of Health Clinical Center ("NIH CC")

in Bethesda, Maryland. *See* Complaint ¶¶ 1, 19. Additionally, almost all of Plaintiff's

allegations concern events that occurred at the NIH CC in Maryland. *See* Compl.

¶¶ 20-26, 32, 34-39, 43-47, 51-56, 67, 69-71, 74, 77-80, 84, 87-96, 102-103, 110-117.

Similarly, since there is no special venue provision for non-Title VII civil rights

claims, 28 U.S.C. § 1391(b) governs actions brought under 42 U.S.C. § 1985. *Lozano v.

Civiletti*, 89 F.R.D. 475 (D.C. Cir. 1980); *Jones v. Bales*, 58 F.R.D. 453, 458 (N.D. Ga.

1972) *aff'd* 480 F.2d 805 (5th Cir. 1973). Because the complaint clearly indicates that the

alleged conspiracies of which she complains occurred in Maryland, her claims pursuant

to 42 U.S.C. § 1985 should also be dismissed for lack of venue in this judicial district.

As cautioned by the Court in *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C.

Cir. 1993), "[C]ourts in this circuit must examine challenges to personal jurisdiction and

venue carefully to guard against the danger that a plaintiff might manufacture venue in

the District of Columbia." Accordingly, Plaintiff's action should be dismissed for lack of

4

venue in this judicial district.

### III.  THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

Plaintiff's complaint generally alleges that a substantial part of the events or omissions giving rise to her claims occurred in the District of Columbia, some of the Defendants reside and/or work in the District of Columbia, and some of the Defendants are licensed to practice in the District of Columbia and/or practice law in the District of Columbia.[6]  Compl. ¶ 18.  However, the only other reference to the District of Columbia appears in Count VII of Plaintiff's complaint which alleges that "an unconstitutional summons was issued for her to appear at a deposition in Washington, D.C."  *See* Compl. ¶ 200.[7]

Plaintiff bears the burden of establishing personal jurisdiction over each individual Defendant.  *See First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988); *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 42 (D.D.C. 2003); *Taylor v. Gearan*, 979 F.Supp. 1, 5 (D.D.C. 1997)).  "Plaintiff must allege specific facts on which personal jurisdiction can be based; [she] cannot rely on conclusory allegations."  *Moore v. Motz*, 437 F.Supp.2d 88, 91 (D.D.C. 2006) (citations omitted).

_____

[6] As discussed in section II, Plaintiff's previous complaint and the one in this action contradicts Plaintiff's assertions that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.  Nor has she identified which Defendants work in, reside in, or are licensed in the District of Columbia.

[7] There is no allegation that she appeared for the deposition in Washington, D.C.

### A. **All Defendants Have Not Been Personally Served**

This Court is without personal jurisdiction over Defendants in their individual capacities in the absence of proper service. It is well-established that, in an action against a federal employee in an individual capacity, the individually sued defendant must be served with process in accordance with rules applicable to individual defendants. *See Simpkins v. District of Columbia Govt.,* 108 F.3d 366 (D.C. Cir. 1997); *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978); *Delgado v. Bureau of Prisons*, 727 F. Supp. 24 (D.D.C. 1989). Rule 4 of the Federal Rules of Civil Procedure requires that a copy of the summons and complaint be delivered to a defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides therein. *Lawrence*, 79 F.R.D. at 670. Service on the Attorney General of the United States or the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity." *Lawrence v. Acree*, 79 F.R.D. at 670; *Delgado v. Bureau of Prisons*, 727 F. Supp. at 27.

To the extent that Plaintiff seeks relief against federal employees in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment. *Reuber v. United States*, 750 F.2d 1039, 1049 (D.C. Cir. 1984); *Griffith v. Nixon*, 518 F.2d 1195 (2d Cir.) *cert. denied*, 423 U.S. 995 (1975). Because the record in

this action does not establish proper personal service upon all Defendants[8] in their

individual capacities, all claims against those Defendants who have not been properly

served in such capacities should be dismissed.[9]

### B.  Plaintiff Has Failed To Effect Proper Service Over All Defendants

Pursuant to Fed. R. Civ. P. 4(m), a defendant must be properly served with the

summons and complaint within 120 days of the filing of the complaint.  If not, the Court

"must" either dismiss the action against the defendant without prejudice or order that

service be effected within a specified period of time.  *Id.*  Pursuant to Fed. R. Civ. P.

4(i)(1), service upon the United States must be effected by:

> deliver[ing] a copy of the summons and of the complaint to the United
> States attorney for the district where the action is brought – or to an
> assistant United States attorney or clerical employee whom the United
> States attorney designates in a writing filed with the court clerk – or [by]
> send[ing] a copy of each by registered or certified mail to the civil-process
> clerk at the United States attorney's office;

Fed. R. Civ. P. (4)(i)(1)(A).  Pursuant to Fed. R. Civ. P. 4(i)(1)(B), Plaintiff also must

send a copy of the summons and of the complaint "by registered or certified mail to the

Attorney General of the United States at Washington, D.C."  "Unless service is waived,

---

[8] At this time, Plaintiff has filed a return of service indicating that as of March 29,
2008, only six Defendants have been served.  *See* Docket No. 8.

[9] A pro se litigant such as Plaintiff must be afforded more latitude to correct
defects in service of process in his pleadings than other litigants who are represented by
counsel.  *See Moore v. Agency for Int'l Dev.*, 944 F.2d 874, 876 (D.C. Cir. 1993).
However, as discussed herein, in light of the other bases for dismissal of this case,
Defendants submit that no purpose would be served by granting such indulgences in this
case.

proof of service must be made to the court" and "proof must be by the server's affidavit." Fed. R. Civ. P. 4(l).

"A party can move the court to dismiss a complaint under the Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process." '[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.' " *Wilson v. Prudential Financial*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004) (quoting *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted)). If "the plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure. *Wilson v. Prudential Financial*, 332 F. Supp. 2d at 87; *see also Hilska v. Jones*, 297 F. Supp. 2d 82, 88 (D.D.C. 2003) ("If the plaintiff fails either to effect service within the specified time or to show good cause for failing to effect service, the court may dismiss the action without prejudice.")). Fed. R. Civ. P. 4(i)(l) "requires that service on an officer of the United States be effected by serving the United States Attorney for the district in which the action is brought, as well as, the Attorney General." *Nix v. Hoke*, 62 F. Supp. 2d 110, 117 (D.D.C. 1999).

Plaintiff's *Acknowledgment of Service* dated March 29, 2008, demonstrates that she has failed to perfect service on a number of Defendants, and more than 120 days have passed since Plaintiff filed her Complaint on December 21, 2007. Because Plaintiff has

8

failed to effect proper service within 120 days of the filing of her Complaint, said

Complaint is subject to dismissal as to those Defendants that Plaintiff has failed to serve,

pursuant to Fed. R. Civ. P. 4(m).

### C. The Court Cannot Exercise Personal Jurisdiction Over Twelve Non-Resident Defendants Under These Circumstances

In order to determine whether the Court may exercise personal jurisdiction over

non-resident defendants, the Court must first determine whether jurisdiction may be

exercised under the District of Columbia's long-arm statute. *See GTE New Media Servs.,*

*Inc. v. Bell South Corp*., 199 F.3d 1343, 1347 (D.C. Cir. 2000). The District of Columbia

long-arm statute allows a court in the District of Columbia to exercise personal

jurisdiction over a non-resident defendant with regard to claims arising from a

defendant's conduct in:

> (1) transacting business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the district of Columbia by an act or omission
> in the District of Columbia; or
> (4) causing tortious injury in the District of Columbia by an act or omission
> outside the District of Columbia if he regularly does or solicits business,
> engages in any other persistent course of conduct, or derives substantial
> revenue from goods used or consumed, or services rendered, in the District
> of Columbia.

D.C. Code § 13-423(a). Plaintiff has not alleged that Defendants transacted any personal

business or contracted to supply any services in the District of Columbia. Moreover, with

regard to tortious injury claims such as that alleged here, the only applicable provision of

the District of Columbia's long-arm statute is D.C. Code § 13-423(a)(4), which requires

that the injury must occur in the District of Columbia for personal jurisdiction to be

proper in this Court.  *See Helmer v. Doletskaya*, 393 F.3d 201, 208 (D.C. Cir. 2004)

(holding that § 13-423(a)(3) "is a 'precise and intentionally restricted tort section which

stops short of the outer limits of due process,' and requires that both act and injury occur

in the District of Columbia.") (citations omitted); *GTE New Media Servs., Inc. v. Bell

South Corp.*, 199 F.3d at 1347 (reading the language of D.C. Code § 13-423(a)(4) to only

vest personal jurisdiction in this Court if the injury took place in the District of

Columbia).

The Court must also determine whether the exercise of personal jurisdiction

satisfies due process requirements.  *GTE New Media Servs., Inc. v. Bell South Corp.*, 199

F.3d at 1343 (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).  A

court cannot require a nonresident to defend in a forum which is not constitutionally

"reasonable, in context of our federal system of government . . ." *International Shoe Co.

v. Washington*, 326 U.S. 310, 317 (1945).  The general rule is that personal jurisdiction is

proper only if the defendant's conduct with the forum allows the maintenance of a suit

which "does not offend traditional notions of fair play and substantial justice." *Id*. at 316.

The "defendant's conduct and connection with the forum state [must be] such that he

should reasonably anticipate being haled into court there." *World-Wide Volkswagen

Corp. v. Woodsen*, 444 U.S. 286, 297 (1980).

Except for one instance, Plaintiff's complaint sets forth no allegations that

Defendants have any personal connection with the District of Columbia other than their federal employment.[10] However, the mere fact that these Defendants are employees of the U.S. Department of Health and Human Services ("DHHS"), the headquarters office of which is in the District of Columbia, does not render them subject to suit in their individual capacities in the District of Columbia. *See Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, a court may not exercise personal jurisdiction over a federal official in his individual capacity).

Additionally, Plaintiff is not a resident of the District of Columbia and her complaint alleges no facts to establish that she suffered any injury in the District of Columbia.[11] In fact, the alleged injuries of which she complains occurred in Maryland and Virginia. *See* Compl. ¶¶ 20-26, 32, 34-39, 43-47, 51-56, 67, 69-71, 74, 77-80, 84, 87-96, 102-103, 110-117. Therefore, Plaintiff has failed to meet her burden to establish that the Court has personal jurisdiction over all except one of the Defendants, and her

---

[10] Plaintiff lists the address of DHHS' headquarters for Defendants Biglow and Lu. *See* Compl. ¶¶ 3, 4. She has listed Maryland addresses for the remaining Defendants. *See* Compl. ¶¶ 5-15. However, the heading of the complaint lists a Virginia address for Defendant Lu and a District of Columbia address for Defendant Ashkar. *See* Compl. Heading. In fact, Defendant Ashkar is the only Defendant who resides in the District of Columbia. *See* Def. Exhs. B-N.

[11] Plaintiff only alleges that she was served with an "unconstitutional summons to appear at a deposition in Washington, D.C." Compl. at ¶ 200. However, Plaintiff does not allege the date of the summons, whether she appeared for the deposition, or that any specific Defendant issued this summons.

complaint should be dismissed to that extent.  *See, e.g. Moore v. Motz*, 437 F.Supp.2d at

93 (dismissing non-resident defendants for lack of personal jurisdiction where there were

no allegations that defendants transacted any business in the District of Columbia or that

plaintiff suffered any tortious injury here)).

### D.  Doe Defendants Should Be Dismissed

The Court also lacks personal jurisdiction over any federal official Plaintiff claims

to be adding to this action, in the absence of proper service.  Plaintiff's complaint names

Defendants "Does 1 to 25."   Although the use of "Doe" defendants or fictitious

defendants is sometimes used, Defendants are aware of no authority for violating

jurisdictional principles.  *See Molnar v. National Broadcasting Co.*, 231 F.2d 684, 687

(9th Cir. 1987).  While the use of fictitious names is sometimes allowed for privacy

reasons, the general rule is that the complaint must name all parties.  Fed. R. Civ. P.

10(a); *see Breslin v. City and County of Philadelphia*, 92 F.R.D. 764, 765 (E.D. Pa. 1981)

(dismissing Doe defendants because of due process concerns); *Roe v. New York*, 49

F.R.D. 279, 281 (S.D.N.Y. 1970); *but cf.*, *M.K. v. Tenet*, 99 F.Supp.2d 12, 17 (D.D.C.

2000) (plaintiffs given additional thirty days to serve Doe defendants)).  No compelling

privacy reasons exist in this case, and Plaintiff has stated that she plans to name these

other individuals only after discovery.  *See* Compl. ¶ 16.  Accordingly, these "Doe"

Defendants should be dismissed.

## IV. PLAINTIFF DOES NOT HAVE STANDING TO
## ASSERT OTHER INDIVIDUALS' CLAIMS

In several parts of Plaintiff's complaint, she asserts violations and alleged injuries on behalf of other individuals. *See* Compl. ¶¶ 42, 43, 49, 54, 55, 57, 65, 133, 134, 144, 145, 147, 150-159. Simply put, Plaintiff has no standing to bring these claims because, even if true, she cannot be compensated for any alleged injuries to these other individuals. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (plaintiff must show that he has suffered an injury in fact–an invasion of a legally protected interest which is concrete and particularized)). In this case, Plaintiff's complaint contains claims that other individuals' rights have been violated or that they have been injured. However, these individuals' alleged injuries cannot be addressed by the Court in this case.[12] *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982) (the alleged concrete injury must be "likely to be redressed by a favorable decision" of the court hearing the matter)). Accordingly, Plaintiff's claims on behalf of these other individuals must be dismissed.[13]

---

[12] In fact, according to Plaintiff's complaint, these individuals have brought their own actions and are represented by counsel. *See* Compl. ¶¶ 40, 120, 151.

[13] Additionally, Defendants move to strike these allegations pursuant to Fed. R. Civ. P. 12(f), if the complaint is not dismissed.

## V.  PLAINTIFF HAS FAILED TO STATE A CLAIM
## UPON WHICH RELIEF CAN BE GRANTED

### A.  Standard of Review

A complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure for failure to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v.*

*Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (May 21, 2007) (clarifying the traditional

12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  When

evaluating a motion to dismiss for failure to state a claim upon which relief can be

granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must treat the complaint's factual

allegations as true and must grant the plaintiff the benefit of all inferences that can be

derived from the facts alleged." *Sparrow v. United Air Lines, Inc*., 216 F.3d 1111, 1113

(D.C. Cir. 2000) (internal quotation marks and citations omitted).  However, the Court

need not accept "inferences drawn by the plaintiff if such inferences are unsupported by

the facts set out in the complaint, nor legal conclusions cast in the form of factual

allegations." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (internal quotation

marks and citations omitted).  To survive a motion to dismiss, the factual allegations in

the complaint "must be enough to raise a right to relief above the speculative level." *Bell*

*Atl*., 127 S.Ct. at 1965.

14

**B.  Plaintiff Has Failed to State a Claim**
**For Relief Under 42 U.S.C. § 1985**

Title 42 United States Code, Section 1985 provides for a cause of action against

individuals who engage in a conspiracy to interfere with civil rights.  Plaintiff alleges

violations of all three subsections of this statute.  However, Plaintiff has failed to allege

any facts that support a cause of action under any of the provisions of 42 U.S.C. § 1985.

### 1.  42 U.S.C. § 1985(1)

Title 42, United States Code, Section 1985(1) provides that:

> If two or more persons in any State or Territory conspire to prevent, by
> force, intimidation, or threat, any person from accepting or holding any
> office, trust, or place of confidence under the United States, or from
> discharging any duties thereof; or to induce by like means any officer of the
> United States to leave any State, district, or place, where his duties as an
> officer are required to be performed, or to injure him in his person or
> property on account of his lawful discharge of the duties of his office, or
> while engaged in the lawful discharge thereof, or to injure his property so as
> to molest, interrupt, hinder, or impede him in the discharge of his official
> duties;

Section 1985(1) applies to federal officials in the performance of their duties.

"To state a cause of action under § 1985(1), a plaintiff must allege and prove a

conspiracy (1) to prevent any person by force, intimidation or threat from holding public

office or (2) injure him in his person or property on account of his lawful discharge of the

duties of his office, or while engaged in the lawful discharge thereof."  *Pope v. Bond*, 641

F.Supp 489 (D.D.C. 1986).  The elements of a civil conspiracy consist of:  "(1) an

agreement between two or more persons; (2) to participate in an unlawful act, or a lawful

15

act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement: (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Plaintiff must allege a "meeting of the minds" as to some improper purpose, as it is an essential element of a conspiracy claim under Section 1985. *See Graves v. United States*, 961 F.Supp. 314, 320 (D.D.C. 1997). A plaintiff must also allege a causal connection between the overt act(s) taken in furtherance of the conspiracy and the alleged injury. *See Id.* at 321.

Plaintiff was an independent contractor not a federal official. Moreover, even assuming *arguendo* that she was a federal official, Plaintiff fails to allege any facts to suggest a conspiracy and, instead, makes averments based upon "information and belief." *See* Compl. ¶¶ 23, 24, 25, 26, 56, 58, 85, 86, 94, 95, 102, 106, 109, 112, 114, 120, 121. Without more, Plaintiff's claims are purely speculative and conclusory. She constantly alleges a conspiracy, but provides no details as to which Defendants formed an agreement, when the agreement was made, what the agreement entailed, or what acts each Defendant may have taken in furtherance of the agreement. Accordingly, this claim should be dismissed.

## 2. 42 U.S.C. § 1985(2)

In a similar vein, the language of 42 U.S.C. § 1985(2) is inapplicable to the facts as alleged by Plaintiff in her complaint, because this section applies to federal judicial

proceedings.  Plaintiff contends that Defendants engaged in a conspiracy to either deter Plaintiff from being a witness in or to retaliate against her for testifying in an administrative proceeding.[14] However, the first clause of this subsection prohibits a conspiracy to deter a party or witness in a *federal court* from attending or testifying in court, punishing parties or witnesses for having attended or testified in federal court or influencing or punishing federal jurors.  Section 1985(2) does not apply to testimony given at an administrative hearing.  *See Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758 (5th Cir. 1987); *Morast v. Lance*, 807 F.2d 926, 930 (11th Cir 1987); *Graves v. United States*, 961 F. Supp. 314, 319 (D.D.C. 1997).

Additionally, even assuming *arguendo* that an administrative proceeding were considered a federal proceeding, as a nonparty to the proceeding, Plaintiff does not have standing to bring a claim under section 1985(2), because only a party to the federal proceeding has standing.  *Rylewicz v. Beaton Servs., Ltd.*, 888 F.2d 1175, 1180 (7th Cir. 1989) (witness whose testimony defendants allegedly attempted to influence, but who was not himself a party to the action, did not have standing to bring suit); *David v. United States*, 820 F.2d 1038, 1040 (9th Cir. 1987) (since plaintiff was not a party to the actions in which she was intimidated, she can show no injury under § 1985(2)); *but see Sheffernan v. Hunter*, 189 F.3d 405 (3d Cir. 1999) (holding that a witness or juror may be

---

[14] According to her complaint, these administrative proceedings were before the EEOC or the MSPB.  *See* Compl. ¶¶ 122, 124.

a "party" entitled to maintain an action under § 1985(2)); *Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994) (holding that witnesses have standing under § 1985(2)).

Finally, the second clause of  § 1985(2), provides for a cause of action against "two or more persons" who "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ."  This clause is also inapplicable to the facts alleged in the complaint because it applies to conspiracies to obstruct the course of justice in state courts.  *See Kush v. Rutledge*, 460 U.S. 719 (1983).  Thus, Plaintiff has failed to state a claim against Defendants under Section 1985(2), and these claims should be dismissed.

### 3.  <u>42 U.S.C. § 1985(3)</u>

To state a claim under 42 U.S.C. § 1985(3), Plaintiff must allege the existence of: (1) a conspiracy; (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right of privilege.  *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971) (section 1983(3) was not intended to provide a federal remedy for "all tortious, conspiratorial interferences with the rights of others.")).  Plaintiff must also have alleged that there was

18

some racial or class based invidiously discriminatory animus behind the conspirator's

actions. *Id*. at 101-02. "This requirement is to be read narrowly to avoid converting

Section 1985 into general federal tort law." *Bush v. Butler*, 521 F.Supp.2d 63 (D.D.C.

2007) (quoting *McCreary v. Heath*, 2005 WL 3276257, at * 5 (D.D.C. Sept. 26, 2005)).

Instead, Plaintiff's complaint contains only conclusory allegations that there was a

mass conspiracy involving thirteen federal employees.  To survive a motion to dismiss, a

plaintiff must set forth more than conclusory allegations of an agreement. *See Brady v.

Livingood*, 360 F.Supp.2d at 104 (*citing Graves v. United States*, 961 F.Supp. 314, 321

(D.D.C. 1997) (dismissing claim where plaintiff merely alleged that his former employer

"colluded" with the Department of Education to keep him underemployed, without

putting forth "any facts showing the existence or establishment of an agreement"); *Estate

of Phillips v. District of Columbia*, 257 F.Supp.2d 69, 83 (D.D.C. 2003), *rev'd in part on

other grounds*, 455 F.3d 397 (D.C. Cir. 2006) (dismissing conspiracy claim where

plaintiffs failed to specify how the defendants "acted in concert").  Furthermore, the

complaint merely parrots the statute by stating that "[D]efendants possessed the necessary

class-based invidiously discriminatory animus," but fails to identify the class to which the

discriminatory animus applies.[15]  *See* Compl. ¶ 197.

Finally, an alleged conspiracy to infringe First Amendment rights is not a violation

_____

[15] In fact, the 34-page complaint fails to allege Plaintiff's race, color, national
origin, or any other class to which might Plaintiff belong.

19

of § 1985(3), unless the State is involved in the conspiracy or the aim of the conspiracy is to influence the activity of the State. *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825 (1983). Plaintiff's complaint fails to allege any such involvement. For these reasons, Plaintiff has failed to state any claims against Defendants under 42 U.S.C. § 1985(3), for which relief can be granted. Accordingly, these claims should be dismissed.

### C.  **Plaintiff's Claims are Barred By the Doctrine of Incorporate Conspiracy**

In any event, Plaintiff's claims under 1985 are barred by the incorporate conspiracy doctrine, which holds that two or more individuals within the same legal entity cannot form a legal conspiracy. *See Michelin v. Jenkins*, 704 F. Supp. 1 (D.D.C. 1989) (finding that Board of Education and its officials comprise a single entity and are thus not capable of entering into a conspiracy under § 1985).

### VI.  **PLAINTIFF HAS FAILED TO ALLEGE CONSTITUTIONAL VIOLATIONS**

For the reasons set forth herein, there is no need for the court to reach the merits of Plaintiff's argument that Defendants' actions somehow violated her constitutional rights. Nevertheless, even if the Court were to address any implied claims, it is clear that they are meritless.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that federal officials can be held liable in their individual capacities for violations of an individual's constitutional rights. However, the

Court must first determine whether "[T]aken in the light most favorable to the party asserting the injury, the facts alleged show the [official's] conduct violated a constitutional right?" *Barham v. Ramsey*, 434 F.3d 565, 572 (D.C. Cir. 2006) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

In this case, the complaint generally alleges that Defendants deprived Plaintiff of rights secured by the "First, Fourth, and Fifth Amendments to the United States Constitution." *See* Complaint, ¶ 1.   Plaintiff does not articulate the precise theory under which these Defendants might have committed some of these constitutional violations, and in certain instances, despite the most liberal of interpretations, the complaint is devoid of any facts that suggest constitutional violations.

A.   **First Amendment Claim**

To prevail on a First Amendment retaliation claim, a plaintiff must show that "(1) he [or she] has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his [or her] exercise of that right; and (3) defendants' actions effectively chilled the exercise of his [or her] First Amendment right." *Hatfill v. Ashcroft*, 404 F.Supp.2d 104, 118 (D.D.C. 2005) (quoting *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)).   To assess whether harassment for exercising the right of free speech is actionable, the inquiry must focus on "whether the harassment is [likely] 'to deter a person of ordinary firmness from that exercise.'" *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 585 (D.C. Cir. 2002) (quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996)).   "Where a party can show no change in his behavior, he has

quite plainly shown no chilling of his First Amendment right to free speech." *Curley v. Vill. of Suffern*, 268 F.3d at 73 (citing *Singer v. Fulton County Sheriff*, 63 F.3d 220, 120 (2d Cir. 1995) (finding no chilling effect where, after an arrest, the plaintiff continued to publish his newspaper through which he criticized the village government); *Spear v. Town of W. Hartford*, 954 F.2d 63, 67 (2d Cir. 1992) (finding no chilling effect where, after the filing of a lawsuit claiming retaliation for its editorial criticizing police handling of anti-abortion demonstrators, the plaintiff continued to write criticizing editorials in the same manner as before the lawsuit)).

Plaintiff alleges that her services were terminated in retaliation for her expected testimony in an administrative hearing.[16] Compl. ¶ 165-166.  She claims that this action violated her First Amendment right to protected speech.  However, Plaintiff concedes that her termination did not deter her from exercising her right of free speech.  In fact, Plaintiff avers that after being told that her contract was being terminated, she "stated to Defendants Jones and Fitzgerald that she is still going to contact Hefferman's attorneys." Compl. ¶ 110(f).

Plaintiff also alleges that her First Amendment rights were violated by false statements made by Defendants. Compl. ¶¶ 121, 124, 186.[17]  Yet, Plaintiff fails to allege

---

[16] Plaintiff avers that she was a witness in two administrative matters.  Compl. ¶¶ 62-63, 119, 121-122.

[17] Plaintiff contends that all thirteen defendants conspired to create a letter containing false information.  Compl. ¶ 121.

that she was in any way deterred from exercising her rights subsequent to these alleged false statements.  Accordingly, Plaintiff having failed to allege that her First Amendment rights were actually chilled, she has failed to state a claim for which relief can be granted, and such claim should be dismissed.

### B.     Fourth Amendment Claim

Plaintiff alleges that Defendants violated her constitutional rights under the Fourth Amendment.  Compl. ¶ 1.  To support this general allegation, Plaintiff alleges that she was served with an "unconstitutional summons to appear at a deposition in Washington, D.C."  Compl. at ¶ 200.  However, it is unclear how the issuance of a summons or a subpoena for a deposition could violate the Fourth Amendment which proscribes unreasonable searches and seizures.  Moreover, there are no dates or facts which connect this conduct to any  Defendant nor does Plaintiff indicate that she was injured by such conduct.[18]  Based upon these facts, Plaintiff has failed to allege a constitutional violation under the Fourth Amendment.

### C.     Fifth Amendment Claim

Plaintiff also alleges a violation of her constitutional rights under the Fifth Amendment.  *See* Compl. ¶ 1.  Plaintiff asserts that Defendants conspired to deprive her "of property interest in her job and good reputation."  Compl. ¶ 112.  She alleges that

---

[18] In fact, Plaintiff does not even allege that she appeared for the deposition or was in any way injured by the issuance of this summons.

"Defendants' [sic] acted in concert to denied [sic] the plaintiff her due process rights."
Id. at ¶ 203.

However, "[P]roperty interests, of course, are not created by the Constitution.
Rather, they are created and their dimensions are defined by existing rules or
understandings that stem from an independent source such as state law rules or
understandings that secure certain benefits and that support claims of entitlement to those
benefits." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *see also Mathews v.
Eldridge*, 424 U.S. 319 (1976) (holding that recipient of social security disability benefits
not entitled to evidentiary hearing under the Fifth Amendment prior to termination of
benefits); *Bishop v. Wood*, 426 U.S. 341 (1976) (holding that employment-at-will is not
"property" for purposes of Due Process Clause under the Fourteenth Amendment)).   In
this case, Plaintiff was an independent contractor and she had a right to appeal any
alleged breach of contract to the Court of Federal Claims or the Board of Contract
Appeals.   *See* 41 U.S.C. §§ 605-609; 48 C.F.R. pts. 33.211(a)(4)(v) and 33.211(g) (2008).
 If she has failed to avail herself of the process that was due her, she cannot now allege a
deprivation of the Due Process Clause.   Moreover, any alleged injury to her reputation is
not a "liberty" interest recoverable in a *Bivens* action.   *See Siegert v. Gilley*, 500 U.S. 226
(1991); *see also Paul v. Davis*, 424 U.S. 693 (1976) (holding that injury to reputation by

itself was not a "liberty" interest protected under the 14th Amendment)).[19]  Accordingly,

having failed to allege a viable constitutional claim under the Fifth Amendment,

Plaintiff's claim should be dismissed.

### D.  Special Factors Counsel Hesitation

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403

U.S. 388 (1971), the Supreme Court held that federal officials can be held liable in their

individual capacities for violations of an individual's constitutional rights. The Court

implied a cause of action for damages from the Fourth Amendment.  Subsequently, the

Supreme Court extended the *Bivens* rationale in *Davis v. Passman*, 442 U.S. 228 (1979)

(implied cause of action under the Due Process Clause of the Fifth Amendment), and

*Carlson v. Green*, 446 U.S. 14 (1980) (deceased prisoner's Eighth Amendment rights

violated by prison officials)).  In each of these cases, as in *Bivens*, the Court found that

there were no "special factors counseling hesitation in the absence of affirmative action

by Congress," no explicit statutory prohibition against the relief sought, and no exclusive

statutory alternative remedy.  *See Davis v. Passman*, 422 U.S. at 246-247; *Carlson v.*

*Green*, 446 U.S. at 18-20.

However, in *Bush v. Lucas*, 462 U.S. 367, 389 (1983), the Supreme Court refused

to recognize a former Federal employee's damages action under the First Amendment,

---

[19] The Supreme Court recently held that there is also no Fifth Amendment right to
be free from retaliation. *See Wilkie v. Robbins*, __U.S. __, 127 S.Ct. 2588 (2007).

noting that Congress was better positioned than the courts to weigh the competing policy imperatives involved in creating remedies for aggrieved employees.  Moreover, since deciding the earlier cases, the Supreme Court has "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts."  *Schweiker v. Chilicky*, 487 U.S. 412, 421, 423 (1988) (refusing to create a *Bivens* remedy for a plaintiff whose Social Security disability payments were allegedly improperly denied as a result of due process violations in administration of the program); *United States v. Stanley*, 483 U.S. 669, 681 (1987) (disallowing *Bivens* actions by military personnel "whenever the injury arises out of activity 'incident to service'"); *Chappell v. Wallace*, 462 U.S. 296 (1983) (refusing to create a *Bivens* action for enlisted military personnel who alleged that they had been injured by the unconstitutional actions of their superior officers, despite the fact that they had no other remedy)).  As the Supreme Court has recognized, "[T]he absence of statutory relief for a constitutional violation, . . . . . does not by any means necessarily imply that courts should award money damages against the officers responsible for the violation."  *Schweiker v. Chilicky*, 487 U.S. at 421-22.

The Court in *Schweiker* determined that it would not create a *Bivens* remedy where the design of the Social Security program suggested that Congress had provided what it considered adequate remedial mechanisms for constitutional violations that might occur in the administration of the program.  *Id.* at 424-25.  In this case, Plaintiff has shown, by filing separate Privacy Act and Title VII actions, that her First Amendment and Fifth

Amendment claims, if viable, can be redressed under two comprehensive legislative schemes that provide meaningful remedies for the violations alleged in her complaint.[20] Following this reasoning, courts have denied *Bivens* remedies in cases involving claims such as those Plaintiff alleges here. *See Bush v. Lucas,* 462 U.S. 367*; Spagnola v. Mathis,* 859 F.2d 223, 228 (D.C.Cir. 1988) (Title VII)*; Hatfill v. Ashcroft*, 404 F.Supp.2d 104 (Privacy Act).

Accordingly, because there exists no arguable legal bases for Plaintiff's claims for compensatory damages or any other relief against Defendants, these claims should be dismissed.

## VII.  DEFENDANTS ARE ENTITLED TO IMMUNITY

In any event, Defendants, as federal officials, are entitled to qualified immunity with respect to any claims for civil damages that Plaintiff may be seeking to assert against them in their individual capacities.  "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An official protected by qualified immunity enjoys "immunity from suit rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity protects not

---

[20]  *See* Def. Exhs. O, P.  Plaintiff has also indicated an intent to file an action in the Court of Claims.  *See* Complaint Cover Sheet.

only against liability, but from trial and even from discovery. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (explaining that qualified immunity protects officials from "expensive and time consuming preparation to defend the suit on its merits" and from "not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Therefore, immunity should be determined at the earliest stages of litigation. *Harlow v. Fitzgerald*, 457 U.S. at 818; *see also Crawford-El v. Britton*, 523 U.S. at 598 ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery.").

If the Court finds that Plaintiff has alleged sufficient facts to show the violation of a constitutional right, the Court must then ask whether the right was clearly established. *Saucier v. Katz*, 533 U.S. at 201. Plaintiff cannot overcome the qualified immunity defense simply by alleging abstract rights and bare allegations are insufficient to defeat qualified immunity. *See Anderson v. Creighton*, 483 U.S. 635 (1987); *see also Crawford-El v. Britton*, 523 U.S. 574 (1998).

## Conclusion

For the foregoing reasons, the complaint and all claims therein should be dismissed against all Defendants.

    /s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122

28

Assistant United States Attorney

  /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that copies of the foregoing Defendants' Motion To Dismiss,

Memorandum in Support, Exhibits, and proposed Order were mailed on this 14th day of

April, 2008, postage pre-paid, to Plaintiff *pro se* at the following address:

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403

_____/s/_____<br>
JUDITH A. KIDWELL<br>
ASSISTANT U.S. ATTORNEY

30

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

_____
                                        )
EDAR ROGLER,                            )
                                        )
              Plaintiff *pro se*,       )
                                        )
       v.                               )       Civil Action No. 07-2308 (RMC)
                                        )
WILLIAM BIGLOW, *et al.*,               )
                                        )
              Defendants.               )
_____)__

## ORDER

UPON CONSIDERATION OF Defendants' Motion to Dismiss, any Opposition

thereto, and the entire record herein, it is this _____ day of April, 2008,

**ORDERED** that Defendants' motion is **GRANTED**; and it is

**FURTHER ORDERED** that the complaint and all claims against Defendants are

dismissed with prejudice.

                         _____
                         UNITED STATES DISTRICT JUDGE


Copies to:

Defendants' Counsel by ECF

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403