

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDAR ROGLER**<br>Plaintiff *pro se*<br>v.<br><br>**WILLIAM BIGLOW, et al.**<br>Defendants. | :<br><br>:<br><br>:    Hon. Judge Rosemary M. Collyer<br><br>CASE NO. 1:07-cv-02308 |

_____oOo_____

### Plaintiff's REPLY TO DEFENDANT'S RESPONSE (Paper No. 9) TO MOTION FOR RECONSIDERATION OF PAPERLESS ORDER (DOC. No. 6) AND MOTION FOR ORDER TO MEET AND CONFER

Plaintiff *pro se*, Edar Rogler hereby respectfully submits her reply to defendant's opposition (Paper No. 9) to her motion for the Court to reconsider its PAPERLESS ORDER (Doc. No. 6) and to order the parties to meet and confer for the following reasons:

Defendant admits that the Defendants' motion to enlarge time is based on an inaccurate calculation of the Defendant's time to answer or otherwise respond to the Plaintiff's COMPLAINT. Defendant admits that Plaintiff's servers served the first batch of summons and complaints on some the Defendants on or about March 26, 2008 and the green cards for service on the United States Attorney and Attorney General had not yet been returned to the Plaintiff's server at the time Defendant filed its motion for enlargement of time. Defendants do not refute that the Defendants' time to answer or otherwise respond to the Plaintiff's COMPLAINT does not begin to run until the Defendants each respectively receive their formal service of process, which for some began on March 26, 2008. Defendant does not deny that Fed. R. Civ. P., Rule 12(a)(3)(B) should apply to the Defendants. If Plaintiff is correct then Defendants who were served on March 26th, 2008 should be answering or otherwise responding to Plaintiff's COMPLAINT "within 60 days after service." Defendant states that said Defendants "time to respond has not yet run." So why would the Defendant use the Court's and Plaintiff's time to ask for an enlargement of time to answer or otherwise respond to the Plaintiff's complaint, which actually drastically shortens the Defendant's time?

RECEIVED

APR 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Certainly the Court has an obligated to the Defendants to note that their time is being shortened instead of enlarged. Plaintiff was acting in good faith thinking that the Defendants' counsel having been ill miscalculated her time to answer or otherwise respond to the complaint. If Defendants' counsel wishes to have her clients speed up their meetings with her, she does not need to involve the Court and Plaintiff in her manner and methods of encouraging her clients to accelerate their involvement in this case. Plaintiff asserts that in good faith she filed her motion. If the Defendants wish to file a motion to dismiss they can do so at any time before their 60 days expire and do not need an order from the Court that actually shortens their time. Plaintiff merely believes that the Court would want the court's orders to accurately reflect the Fed. R. Civ. P. and would not wish to be involved with miscalculations or any possible misrepresentations.

Secondly, the Plaintiff would like to meet and confer with opposing counsel, however in view of the Defendants' response Plaintiff is unsure if such a meeting would be productive.

**WHEREFORE,** Plaintiff respectfully prays for an order vacating PAPERLESS ORDER (Doc. 6) granting Defendant's motion to extend time (Doc. No. 5), because it appears to the Plaintiff to shorten the Defendant's time based upon miscalculations and for an order granting that the parties should meet and confer within the next thirty (30) days.

Respectfully submitted by:

DATED: April 12, 2008

_[signature]_
EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270
edar_rogler@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 12th, 2008 mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

_[signature]_
EDAR ROGLER, Plaintiff *pro se*