

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER                                    :
**Plaintiff** *pro se*

v.                                             :    CASE NO.  1:07-cv-02308
                                                    Hon. Judge Rosemary M. Collyer

WILLIAM BIGLOW, et al.                         :
Defendants.

_____oOo_____

## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
## PURSUANT TO RULE 4(m) TO EFFECTUATE SERVICE ON
## DEFENDANTS WILLIAM BIGLOW, DEBORAH BRITTON AND NYNA KONISHI

Plaintiff *pro se,* Edar Rogler, hereby submits motion for enlargement of time pursuant to Fed.

R. Civ. P., Rule 4(m) to effectuate service of process on Defendants William Biglow, Deborah

Britton and Nyna Konishi for the following reasons:

1.  Plaintiff filed the instant civil cause of action previously and had difficulty effectuating

service on all the defendants.  Some defendants would be warned by their secretaries or security

and would leave out back doors and/or out of their offices before they could be served with the

summons and complaint and evaded service of process.  Plaintiff and Defendants agreed that

Plaintiff could dismiss her complaint.  Plaintiff's complaint was dismissed according to Rule 41.

2.  All Defendants have been served in strict compliance with Fed. R. Civ. P. Rule 4, but for

Defendants William Biglow, Deborah Britton, and Nyna Konishi.  Nyna Konishi and Deborah

Britton's receptionist accepted the summons and complaints for them on April 14, 2008.  See

declarations of Michelle Worthy.  A federal employee stated that she was authorized to accept

the summons and complaint for William Biglow.  See declaration of Michelle Worthy.

On December 21, 2007 Plaintiff filed her Complaint, Paper no. 1.

**RECEIVED**

APR 1 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. On January 2, 2008 Plaintiff initiated the waiver procedure on all defendants and understood that she was not to attempt serving the defendants for thirty days. None of the defendants used the waiver procedure.

5. On Febuary 15, 2008 Plaintiff entered into an engagement agreement with Attorney Irving Kator and KATOR, PARKS & WEISER, P.L.L.C. to represent her in the instant matter. See CONTINGENCY RETAINER AGREEMENT, Exhibit "1". However Plaintiff noticed in the public electronic docket that the law firm did not and has not enter their appearance or served any summons and complaints.

6. Plaintiff has been diligently trying to serve all defendants.

7. Plaintiff believes that Defendants Konishi and Britton might be evading service of process.

WHEREFORE, Plaintiff respectfully moves to substitute service by leaving the summons and complaint at the remaining defendants' places of work and/or service by regular mail and for an enlargement of time to serve the remaining defendants.

Respectfully submitted by:

DATED:   April 14, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland  21403
(410) 280-9270

## CERTIFICATE OF SERVICE

I hereby certify that on April 14th, 2008 I emailed and mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia  20530.

EDAR ROGLER, Plaintiff *pro se*

2

## CONTINGENCY RETAINER AGREEMENT

1.  I, Edar Rogler, 915 Boucher Avenue, Annapolis, Maryland 21403 (410-280-9270), hereby retain the law firm of KATOR, PARKS & WEISER, P.L.L.C., 1200 18th Street, N.W., Suite 1000, Washington, D.C. 20036, to represent me in the U.S. District Courts in the District of Columbia and in the District of Maryland in actions which I have filed in those courts

2.  As I am unable to pay for legal services, the Firm has agreed to represent me on a contingency basis. Accordingly, I agree to pay the firm 33 1/3 percent of any monetary recovery I receive as a result of the litigation I have filed, or otherwise, from the Department of Health and Human Services related to the claims I have set out in my civil complaint or alternatively, the amount of attorneys fees incurred by all attorneys working on the case in accordance with the hourly rates set out in this agreement, whichever is greater. If there is no monetary recovery I understand I will not owe the firm for their work in representing me except I will be liable to pay expenses as set out in Paragraph 3 below.

3.  I agree to pay all necessary expenses incurred in carrying out the above legal representation, including necessary filing fees, travel and related expenses, services of experts, photocopying, messengers, postage, long distance telephone calls, and transcript costs, as may be necessary and appropriate. If it is deemed necessary to take depositions in the case, the estimated cost of recording and transcription, as stated by the law firm, shall be paid by me in advance of the deposition. I may request the firm to defer my payment of these expenses until the conclusion of this matter but such deferment will be at the option of the firm.

4.  If it becomes desirable to pursue this matter in any forum other than those noted in paragraph 1, I will enter into a new retainer agreement with the law firm, but the terms of this agreement will govern until a new agreement is executed. It is understood that the law firm has no obligation, however, to represent me beyond what is described in paragraph 1.

5.  If the resolution of this matter is favorable and there are fee-shifting statutes applicable under which I may seek an award of attorneys' fees and expenses, the firm will undertake to seek such an award on my behalf. I understand that such action shall not serve to postpone or otherwise limit my obligation to pay to the firm the fees and expenses owed under the terms of this agreement. Moreover, if only partial fee and cost reimbursement is obtained, I understand that I shall continue to be responsible for the balance billed and owed by me in accordance with paragraph 2 above.

6.  I understand the law firm will represent me to the best of its ability. I understand further, however, that risk is inherent in any legal proceeding and the law firm cannot provide me assurance of a successful outcome to my matter.

7.  I understand that the firm may withdraw from representing me if: (1) the firm determines that I have misrepresented or concealed facts during the firm's representation of me; (2) I fail to honor the financial obligations set forth in this agreement; (3) I fail to cooperate fully

Exhibit "1"

in the conduct of the matter; or (4) the firm is required or authorized by law to withdraw from the case. In the event of withdrawal by the firm, I understand that the firm will assist to a reasonable extent in locating substitute counsel and will take whatever action is necessary and appropriate to preserve my right to pursue my claims and I understand further that under these circumstances, I remain liable to the firm for all hourly fees and expenses incurred in accordance with paragraphs 2 and 3 above.

8. I further understand that I may discharge the firm or direct the firm to dismiss the case, at any time. If I receive a settlement or judgment after I discharge the firm, I understand I remain obligated to pay the firm in accordance with paragraphs 3 and 4 above.

9. I understand and agree that this retainer agreement will be interpreted and enforced in accordance with the laws of the District of Columbia.

Date: 02/15/08

Edgar Rogler

Accepted by:

IRVING KATOR
KATOR, PARKS, & WEISER, P.L.L.C.

Date: 2/15/08