IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
**Plaintiff** *pro se*,

v.  :  CASE NO. 1:07-cv-02308(RMC)

**WILLIAM BIGLOW, et al**
**Defendants.**

_____oOo_____

**PLAINTIFF'S AMENDED MOTION and AMENDED MEMORANDUM OF LAW
FOR TRANSFER TO THE UNITED STATES DISTRICT COURT OF MARYLAND and
<u>MOTION TO SHORTEN DEFENDANTS' TIME TO OPPOSE</u>
[28 U.S.C. §1404(a) and §1406(a)]**

Plaintiff *pro se*, Edar Rogler, hereby submits her motion pursuant to 28 U.S.C. §1404(a) and §1406(a) to transfer the instant case to the United States District Court of Maryland and to shorten the Defendants' time to oppose to enable the Court to reach a decision before May 7, 2008. In support of which she submits her following memorandum of law.

**LEGAL STANDARD**

The Court has the power under 28 U.S.C. §1404(a) and §1406(a) to transfer the instant case to the U.S. District of Maryland. In *Rosales v. U.S.*, 477 F.Supp. 2d 213, 215 (D.D.C. 2007) the Court ruled:

> Under 28 U.S.C. § 1404(a), a district court may transfer venue when two requirements are met: (1) the proposed transferee district is one in which the action might have been brought originally; and (2) the court decides, in the exercise of its discretion, that the transfer is warranted. See *DeLoach v. Philip Morris Cos.*, 132 F. Supp. 2d 22, 24-25 (D.D.C. 2000). In deciding whether transfer is warranted, courts should consider the convenience of the parties and witnesses, as well as the "interests of justice." See 28 U.S.C. § 1404(a). The Court has "broad discretion" to order transfer under this standard. *In re Scott*, 228 U.S. App. D.C. 278, 709 F.2d 717, 720 (D.C. Cir. 1983). It is the party seeking transfer of venue that bears the burden of establishing that the relevant factors favor transfer. See *Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991).

RECEIVED
APR 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Additionally the Court has the power under 28 U.S.C. §1406(a) to transfer the instant case to the U.S. District Court for the District of Maryland. In *Schutter v. Herskowitz*, 2007 U.S. Dist. LEXIS 48152, *19-*20 (Civil Action no. 06-1846 (RMC)(D.D.C. July 5, 2007) the Court opined:

> There are two statutory provisions allowing district courts to transfer venue: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). The former Section governs the transfer of so-called "convenience" cases--that is, cases in which venue is proper in the original court but the court decides that transfer is warranted for the "convenience of the parties and witnesses." The latter Section controls in cases where venue is improper in the original court but, rather than dismissing the action, the court decides to transfer to a district in which venue is proper. Despite its lack of personal jurisdiction, this Court may transfer venue under either Section 1404(a) or Section 1406(a). *See In re Vitamins Antitrust Litig.*, 270 F. Supp. 2d 15, 37 (D.D.C. 2003).
>
> On the current record, the Court concludes that transfer to the Eastern District of Pennsylvania is warranted under either Section 1404(a) or Section 1406(a). Under Section 1404(a), [*20] a court may transfer venue when two requirements are met: (1) the proposed transferee district is one in which the action might have been brought originally; and (2) the court decides, in the exercise of its discretion, that the transfer is warranted. *See DeLoach v. Phillip Morris Cos.*, 132 F. Supp. 2d 22, 24-25 (D.D.C. 2000). In deciding whether transfer is warranted, courts should consider the convenience of the parties and witnesses, as well as the "interests of justice." *See* 28 U.S.C. § 1404(a). Similarly, under Section 1406(a), a court may transfer venue when it is in "the interest of justice." That decision is within the district court's discretion. *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 120 (D.D.C. 2003). Generally, the interests of justice favor transfer rather than dismissal. *Id.* Before transferring under Section 1406(a), the court must ensure that "venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum." *Id.*

The Court in exercising its discretion should transfer the instant cause of action to the U.S. District Court of Maryland where the action might have originally been brought and there are relevant factors favoring transfer. The Court has *sua sponte* inherent power to transfer the instant case without the motions of any parties. Therefore, the Court has power to shorten the Defendants' time to oppose the instant motion to transfer or to *sua sponte* grant the motion to transfer.

## RELEVANT FACTORS FAVORING TRANSFER

Originally the Plaintiff brought this cause of action in Maryland, entitled *Rogler v. Biglow et al*, 1:07-cv-01675(WMN). Her <u>Complaint</u> was filed on June 26, 2007. However she had extreme problems with obtaining service of process over the Defendants. On June 26, 2007 she filed a motion for leave to proceed in *forma pauperis*. Forty-two (42) days later when her motion had not been decided, she withdrew said motion and paid the filing fees. On August 23, 2007 the summons issued. According to servers, some Defendant's secretaries would inform the Defendant that a server was present and a Defendant would leave out the back door or the server would hear security telephoning a Defendant who would then leave his office, etc. On September 25, 2007 Defendants filed a motion for extension of time and stated that the Defendants would be objecting to lack of personal jurisdiction for failure to serve all Defendants. After one hundred twenty-two (122) days the case was dismissed by mutual agreement between the parties. (Meanwhile the Plaintiff's Title VII case, entitled *Rogler v. Leavitt*, 1:07-cv-00726(WMN) was dismissed for lack of jurisdiction.)

Attorney Irving Kator of KATOR, PARKS & WEISER indicated a future willingness to represent the Plaintiff and advised her to file her *Bivens* suit in the District of Columbia, which is the instant suit. On February 15, 2008 the Plaintiff and KATOR, PARKS & WEISER entered into an engagement agreement for the law firm to represent Plaintiff in all pending matters. <u>See</u> engagement agreement, Paper no. 22, Exh. 1. Six weeks later after Judge Nickerson telephoned him, Mr. Kator noticed his appearance in the Plaintiff's Title VII case in Maryland. Mr. Kator has not noticed his appearance in the instant matter or in the Privacy Act case according to the Clerk's electronic docket. (The Title VII case dismissal was vacated and the case re-opened.)

Plaintiff had filed her Privacy Act case, entitled, *Rogler v. DHHS*, 1:07-cv-1676(WMN) and moved to proceed in *forma pauperis*. The Court granted Plaintiff IFP status and ordered the Clerk to

3

effectuate service on the Defendant. After two hundred sixty-two (262) days the Court ruled that the Defendant DHHS had not been effectively served. Plaintiff noticed her dismissal. Mr. Kator advised her to file her Privacy Act case in the District of Columbia, said suit is entitled *Rogler v. DHHS*, 1:08-cv-00570(RMC).

In the Title VII case the Defendant Michael Leavitt successfully moved for ADR with a U.S. Magistrate. Judge Nickerson has ordered ADR with U.S. Magistrate Bredar to occur on May 7, 2008. Plaintiff is ordered to involuntarily participate in ADR, because the Agency wishes to settle her Title VII and Privacy Act suit. U.S. Magistrate Bredar has ordered that a comprehensive settlement letter be submitted to him on or before April 30, 2008. Defendants are insisting to have a global settlement including the instant suit and the Privacy Act case. This will be difficult on Judge Bredar and the Plaintiff. Since Defendants have demanded settlement ADR conference with a U.S. Magistrate and are demanding a global settlement then in the interest of judicial economy and justice the instant case and the Privacy Act case should be transferred to the District Court in Maryland before May 7, 2008 and preferably before April 30, 2008 to enable Judge Bredar to have a comprehensive settlement letter on all issues in all cases.

Plaintiff has now effectively served all defendants, even the ones evading service of process. Plaintiff believes that all of her cases should be consolidated in one venue with one Judge. Plaintiff asserts that it is not fair for the Defendants to be complaining when the majority of this has been caused by some of the Defendants successfully evading service of process in this case and the earlier filed case. All were promptly served with the waiver of service. None agreed to use the waiver process.

Defendants did not file any objection to Plaintiff's designation of related cases pursuant to Rule 405(b)(2) and did not file any notice pursuant to Rule 405(b)(3).

AUSA Judith Kidwell will not discuss anything with the Plaintiff, based upon the existence of an engagement agreement with an attorney. Ms. Kidwell believes it makes no difference that no attorney has entered an appearance in the instant matter. The Court denied the Plaintiff's motion to meet and confer.

WHEREFORE, Plaintiff prays for the Court to *sua sponte* transfer the instant case to Maryland or to shorten the time for the Defendant to respond and to grant the motion to transfer.

DATED: April 24, 2008

Respectfully submitted by:

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008 I mailed postage, pre-paid the above amended motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER, Plaintiff *pro se*