IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EDAR ROGLER  :
Plaintiff *pro se*,

v.  :  CASE NO. 1:07-cv-02308(RMC)

WILLIAM BIGLOW, et al
Defendants.

_____oOo_____

**PLAINTIFF SUPPLEMENTAL AMENDED MOTION FOR TRANSFER TO ADD TRANSFER UNDER 28 U.S.C. §1631**

Plaintiff *pro se*, Edar Rogler, respectfully moves to supplement her amended motion for transfer by adding transferring the instant cause of action to the venue of Maryland pursuant to 28 U.S.C. §1631 should the instant Court determine that it lacks jurisdiction. Section 1631 was enacted to cure lack of personal or subject matter jurisdictional defects and states:

28 USCS § 1631

§ 1631. Transfer to cure want of jurisdiction

Whenever a civil action is filed in a court as defined in section 610 of this title [28 USCS § 610] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed

See *American Beef Packers, Inc. v. ICC*, 711 F.2d 388 (DC Cir. 1983), and *Gower v. Lehman*, 799 F.2d 925 (4th Cir. 1986).

Plaintiff believes that the instant Court has subject matter and personal jurisdiction, because the Defendants acted in concert and conspiracy to bribe, intimidate, and retaliate against Plaintiff from testify in a federal proceeding before the United States Equal Employment Opportunity

1

Commission's Office of Federal Opportunity located in Washington, D.C., which is a prerequisite to filing a civil complaint in federal district court and violates 18 U.S.C. §1512. 18 U.S.C. §1512 statutorily grants venue to the instant Court because this venue is the place of the federal proceeding.

WHEREFORE, Plaintiff does not wish to transfer to the venue of Maryland, however should the Court find that it lacks personal or subject matter jurisdiction, Plaintiff moves for the defect to be cured by transferring the instant matter to Maryland pursuant to o 28 U.S.C. §1631.

Respectfully submitted by:

DATED: April 28, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270
edar_rogler@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008 I mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER