IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER** :
**Plaintiff *pro se*,**

**v.** : **C.A. No. 1:07-cv-02308(RMC)**

**WILLIAM BIGLOW, et al**
**Defendants.**

**...oOo...**

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO EFFECT SERVICE AND TO SUBSTITUTE SERVICE OF PROCESS**

Plaintiff *pro se*, Edar Rogler, hereby submits her reply to Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for an Enlargement of Time to Effect Service and to Substitute Service of Process. Defendant's opposition is Paper no. 29. Plaintiff's motion is Paper no. 22. Plaintiff asserts that the Court should grant her motion for many reasons, including the following:

Plaintiff has filed a *Bivens* lawsuit against the Defendants who are federal officers sued in their individual capacities. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971). Plaintiff additionally has counts under 42 U.S.C. §§1985(1), (2), and (3). Plaintiff personally served all Defendants in strict compliance with Fed. R. Civ. P., Rule 4(i)(2)(B). *See* Affidavit of personal service on Rev. Dominic Ashkar served on 3/26/08, Ann M Berger, M.D. served on 3/26/08, Lawrence Self served on 3/26/08. John I. Gallin, M.D. served on 3/26/08; Walter L. Jones served on 3/26/08, and Hillary Fitilis served on 3/26/08 (Paper no. 8); Affidavit of personal service on Michael Chew served on 4/1/08, and Maureen Gormley served on 4/1/08 (Paper no. 15); Affidavit of personal service on Attorney Julie Lu served on 4/13/08 (Paper

RECEIVED
MAY 2 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

no. 17); Affidavit of personal service on Rev. Owen Ray Fitzgerald on 4/14/08 (Paper no. 18); Affidavit of personal service on Attorney William Biglow on 4/14/08 (Paper no. 21); Affidavit of personal service on Deborah Britton on 4/16/08 and Nyna Konishi on 4/16/08 (Paper no. 24); Affidavit of service on U.S. Attorney General and U.S. Attorney ( Paper no. 15). All thirteen defendants, the U.S. Attorney General and the U.S. Attorney were served within 120 days of the filing of the Complaint (Paper no. 1) on 12/21/2007. April 19, 2008 was the end of the 120-day period. Defendants give no explanation of their erroneous counting of days throughout these proceedings.

Defendants have filed a motion to dismiss (Paper no. 11) including lack of jurisdiction over the person Rule 12(b)(2) and insufficiency of service of process Rule 12(b)(5), however the motion totally fails to address jurisdiction or insufficiency of service of process in any meaningful manner and only attaches affidavits concerning the personal residences of the defendants. The Defendants might be taking the 5th Amendment except for their names and where they reside. Clearly Plaintiff never raised 28 U.S.C. §1391(b)(1) as her source of jurisdiction. Glaringly missing from the Defendants' motion to dismiss is a motion to convert it to summary judgment under Fed. R. Civ. P. Rule 56 and/or a motion to transfer.

Plaintiff's Complaint (Paper no. 1) states that Plaintiff's jurisdiction is provided under 28 U.S.C. §1391(2). *See Mandelkorn v. Patrick*, 359 F.Supp. 692, 695 (D.D.C. 1973). The Defendants' motion to dismiss totally ignores the fact that the federal proceeding entitled *Henry Heffernan v. Michael O. Leavitt*, Secretary D.H.H.S., EEOC petition no. 03A600015 was occurring in the Office of Federal Operations, EEOC, Washington, D.C.. Rev. Heffernan resided at 19 Eye St. N.W., Washington, D.C. and worked at Sibley Memorial

Hospital in Washington, D.C.. Rev. Heffernan's attorneys were located in Washington, D.C.. Plaintiff clearly asserts that she was terminated on January 5, 2006, when Defendants discovered that she had met with Rev. Heffernan's attorneys in Washington, D.C.. On January 4, 2006 Rev. Heffernan gave Defendant Lu official notice that Plaintiff was officially declared a witness in the *Heffernan* matter. Defendants acted in conspiracy to conceal, bribe, intimidate Plaintiff from using interstate communication and/or interstate travel from crossing over into the District of Columbia and reaching Heffernan and/or Heffernan's attorneys and prevent her from giving testimony even by way of affidavit in an appeal being heard at the EEOC OFO all within the District of Columbia. Defendants acted in conspiracy to retaliate against her for coming forward as a witness and testifying truthfully in Washington, District of Columbia. This venue has personal jurisdiction over all Defendants. *See Byrd v. Smith*, 693 F.Supp. 1199 (D.D.C. 1986).

Defendants have not filed motions to quash service of process. Instead the Defendants have chosen to attempt to confuse the Court on counting of days and personal jurisdiction. There are two types of personal jurisdiction that this Court has over the Defendants. In *D'Onofrio v. SFX Sports Group Inc.*, 534 F.Supp. 2d 86 (D.D.C. 2008) the Court opined that:

> There are, of course, two distinct variants of personal jurisdiction: "(1) general, 'all purpose' adjudicatory authority to entertain a suit against a defendant without regard to the claim's relationship *vel non* to the defendant's forum-linked activity, and (2) specific jurisdiction to entertain controversies based on acts of a defendant that touch and concern the forum." *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 81 (D.D.C. 2006) (citing *Steinberg v. International Criminal Police Organization*, 217 U.S. App. D.C. 365, 672 F.2d 927, 928 (D.C. Cir. 1981)). General jurisdiction sets a high bar, requiring a defendant's contacts with a forum to be "continuous and systematic" before forcing a defendant to defend a suit arising out of any subject matter whether or not related to the forum. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Specific jurisdiction, by contrast, requires a lesser showing that nevertheless must satisfy a two-step

inquiry: (1) jurisdiction over the defendant must be authorized by the forum's long-arm statute, here D.C. Code § 13-423; and (2) the exercise of that jurisdiction must satisfy the federal requirement of constitutional due process. See *United States v. Ferrara*, 311 U.S. App. D.C. 421, 54 F.3d 825, 828 (D.C. Cir. 1995).

In relevant part, the D.C. long-arm statute provides:
A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -- 1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

This Court has general personal jurisdiction over the Defendants. The traditional minimum contact analysis of *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) can be demonstrated. See *Altantigas Corp. v. Nisource, Inc.,* 290 F.Supp. 2d 34, 42 (D.D.C. 2003). All Defendants have minimum contact with the District of Columbia. Rev. Dominic Ashkar lives and works in the District of Columbia. Walter Jones used to work for a hospital within the District of Columbia. Hillary Fitilis is licensed to practice law by the District of Columbia Court of Appeals and attended the Washington College of Law at American University within the District of Columbia. Rev. Fitzgerald attends church and other functions within the District of Columbia. Julie Lu and William Biglow residence is considered to be primary place of work for federal defendants. *Franz v. United States*, 591 F. Supp. 374, 377 (D.D.C. 1984), citing *Lamont v. Haig*, 192 U.S. App.D.C. 8, 590 F.2d 1124, 1128 n. 19 (D.C. Cir. 1978). Both Defendants Lu and Biglow work within the District of Columbia. All Defendants frequent the District of Columbia.

The Court also has specific jurisdiction to entertain the instant controversy. *See Burger King v. Rudzeqicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed 2d 528 (1985); *D'Onofrio v. SFX Sports Group, Inc.,* 534 F.Supp. 2d 86 (D.D.C. 2008); *Jin v. Ministry of State Secretary*, 335 F.Supp. 2d 72, 78 (D.D.C. 2004); *Capital Bank Int'l Ltd v. Citigroup, Inc.,* 276 F. Supp. 2d 72 (D.D.C. 2003); and

*Dooley v. United Technologies Corp.*, 786 F.Supp. 65. 78 (D.D.C. 1992)(*citing Hasenfus v. Corporate Air Services*, 700 F.Supp. 58, 62 (D.D.C. 1988)).

Defendants' opposition (Paper no. 29) moves for this Court to stay the Plaintiff's motion (Paper no. 22) until the Court decides the Defendants' motion to dismiss (Paper no. 11). Attached to the Defendants' opposition (Paper no. 29) as Def. Exh. A is Plaintiff's email of March 27, 2008 to AUSA Judith A. Kidwell, wherein Plaintiff requested Defendants join her in moving for a stay until May 14th, 2008. Defendants never responded to the Plaintiff's offer, but are now moving the Court to unfairly provide a stay to the Defendants that would not benefit the Plaintiff. Additionally the Defendants oppose transferring the instant case to the U.S. District Court for the District of Maryland.[1]

Assuming *arguendo* that the Plaintiff has selected an improper venue, this Court has the power and authority pursuant to 28 U.S.C. §1406(a) in the interest of justice to transfer this case to the U.S. District Court for the District of Maryland. Such transfer would cure any defects caused by lack of personal jurisdiction and/or improper venue. *See Sinclair v. Kleindienst*, 711 F.2d 291 (D.C. Cir. 1983). What Plaintiff does not know is whether she has to serve the Defendants all over again with a summons from the District Court of Maryland, if the Court holds that it lacks personal jurisdiction over the Defendants and transfers the matter to Maryland. In Defendants' motion to dismiss at pg. 2-3, Defendants state "this Court cannot exercise jurisdiction over the non-resident Defendants in this manner." However residency is not at issue. According to the doctrine of collateral estoppel, the EEOC has held that Plaintiff was a material and credible witness and that the Agency retaliated against her for being a witness first before the OFO in the District of Columbia.

The relevant question before the Court is how can the Defendants in conspiracy, act in concert to conceal, bribe, intimidate and retaliate against a federal witness to a proceeding at the Office of Federal Operations within the District of Columbia for a resident of the District of Columbia and with attorneys who maintain their offices within the District of Columbia. *See McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031 (Cir. 11 2000). Every witness wishes to arrive at the person's destination unharmed in the same condition as before the person became a witness. Ultimately this Court is the venue of the Plaintiff's destination and is the proper venue.

[1] Plaintiff has been involuntarily ordered to participate in ADR with the U.S. Magistrate in her Title VII suit, because the Agency wishes to settle the instant suit and all matters currently pending before any District Court. ADR is scheduled for May 7, 2008.

Should the Court find any defect in the Plaintiff's service of process over the Defendants, Plaintiff wishes for the Court to grant her an enlargement of time to perfect service of process. However, Plaintiff believes that she has properly served all Defendants.

WHEREFORE, the Plaintiff prays for an enlargement of time to serve any Defendant that the Court deems has not been properly served or in the alternative declare that all Defendants have been properly served.

Respectfully submitted by:

DATED: May 1, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270
edar_rogler@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008 I mailed postage, pre-paid the above reply to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER, Plaintiff