```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )  Civil Action No. 07-2308 (RMC)
                                )
WILLIAM BIGLOW, et al.,         )
                                )
          Defendants.           )
                                )
```

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 1, 6 and 7, and for the reasons set forth in the accompanying memorandum, Defendants move the Court for entry of an order requiring Plaintiff to seek and obtain leave of Court prior to filing any further motions in this proceeding until the Court renders its decision on Defendants' Motion to Dismiss, filed on April 14, 2008, (Docket No. 11), and deferring briefing on Plaintiff's motions.

                                Respectfully submitted,

                                /s/
                                JEFFREY A. TAYLOR, DC Bar #498610
                                United States Attorney

                                /s/
                                RUDOLPH CONTRERAS, DC Bar #434122
                                Assistant United States Attorney

                                /s/
                                Judith A. Kidwell
                                Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER,                      )
                                  )
            Plaintiff,            )
                                  )
     v.                           ) Civil Action No. 07-2308 (RMC)
                                  )
WILLIAM BIGLOW, et al.,           )
                                  )
            Defendants.           )
_____)
```

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**I. Introduction**

Defendants filed their motion to dismiss on April 14, 2008, and the Court ordered Plaintiff to respond to Defendants' motion by May 16, 2008.  However, Plaintiff continues to file motions without ever responding to Defendants' motion to dismiss. In fact, in the brief history of this civil matter, Plaintiff, a pro se litigant, has inundated the Court with reiterative, prolix, and unsubstantiated motions that do little to advance her cause and, instead, mostly waste the respective time and resources of the Court and opposing counsel.[1]  Plaintiff has filed numerous documents that haphazardly intermingle motions with her general opposition to Defendants' Motion to Dismiss (hereinafter "Defendants' dispositive motion").  For example, Plaintiff's

---

[1] Plaintiff had filed two motions prior to the filing of Defendants' motion to dismiss.

recent filings include: 1) an amended motion for transfer and motion to shorten Defendants time to oppose; 2) a supplemental amended motion for transfer to add transfer under 28 U.S.C. § 1631; 3) an emergency motion to declare Plaintiff's representation abandoned; 4) an amended motion to transfer case; 5)a motion to transfer case; and 6) a motion for extension of time to effectuate service.  These filings contain unrelenting allegations that Defendants somehow engaged in a mass conspiracy to harm Plaintiff and even accuse Defendants of federal crimes. See Docket Nos. 26, 27, 31, 32, and 34. To respond even to these filings, a nearly undecipherable jumble of requests for relief and random rhetoric, has required and will require a lengthy response from Defendants.  Accordingly, for the reasons set forth below, Defendants move for a protective order requiring Plaintiff to seek and obtain leave of Court prior to filing any additional motions in this proceeding until the Court rules on Defendants' dispositive motion and permitting the Defendants to defer briefing on any motions by Plaintiff until the Court calls for a response to a particular motion.

    Defendants do not make this motion lightly.  They acknowledge that Plaintiff should be given free access to the Court. See, e.g., In re Carl Clovis Green, 598 F.2d 1126, 1127 (8th Cir. 1979) ("It is axiomatic that no petitioner or person

shall ever be denied his right to the processes of the court."). Nevertheless, given Plaintiff's pattern of filing suits in one judicial district, voluntarily dismissing them after some of the same type of numerous filings, and filing almost identical actions in a different judicial district, along with her reiterative motions after Defendants have filed and fully briefed a dispositive motion, there appears to be no end in sight to Plaintiff's filings.  Accordingly, Defendants submit that the interests of judicial economy warrant delaying further briefing in the case on other motions pending resolution of the dispositive motion.  See Fed. R. Civ. P. 1 (indicating that the rules of the Court should be "construed and administered to secure the just, speedy, and inexpensive determination of every action.")

## II. Argument

Federal courts have both the inherent and constitutional obligation to protect their jurisdiction from conduct that impairs its ability to carry out its functions under Article III. See In re Martin Trigona, 737 F.2d 1254, 1261 (2nd Cir. 1984) (affirming in part district court order granting injunction against vexatious pro se litigant).  It is well-settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of

- 4 -

justice.  <u>Urban v. United Nations</u>, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (enjoining <u>pro se</u> litigant from filing any civil action in any federal court of the United States without first obtaining leave of court) (<u>citing</u> <u>In Re Martin-Trigona</u>, 737 F.2d at 1261; <u>In Re Green</u>, 669 F.2d 779, 787 (D.C. Cir. 1981) (ordering district court to enjoin <u>pro se</u> litigant from filing suit without leave of the court); <u>Ruderer v. United States</u>, 462 F.2d 897, 899 (8th Cir.), <u>cert. denied</u>, 409 U.S. 1031 (1972) (enjoining <u>pro se</u> litigant from filing further suits relating to discharge from army)).

Plaintiff's filings illustrate a lack of understanding of the issues that are *relevant* to her complaint.  They are prolix and disorganized; they raise issues that are not material and, most significantly, they do not have merit.[2]  Consequently, an undue amount of the Court's and Defendants' respective time and resources have been unnecessarily expended untangling and responding to them.  Doing so has been especially frustrating because Defendants' dispositive motion, to which Plaintiff has not responded, is pending before the Court.  Plaintiff's filings may likely adversely affect the Court's orderly and expeditious consideration of that motion.  Accordingly, Defendants request

---

[2] One of Plaintiff's most recent filings accuse Defendants of having violated a federal criminal statute,18 U.S.C. § 1512.  <u>See</u> Plaintiff's Amended Motion For Transfer, Docket No. 31.

modest relief that does not unduly prejudice Plaintiff, namely: a deferral of the filing and briefing of motions in the case until the Court has made its decision on Defendants' dispositive motion or unless Plaintiff obtains leave of court and the Court directs a response.

Defendants' motion for protective order is analogous to a protective order barring discovery while a dispositive motion is pending.  It is well-settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the complaint is pending.  <u>See</u>, <u>e.g.</u>, <u>Brennan v. Local Union No. 639, Int'l Brotherhood of Teamsters</u>, 494 F.2d. 1092, 1100 (D.C. Cir. 1974), <u>cert. denied</u>, 429 U.S. 1123 (1977).  <u>See also</u> <u>Maljack Productions, Inc. v. Motion Picture Association of America</u>, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) (discovery appropriately stayed where motion to dismiss is pending).  Thus, in such cases, it is entirely appropriate for the Court to defer discovery until it has made its determination of a preliminary question that may dispose of the claims at hand.  The same rationale applies to Defendants' instant request.

In sum, Defendants' motion for a protective order is intended only to allow the Court to focus on the Defendants' dispositive motion rather than on future vexatious filings by a

pro se litigant.  Accordingly, it is properly granted.  Cf. Clemmons v. U.S. Department of Homeland Security, 2007 WL 2059796 (July 13, 2007) (slip opinion) (granting defendant's motion for protective order imposing filing restrictions against pro se plaintiff such that plaintiff not permitted to file any further motions in case without leave of court.)

### III. Conclusion

For the reasons stated herein, Defendants respectfully request that the Court enter an order requiring Plaintiff to seek and obtain leave of Court prior to filing any additional motions in this proceeding until the Court renders its decision on Defendants' pending Motion to Dismiss and asks that further briefing on such motions as are filed be deferred until resolution of the dispositive motion or until the Court directs Defendants to respond.

        Respectfully submitted,

          /s/
        JEFFREY A. TAYLOR, DC Bar #498610
        United States Attorney

          /s/
        RUDOLPH CONTRERAS, DC Bar #434122
        Assistant United States Attorney

                         /s/
                 _____
                 Judith A. Kidwell
                 Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Defendants' Motion for Protective Order and Memorandum in Support Thereof and a proposed order has been made by mailing copies thereof to:

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403

on this 9th day of May, 2008.

                                /s/
                        Judith A. Kidwell
                        Assistant United States Attorney
                        555 4th Street, N.W.
                        Civil Division
                        Washington, DC  20530
                        (202) 514-7250
                        fax: (202) 514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDAR ROGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-2308 (RMC) |
| | ) |
| WILLIAM BIGLOW, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

UPON CONSIDERATION of Defendants' Motion For Protective Order, for the reasons set forth by Defendants in support thereof, and based upon the entire record herein, it is this ___ day of _____, 2008, hereby

ORDERED that Defendants' Motion For Protective Order be and is hereby granted and it is

FURTHER ORDERED that Plaintiff shall first secure leave of Court to file any future motions in this action and that absent further order from the Court, Defendants' time to respond to any outstanding motions filed by Plaintiff shall be extended until a time after resolution of the pending dispositive motion or until the date the Court directs the Defendants to respond.

_____
UNITED STATES DISTRICT JUDGE

copies to:

Counsel via ECF

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403