IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER                          :
Plaintiff *pro se*,

v.                                   :
                                          C.A. No. 1:07-cv-02308(RMC)
WILLIAM BIGLOW, *et al*
Defendants.                          **RECEIVED**

...oOo...                            MAY 7 – 2008

                                     NANCY MAYER WHITTINGTON, CLERK
                                     U.S. DISTRICT COURT

**.PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TRANSFER CASE TO DISTRICT OF MARYLAND**

Plaintiff *pro se*, Edar Rogler, hereby respectfully submits her reply to Defendants' Memorandum of Points and Authorities in opposition to transfer the case to the United States District Court for the District of Maryland[1] and continues to move for her case to be transferred for the following reasons:

1.) Plaintiff prefers this forum and venue, because the Defendants in conspiracy acted in furtherance of the conspiracy to conceal, bribe, and intimidate her from interstate communication and travel to contact Rev. Henry Heffernan and/or his attorneys and the U.S. Equal Employment Opportunities Commission (EEOC) Office of Federal Operations (OFO) all within the District of Columbia. See EEOC decisions (Paper no. 34, Exhs. 1 & 2) and more on the EEOC website at www.eeoc.gov.

2.) The EEOC held a five-day hearing and took in ten volumes of evidence. Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services (DHHS) took every

---

[1] Defendants misname their response, because Defendants have already filed their MEMORANDUM IN OPPOSITION TO MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE AND SUBSTITUTE SERVICE OF PROCESS (Paper no. 29).

1

possible reconsideration and appeal. The EEOC has held that Plaintiff was terminated only after she came forward and that she was a material and credible witness. Defendants and their agents are bound by their respective testimony under oath, and collateral and judicial estoppel. As a matter of law this forum is a proper venue and has personal jurisdiction over the Defendants.

3.) The Court has personal jurisdiction over the Defendants. Attorneys William Biglow and Julie Lu work within the District of Columbia. Rev. Dominic Ashkar resides and works within the District of Columbia. Hillary Fitilis is licensed to practice law in the District of Columbia and graduated from the Washington College of Law at American University within the District of Columbia. Walter Jones previously worked for the D.C. General Hospital. All Defendants have forum-linked activities within the District of Columbia. All of the Defendants do not reside within the same state. The Court has general and specific jurisdiction. The Long Arm Statute for the District of Columbia, 13 D.C. Code §423 *et seq.* applies.

4.) Having stated this, the Plaintiff while surfing the computers in the Clerk's Office found a case written by this Court, wherein this Court stated that if a related case was active in another forum this Court would transfer the case even if it is the proper venue under the law. This is not an accurate quote because Plaintiff cannot locate the case. Based upon this case, Plaintiff is moving to transfer to Maryland. Her Title VII case was dismissed and then the dismissal vacated and the case reopened. The case is currently an active case. Therefore Plaintiff concedes that this Court will probably transfer her case, unless the Court decides that there is a public policy exception for alleged criminal activity within the District of

Columbia that holds the interest of Members of Congress and local press (Paper no. 34, Exhs. 3 & 4).

5.) Plaintiff filed her <u>Complaint</u> (Paper no. 1) on December 21, 2007 immediately after it was unexpectedly announced that the Clerk's Office would be close on December 24, 2007. The Clerk's Office became chaotic and very busy. Plaintiff is unsure exactly what happened to her first notice of related cases during the flurry of activity. However, she later submitted an amended notice of related cases (Paper no. 2). Said amended notice reveals related cases. Further when she found this Court's decision in another case with an active related case pending in another forum she immediately notified this Court via letter (Paper no. 23), which she amended (Paper no. 25). Plaintiff filed a second amended notice of designation of related cases (Paper no. 30). Plaintiff is learning as she goes and believes that she has a continuing right to amend her submissions as she discovers facts and/or laws.

6.) Defendants, by and through the United States Attorney's Office, all during the instant proceedings are well aware of the facts and law and failed to file any notice under LCvR 40.5(b)(2) & (b)(3), which states:

> **(b) NOTIFICATION OF RELATED CASES.**
> The parties shall notify the Clerk of the existence of related cases as follows:
> ...
> (2) At the time of filing any civil, including miscellaneous, action, the plaintiff or his attorney shall indicate, on a form to be provided by the Clerk, the name, 56 docket number and relationship of any related case pending in this court or in any other United States Court. The plaintiff shall serve this form on the defendant with the complaint. Any objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion.
> (3) Whenever an attorney for a party in a civil, including miscellaneous, or criminal action becomes aware of the existence of a related case or cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties. Upon receiving information from any source concerning a relationship

between pending cases, the Clerk shall transmit that information in writing to the judges 1.) on whose calendars the cases appear and to all parties to the proceeding.

7.) Plaintiff proffers that the Defendants failed to comply with LCvR 40.5(b)(3), because the Defendants did not wish this Court to *sua sponte* transfer the instant case to Maryland. Plaintiff cannot imagine why or speculate why Defendants would not wish Judge Nickerson to decide their motion to dismiss, but they have not offered to this Court any reason why this Court would not follow previous decisions to transfer the case to the venue with earlier active related cases. Plaintiff does not know either Judge. However Defendants by and through the US Attorney's Office know both Judges and their decisions well. Defendants seem to think they have an advantage in this Court. This is prohibited forum shopping. Plaintiff did not know the case law on transferring cases, but Defendants' counsel knew it well. In good faith plaintiff filed the instant case in the instant forum. In bad faith the Defendants knowing the significance of an active, related case in another forum should have according to LCvR40.5(b)(3) immediately notified the Judge.

8.) By email to AUSA Judith Kidwell, Plaintiff requested that Defendants enter into a stay until May 14th, 2008 (Paper no. 29, Exh. A). Defendants do not want to have a general stay that would benefit the Court and both parties, but move the Court to "delay ruling on Plaintiff's Motion to Transfer This Case to the District of Maryland" (Paper no. 35, at pg. 2-4).

9.) On pg. 4 of the Defendants' opposition, Defendants state, "it is for [Plaintiff's] convenience alone that she requests this transfer of her case[]." Absolutely not. It is for the Court's convenience. Plaintiff has over 20 volumes of evidence, 10 volumes from the *Heffernan* matter alone. Plaintiff's opposition to Defendants motion to dismiss will be long, extensive

4

and time consuming. This case is an alternative remedy to her Title VII case. When Plaintiff told the Clerk's Office about the situation they gave her cryptic advise to sit at the computers and read. Plaintiff read at least two cases wherein this Court admonished attorneys and parties not to waste the Court's time and at least one case wherein the Court transferred the case to another forum for having an active related case pending. Plaintiff does not want the Court to say that Plaintiff wasted the Court's time. She is not saying as Defendants' opposition falsely claims: "never mind." (Paper no. 35, at pg. 4). If the Court wishes to decide the Defendants' motion to dismiss, knowing all facts, then that is the Court's prerogative. If Plaintiff's claims were "frivolous" as Defendants assert there would have been affidavits attached to their motion to dismiss and Defendants would not be collaterally estopped by the decisions of the EEOC that this Court has personal jurisdiction over the Defendants and the venue is proper, because it found Plaintiff to be a material and credible witness who was terminated after coming forward for a matter pending in Washington, D.C.. The problem is that two federal judges[2] never decide related cases at the same time according to the cases on the computer at the Clerk's Office. It is not "never mind", it is the case law of this Court.

10.) In footnote 1 at pg. 4 of Defendants' opposition (paper no. 35) the Defendants are once again indifferent to judicial economy and how busy federal judges are, in that the Defendants are more than willing to discuss settlement of this claim and the Plaintiff's Privacy Act claim without giving Judge Bredar notice or a settlement letter on the issues of the cases.

---

[2] Or should it be said three judges: Judge Collyer, Judge Nickerson, and Judge Bredar.

5

11.) Plaintiff dismissed her Privacy Act suit because she had IFP status and the Clerk had not served the Defendants after 262 days. Judge Nickerson found that her suit had enough merit for her to precede and order ADR. However Rule 4 (m) does not stretch for 262 days in the Fourth Circuit. Plaintiff had to dismiss and re-file her complaint. Her attorney (who never entered his appearance) instructed her to file it in this Court.

12.) Defendants at footnote 2 of their opposition (Paper no. 35) falsely state that somehow the Plaintiff has contradicted herself. Plaintiff has told the truth. On February 15, 2008 she entered into a contingency engagement agreement with Kator, Parks & Weiser, PLLC, but no attorney entered their appearance into the record in the instant case to date. For a while Plaintiff did "not know if [Attorney Irving Kator] will enter his appearance in my Bivens suit." Clearly Plaintiff has been abandoned. Certainly this Court can take judicial notice of the electronic docket for this Court and see that the instant suit is the one and only suit pending before the U.S. District Court for the District of Columbia on February 15, 2008. Therefore, the Defendants' statement "[] it is not clear which District of Columbia suit is being referred to in the agreement" is disingenuous. Furthermore the agreement at ¶1 is for all suits before "the U.S. District Courts in the District of Columbia and in the District of Maryland []." The contract is crystal clear. But for the electronic docket Plaintiff would not have known that her attorneys were not entering their appearance or doing anything. But for the electronic docket Plaintiff would not have known about transferring of cases, because the Defendants' motion to dismiss certainly did not mention it.

13.) Defendants' opposition to transfer and request to stay the proceedings until the Court decides Defendants' motion to dismiss presents no facts or law to justify this Court's staying the proceedings or denying the transfer.

WHEREFORE, Plaintiff prays for the instant case to be transferred to the U.S. District Court for the District of Maryland.

DATED: May 3, 2008

Respectfully submitted by:

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270
edar_rogler@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2008 I mailed postage, pre-paid the above reply to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER