IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
**Plaintiff** *pro se*,

v.                                                                C.A. No. 1:07-cv-02308(RMC)

**WILLIAM BIGLOW,** *et al*
**Defendants.**

...oOo...

**PLAINTIFF'S MOTION and MEMORANDUM OF LAW
FOR JURISDICTIONAL DISCOVERY**

Plaintiff pro se, Edar Rogler, hereby respectfully moves for jurisdictional discovery, for the following reasons:

The Court has the power and the authority to transfer the instant suit to the United States District Court for the District of Maryland. Plaintiff respectfully asserts that the Defendants have not presented sufficient legal argument and have not presented any evidentiary support for the Court not to transfer the instant case, if the Court decides that venue is improper or jurisdiction is lacking. However, assuming *arguendo* the Court decides to deny the Plaintiff's motion to transfer (Paper no. 27, 31 & 33), in the alternative the Plaintiff moves for jurisdictional discovery.

The District of Columbia Court of Appeals discussed jurisdictional discovery in *Goodman Holding v. Rafidain Bank*, 307 U.S. App. D.C. 79, 26 F.3d 1143, 1147 (D.C. Cir. 1994) as:

> The Federal Rules of Civil Procedure generally provide for liberal discovery to establish jurisdictional facts. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 & n.13, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978); *Crane v. Carr,* 259 U.S. App. D.C. 229, 814 F.2d 758, 760 (D.C. Cir. 1987); *Naartex Consulting Corp. v. Watt,* 232 U.S. App. D.C. 293, 722 F.2d 779, 788 (D.C. Cir. 1983). Nevertheless, the scope of discovery lies within the district court's discretion. *Naartex,* 722 F.2d at 788. Under the circumstances, we do not see what facts additional discovery could produce that would affect our jurisdictional analysis above and therefore conclude the district court did not abuse its discretion in dismissing the action when it did.

1

RECEIVED
MAY 1 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Plaintiff believes in good faith that jurisdictional discovery will produce facts that will affect the Court's jurisdictional analysis.

In *Second Amendment Foundation v. U.S. Conference of Mayors*, 348 U.S. App. D.C. 238; 274 F.3d 521, 525 (D.D.Cir. 2001) the appellate court stated:

> SAF next argues that even if it failed to establish a prima facie case, the district court erred in dismissing its suit before SAF had an opportunity to take jurisdictional discovery. Certainly, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery[.]" *El-Fadl v. Central Bank of Jordan*, 316 U.S. App. D.C. 86, 75 F.3d 668, 676 (D.C. Cir. 1996). To get discovery, however, one must ask for it. SAF's only mention of jurisdictional discovery occurred during the hearing on the mayors' motion to dismiss. Asked by the district court if SAF had evidentiary support for its allegation of a conspiratorial agreement, counsel responded: "After discovery ... we fully expect that there will be evidence developed that there was an agreement between the parties.... I believe we will get that information in discovery." 3/13/00 Mot. Hr'g Tr. at 9, 13. But SAF neither moved for an opportunity to serve jurisdictional discovery nor defended against the mayors' motion to dismiss on the ground that it had not yet taken such discovery. Not surprisingly, the district court never entered a discovery order. Under these circumstances, we will not consider SAF's argument that the district court somehow erroneously denied jurisdictional discovery. *See, e.g.*, *Tomasello v. Rubin*, 334 U.S. App. D.C. 375, 167 F.3d 612, 618 (D.C. Cir. 1999) ("Absent exceptional circumstances, the court of appeals is not a forum in which a litigant can present legal theories that it neglected to raise in a timely manner in proceedings below." (internal quotation marks and citation omitted)).

Plaintiff is submitting her motion for jurisdictional discovery in a timely fashion and that she should be granted reasonable discovery.

### Facts that Would Affect the Court's Jurisdictional Analysis

### Non-Residents Minimum Contacts and Availing themselves with the District of Columbia

**Defendant Rev. O. Ray Fitzgerald:** Plaintiff proffers that jurisdictional discovery will show that has minimum contacts with and has availed himself to the District of Columbia. Rev. Fitzgerald has attended church at Our Lady of Lebanon Maronite Church, 7142 Alaska Avenue, N.W., Washington, D.C. 20012, has socialized and attended dinner at Defendant Rev. Dominic

Ashkar's residence at the same location, attended school at American University at 4500 Massachusetts Avenue, N.W., Washington, D.C. 20016 and is listed in the Class of 1978 and still attends functions there. He has given speeches and sermons at American University and Wesley Theology Seminary at the same address. Rev. Fitzgerald is an author and writes books which he sells for profit within the District of Columbia.

**Defendant Walter L. Jones:** Plaintiff proffers that jurisdictional discovery will show that Mr. Jones has minimum contacts with and has availed himself to the District of Columbia. Mr. Jones has graduated from High School within the District of Columbia, works as professor teaching classes with the District, is a member of associations within the District, previously worked for the District of Columbia General Hospital, and is the Board Chairman of the D.C. Economic Empowerment Coalition.

**Defendant John I. Gallin, M.D.:** Plaintiff proffers that jurisdictional discovery will show that Dr. Gallin has minimum contacts with and has availed himself to the District of Columbia. Dr. Gallin is on the editorial boards of journals, which are incorporated and doing business with the District of Columbia, has presented at conferences and given speeches within the District of Columbia, and otherwise avails himself to the District of Columbia. Dr. Gallin is an author and writes books that he sells for profit within the District of Columbia.

**Defendant Hillary Fitilis:** Plaintiff proffers that jurisdictional discovery will show that Ms. Fitilis has minimum contacts with and has availed herself to the District of Columbia. Ms. Fitilis graduated from the Washington College of Law at American University in Washington, D.C. and is licensed to practice law by the D.C. Bar.

**Defendant Maureen Gormley, R.N.:** Plaintiff proffers that jurisdictional discovery will show that Ms. Gormley has minimum contacts with and has availed herself to the District of

Columbia. Ms. Gormley is an athlete, who routinely runs in races within the District of Columbia. She routinely presents at conferences within the District of Columbia.

**Defendant Deborah Britton:** Plaintiff proffers that jurisdictional discovery will show that Ms. Britton has minimum contacts with and has availed herself to the District of Columbia. Ms. Britton attended school, routinely frequents, shops and visits friends within the District of Columbia.

**Primary Place of Injury:** Plaintiff asserts that the primary place of injury was the District of Columbia. Rev. Heffernan's petition on his termination was being heard at the EEOC's Office of Federal Operations in Washington, D.C. and that his Attorney's Office was in Washington, D.C.. Rev. Heffernan's residency and place of work were both within the District of Columbia.

**Conspiracy of the Defendants:** Plaintiff has moved for judicial notice of various decisions of the EEOC and has submitted testimony at the EEOC administrative hearing that demonstrates that the Defendants acted in a conspiracy to injury the Plaintiff and that Defendants are collaterally and judicially estopped from the findings of fact of the EEOC.

WHEREFORE Plaintiff prays for an order granting her jurisdictional discovery on all Defendants to establish the personal jurisdiction of the Court on all Defendants.

DATED: May 12, 2008

Respectfully submitted by:

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

CERTIFICATE OF SERVICE

I hereby certify that on May 12th, 2008 I mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER

4