IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
**Plaintiff** *pro se*,

v.

C.A. No. 1:07-cv-02308(RMC)

**WILLIAM BIGLOW**, *et al*
**Defendants.**

...oOo...

RECEIVED
MAY 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S MOTION and MEMORANDUM OF LAW TO STRIKE PARTS OF DEFENDANTS' MOTION TO DISMISS**
<u>**ON THE BASIS OF THE INTRACORPORATION CONSPIRACY DOCTRINE**</u>

Plaintiff *pro se*, Edar Rogler, hereby moves to strike the portions of Defendants' Motion to Dismiss or Alternatively, to Strike Certain Allegations and Dismiss Doe Defendants 1 through 25 (Paper no. 11) on the basis on the intracorporation conspiracy doctrine,[1] for the following reasons:

As a matter of law Defendants are collaterally estopped by the decisions of the EEOC in the *Heffernan* matter and judicially estopped by the testimony given therein from raising the defense of the intracorporation conspiracy doctrine. Plaintiff incorporates by reference herein her entire <u>Plaintiff's Motion for Judicial Notice in Support for Plaintiff's Motion to Transfer and all Other Motions and/or Responses Pending Part One</u>. At the initiation of the conspiracy Rev. Dominic Ashkar was an independent contractor who conspired with federal employees for the wrongful termination of Rev. Henry Heffernan in violation of Title VII. The EEOC held that Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services ("D.H.H.S.") violated Rev. Henry Heffernan's ("Heffernan") protection under Title VII of the Civil Rights Act of 1964 ("Title VII") and that Rev. Heffernan was wrongfully disciplined and terminated so that Rev. Ashkar could be given Rev. Heffernan's federal position as a Catholic chaplain. After Rev. Heffernan's wrongful

---

[1] Defendants' motion to dismiss refers to the doctrine as the incorporate conspiracy. (Paper no. 11, at page 5).

1

termination Rev. Ashkar was given Rev. Heffernan's federal position as a Catholic chaplain. The Defendants' conspiracy was not just with federal employees hired by the same employer acting within the scope of their employment as a matter of law according to the factual and legal findings of the EEOC. It is undisputed that at all time Plaintiff was a chaplain at NIH CC, Defendant Rev. Dominic Ashkar was an independent contractor and not a federal employee. Plaintiff was in good standing with the federal employees until she came forward as a witness and voiced her objections to violations of Title VII and the First Amendment. Thereafter the Defendants acted in conspiracy to violate the Plaintiff's constitutional and civil rights.

<u>Legal standard for the Intracorporate Conspiracy Doctrine to be Applied as an Affirmative defense for the Defendants</u>.

Assuming *arguendo* that this Court is of the opinion that the intracorporate conspiracy doctrine applies as an affirmative defense to 42 U.S.C. §1985 actions, the instant case is as a matter of law excluded from the intracorporate conspiracy doctrine because all of the Defendants did not have the same employer at the time of the conspiracy and were not acting within the scope of their employment when the Defendants in conspiracy violated the Title VII rights of Rev. Heffernan and conceal, intimidated and retaliated against his witnesses according to the factual and legal findings of the EEOC. Even if the Court should decide to re-visit the factual and legal findings of the EEOC, it would not be appropriate to do so at this time based upon Defendants' motion to dismiss that is totally unsupported by any evidence and/or legal argument for the Court to disregard the conclusions of the EEOC.

The Court in *Tabb v. District of Columbia, Walker, and Good*, 477 F.Supp. 2d 185, 190-91 (D.D.C. 2007) discussed the applicability of the intracorporate conspiracy doctrine as an affirmative defense to 42 U.S.C. §1985 as follows:

The circuits are split as to whether the intracorporate conspiracy doctrine applies to civil rights claims brought under 42 U.S.C. § 1985. Seven circuits have held that the doctrine does apply to Section 1985 claims. See *Dickerson v. Alachua County Comm.*, 200 F.3d at 767; *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991); *Buschi v. Kirven*, 775 F.2d 1240, 1253 (4th Cir. 1985); *Herrmann v. Moore*, 576 F.2d 453, 459 (2nd Cir. 1978); *Baker v. Stuart Broadcasting Co.*, 505 F.2d 181, 183 (8th Cir. 1974); *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972). Three circuits have held that the doctrine does not apply in this context. See *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126-27 (10th Cir. 1994) (intracorporate conspiracy doctrine was developed in the antitrust context "to allow one corporation to take actions that two corporations could not agree to do, [and] should not be construed to permit the same corporation and its employees to engage in civil rights violations."); *Stathos v. Bowden*, 728 F.2d 15, 21 (1st Cir. 1984) (intracorporate conspiracy doctrine "should [not] extend -- if at all -- beyond the ministerial acts of several executives needed to carry out a single discretionary decision."); *Novotny v. Great Am. Fed. Savings & Loan Assoc.*, 584 F.2d 1235, 1258 (3rd Cir. 1978), vacated on other grounds, 442 U.S. 366, 99 S. Ct. 2345, 60 L. Ed. 2d 957 (1979). The District of Columbia Circuit has not ruled on the issue.

Federal district courts in the District of Columbia, however, consistently have applied the intracorporate conspiracy doctrine to Section 1985. See, e.g., *Tafler v. District of Columbia*, 2006 U.S. Dist. LEXIS 81714, at *27-30; *Brown v. Sim*, Civil Action No. 03-2655, 2005 U.S. Dist. LEXIS 35415, at *10-11 (D.D.C. Sept. 30, 2005); *Lerner v. District of Columbia*, 362 F. Supp. 2d 149, 165 (D.D.C. 2005) (intracorporate conspiracy doctrine did not apply because all of the alleged participants in the conspiracy were not employed by the same entity); *Anyaibe v. Gilbert Sec. Serv.*, Civil Action No. 94-2377, 1995 U.S. Dist. LEXIS 21312, at *25 n.13 (D.D.C. May 16, 1995); *Michelin v. Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989); *Gladden v. Barry*, 558 F. Supp. 676, 679 (D.D.C. 1983). [2]

**FOOTNOTES**

[2] In Kivanc v. Ramsey, 407 F. Supp. 2d 270 (D.D.C. 2006), the undersigned declined "to adopt a categorical policy that it is legally impossible for one police officer to conspire with another to deprive an individual of his rights under Section 1983." Id. at 276. The Court based its reasoning on the existence of evidence that the defendant police officers in Kivanc had falsified police reports, which conduct is not within the scope of routine police department decision-making. See id. No such evidence, or even allegations to that effect, exist here.

"The intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for routine, collaborative business [*191] decisions that are later alleged to be discriminatory[.]" *Kivanc v. Ramsey*, 407 F. Supp. 2d at 275-76. Plaintiff has failed to allege that the defendants in this case were acting outside the scope of their employment and has failed to offer any persuasive argument as to why the intracorporate conspiracy doctrine should not apply. Plaintiff therefore has failed adequately to allege the existence of a conspiracy, and Count IX therefore will be dismissed for failure to state a claim under 42 U.S.C. § 1985. See *Tafler v. District of Columbia*, 2006 U.S. Dist. LEXIS 81714, at *27-30; *Brown v. Sim*, 2005 U.S. Dist. LEXIS 35415, at *11.

Plaintiff asserts that the caution of *Kivanc v. Ramsey*, 407 F.Supp. 2d 270 (D.D.C. 2006) to not categorically protect the Defendants by their merely asserting the intracorporate conspiracy doctrine should be maintained in the instant suit, based upon the findings of the EEOC and the Plaintiff has sufficiently plead the existence of a conspiracy that violated her common law rights, civil rights, rights to privacy, and rights to freedom of travel, association, speech and religion, etc.

WHEREFORE the plaintiff prays for the Court to strike the Defendants' assertion of the defense of intracorporate conspiracy as a matter of law.

Respectfully submitted by:

DATED: May 10, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

CERTIFICATE OF SERVICE

I hereby certify that on May 10th, 2008 I mailed postage, pre-paid the above motion to strike to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER