## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                                     :
**Plaintiff** *pro se*,

**v.**                                              :

                                                    C.A. No.  1:07-cv-02308(RMC)
**WILLIAM BIGLOW,** *et al.*
**Defendants.**                                     :
                                          ...oOo...

## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO AUGUST 8, 2008
## TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

Plaintiff *pro se*, Edar Rogler, hereby respectfully moves for an enlargement of time to August

8, 2008 respond to Defendants' motion to dismiss (Dkt.# 11).  This is the second motion for an

enlargement of time by the Plaintiff on her response to the Defendants' motion to dismiss.  The

Plaintiff's response is currently due on or before June 9th, 2008.  In support of this motion, the Court

is respectfully referred to the accompanying memorandum of points and authorities.

                                        Respectfully submitted by:

DATED:  May 28, 2008

                                        EDAR ROGLER, Plaintiff *pro se*
                                        915 Boucher Avenue
                                        Annapolis, Maryland  21403
                                        (410) 280-9270

### CERTIFICATE OF SERVICE

I hereby certify that on May 28th, 2008 I mailed postage, pre-paid the above motion to
AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington,
District of Columbia  20530.

                                        EDAR ROGLER

**RECEIVED**

JUN 2 – 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
**Plaintiff** *pro se,*                              :

v.                                                     :

**WILLIAM BIGLOW,** *et al.*        **C.A. No.  1:07-cv-02308(RMC)**
**Defendants.**                                    :

...oOo...

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
## TO AUGUST 8, 2008 TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

Plaintiff *pro se*, Edar Rogler, hereby respectfully submits her memorandum of points and

authorities in support of her motion for an enlargement of time to August 8, 2008 respond to

Defendants' motion to dismiss (Dkt.# 11).[1]

The Court has discretionary powers to again enlarge the Plaintiff's time to respond to Defs.'

Mtn. to Dismiss.  In other cases with lessor grounds parties have been granted a second enlargement

of time to respond to motions.  See, Princeton Hummingwal, et al. v. Bush, C.A. No. 06-

1111(RMC), Mem. Op. [Dkt.#6] and for the U.S. Attorney in Bryant v. Rumsfeld et al., C.A. No.

04-1125 (CKK), Minute Order (11/01/2004).  Plaintiff has good cause for moving for a second

enlargement, because she was to be represented in the instant matter and her abandonment is very

difficult to overcome,[2] she has been granted the Court's permission to use CM/ECF, however there

---

[1] Pursuant to Local Civil Rules ("LCvR"), Rule 7.1(m), the undersigned was able to contact the Defendants' counsel, who wrote that the Defendants plan on opposing the instant motion.

[2] Plaintiff *pro se* filed in the instant Court to obtain representation. But for KATOR, PARKS & WEISER's promised representation, Plaintiff would have re-filed in the District of Maryland.  In reliance she did not file a motion to proceed in *forma pauperis* or for appointment of an attorney. Because of the law firm's advice and subsequent abandonment Plaintiff had to file motions to transfer and for jurisdictional discovery that she would not have had to file it the case had been re-filed in Maryland.  Now the firm is moving to withdraw in the U.S. D. Ct.Md. because Plaintiff showed this Court and the U.S. Magistrate her engagement agreement with the firm.  This has forced the Plaintiff to stop working on her response to Def.'s mtn to dismiss and to work on the disruption the firm has caused in the Dist. Ct. of Md..

2

are no classes scheduled since the Minute Entry Order(5/16/08)(RMC), and she is examining 20

volumes of evidence that she needs to pin cite and scan. Plaintiff has not had a break and has been

diligently trying to learn the law of the District of Columbia Circuit to present her cases.

### Plaintiff has had incompetent counsel who has caused disruption and confusion in her cases, which Plaintiff needs to correct.

On February 15, 2008 the law firm of KATOR, PARKS & WEISER, P.L.L.C. ("law firm")

and Plaintiff entered into a CONTINGENCY RETAINER AGREEMENT to represent the Plaintiff

in the instant suit as an indigent party. See, Pf.'s Mtn. Enlgmt. Time Service, Exh. 1 [Dkt. #22].

The Court can and should take judicial notice of its own docket and plainly determine that on

February 15, 2008 the instant suit was the one and only case filed by the Plaintiff in the United

States District Court for the District of Columbia ("D.D.C."). The firm admitted to Plaintiff that

engagement agreement was fashioned off of an agreement that the firm made with another indigent

client for whom the firm never entered its appearance into her lawsuit, abandoned the client, and

then sent the client a letter that it would not represent the indigent client.

In the instant matter the firm never entered its appearance to represent the Plaintiff.

Assuming *arguendo* that the firm had entered its appearance, the firm would have had to move this

Court to grant its motion to withdraw. In *Laster v. District of Columbia*, 460 F.Supp. 2d 111, 113

(D.D.C. 2006) the Court discussed the legal standard for an attorney's motion to withdraw as

follows:

> As a fundamental premise, counsel is under an obligation to see the work through to
> completion when he agrees to undertake the representation of his client. *Streetman v.
> Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987) (citations omitted). The decision to
> grant or deny counsel's motion to withdraw is committed to the discretion of the
> district court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (citing *Fleming v.
> Harris,* 39 F.3d 905, 908 (8th Cir. 1994) and *Washington v. Sherwin Real Estate, Inc.*
> 694 F.2d 1081, 1087 (7th Cir. 1982)). When ruling on a motion to withdraw, courts
> may consider the disruptive impact that the withdrawal will have on the prosecution

of the case. *Whiting*, 187 F.3d at 320; *Brown v. Nat'l Survival Games*, 1994 U.S. Dist. LEXIS 16572, at *9-10 (N.D.N.Y. Nov. 18, 1994) (citing *Goldsmith v. Pyramid Commcn's, Inc.* 362 F. Supp. 694, 696 (S.D.N.Y. 1973)).

Additionally, Local Civil Rule 83.6(d) guides the court's ruling on an attorney's motion to withdraw. LCvR 83.6(d). The rule provides that "[t]he court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." *Id.* In reaching its ruling, the court also may consider factors such as the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required him to remain in the case. *Barton v. District of Columbia*, 209 F.R.D. 274, 277-78 (D.D.C. 2002).

In the instant case Plaintiff proposes that the law firm believes that it has escaped this Court's judicial authority to control her Court, her docket and dispatch business by never entering its appearance as Plaintiff's attorney of record.

Plaintiff proffers to the Court that any law firm that makes engagement agreements with indigent clients, then contacts opposing counsel to inquire if the case can be settled and if not sends the indigent client a letter that it will no longer represent the client without ever entering it's appearance into the Court's records is preying off of the indigent. In the case herein Plaintiff proffers that the law firm never intended to represent the Plaintiff in the instant case and only intended upon appearing at Plaintiff's A.D.R. in her Title VII suit, <u>Rogler v. Leavitt</u>, C.A. No. 07-0726(WMN) ("Title VII case") without performing any other legal work in said case or any other case. <u>See, Declarations of Margarette B. Rogler, M.D. and Edar Rogler</u> attached hereto. If this is not a deliberate and willful plan, then the law firm incompetently abandoned the Plaintiff in the instant suit and is incompetently representing Plaintiff in her Title VII case.

More importantly the Plaintiff gave the law firm multiple notices on March 18th to 19th, 2008 that the law firm's services were terminated, because of its abandonment of the Plaintiff for five

weeks. Ignoring Plaintiff's clear notice of termination and before Plaintiff could prepare and mail

notice of the termination to the Maryland District Court ("D.Md."), Mr. Kator electronically entered

his appearance into Plaintiff's Title VII case. On March 19th, 2008 Mr. Kator left the Plaintiff three

messages that he had entered his appearance in spite of her termination and that he still wished to

represent her, but would move to withdraw if she insisted. Mr. Kator and Plaintiff had a telephone

conversation on March 19, 2008 wherein Mr. Kator stated that he wished to represent Plaintiff in her

cases and would perform competently. Plaintiff proffers that this action forced Mr. Kator's

representation upon the Plaintiff in her Title VII case, because Plaintiff cannot afford to have her

cases de-railed by public disputes wherein she has to waive attorney/client privilege for her to

present the truth to the Court. In the desperate hope that Mr. Kator would represent Plaintiff

competently as promised, Plaintiff withdrew her termination of services. However this Court can

and should take judicial notice that no attorney from the law firm had entered his/her appearance into

the record in the instant case. The firm continued to abandon Plaintiff in the instant case and in

Rogler v. DHHS & Fitzgerald, C.A. No. 08-0570(RMC), forcing the Plaintiff to scramble to attempt

to have all the Defendants served with process.

Any party has the legal right to inform the Court that the party has engaged counsel licensed

to practice law before its courts and that the counsel has abandoned the party without ever entering

his appearance as the Plaintiff's attorney of record. Plaintiff did such when she filed her Mtn. Enlrg.

Time Service with the contingency agreement attached as Exh. 1 [Dkt.# 22]. In response Attorney

Irving Kator ("Kator") of KATOR, PARKS & WEISER, P.L.L.C. wrote the Plaintiff a letter dated

April 25, 2008 writing that Mr. Kator will move the District Court of Maryland to withdraw from

Plaintiff's Title VII case. A true and accurate copy is attached hereto as Exhibit "1". Mr. Kator

writes at page 1, "[y]ou also unnecessarily and inappropriately attached the retainer agreement

5

between us, which had no bearing on your motion to transfer an action from the District of Columbia to Maryland."

Attorneys can make mistakes in their engagement agreements and should be willing to help their clients explain the resulting situation to the Court. The client can waive attorney/client privilege and show the Court the engagement agreement on which the client relied. No attorney who abandons a client should be permitted by the Court to retaliate against the client for showing judges a true and accurate copy of an engagement agreement. Plaintiff wrote and sent her letter dated April 30, 2008 entitled, "OBJECTION TO YOUR NOTICE OF WITHDRAWAL" to Mr. Kator, a true and accurate copy is attached as Exhibit "2". Later Plaintiff agreed to consent to Mr. Kator's withdrawal if Mr. Kator was diplomatic and told the truth. Instead Mr. Kator filed his motion for leave of court to withdraw appearance with false statements, e.g. "Ms. Rogler is agreeable to the undersigned's withdrawal as her counsel and requests him to move for such leave." Additionally Mr. Kator prepares a proposed order for the Maryland Court, which declared that "good cause exists for Irving Kator's withdrawal of his appearance as counsel for plaintiff, Edar Y. Rogler, and as plaintiff interposes no objection to such withdraw []" fails to mention Mr. Kator's total abandonment of Plaintiff in two federal cases before this Court and Plaintiff's objection to withdrawal and then conditioned consent. A true and accurate copy of said motion and proposed order are attached hereto as Exhibit "3".

The representation (or total lack thereof) of the law firm of KATOR, PARKS & WEISER has caused disruption and confusion in Plaintiff's three federal cases, which should all be consolidated and transferred to one court be it this one or the Maryland Court. Instead of helping the Plaintiff mitigate the damages, Mr. Kator has chosen to file a false motion to withdraw in Maryland substantially damaging her Title VII case. Nothing positive has happened in the Plaintiff's Title VII

case since Mr. Kator entered his appearance without Plaintiff's permission on March 19, 2008. Other clients are alleging that Mr. Kator has not responded to them appropriately. See Declaration of Dr. Reeve Robert Brenner attached hereto. Plaintiff has not been able to work on her opposition to Defs.' Mtn to Dismiss. Plaintiff cannot even take a break for rest and relaxation.

**Plaintiff has permission to use the ECF filing system, however no classes are currently scheduled on the Clerk's ECF Training Calendar.**

Plaintiff has been granted the Court's permission to use CM/ECF, however there are no classes scheduled since the Minute Entry Order(5/16/08)(RMC), and she is examining 20 volumes of evidence that she needs to pin cite and scan. Additionally because the Plaintiff is indigent, she does not have the financial resources to copy her evidence including transcripts of testimony, but can afford to scan it and serve it electronically. In the interest of judicial economy the Court should grant the enlargement of time to enable the Plaintiff to attend ECF training and scan her own submissions as oppose to unnecessarily burdening the Clerk's Office.

**Defendants will not be prejudiced by the additional enlargement of time if granted to the Plaintiff.**

Defendants' counsel was or should have been well aware of the significance of the Maryland Court's vacating the dismissal of the Plaintiff's Title VII case and that the Plaintiff's *Bivens* case is an alternative remedy available only if the Plaintiff has no other legal recourse. When Plaintiff served the United States Attorney in January of 2008, the U.S. Attorney was required to comply with LCvR 40.5(b)(3) and notify this Court, who would have probably *sua sponte* transferred this matter back to the United States District Court of Maryland. The U.S. Attorney usually and customarily moves to transfer cases back to other forums and venues, and moves to consolidate factual related cases. Defendants continuing opposition is merely a legal strategy to take unfair advantage of the Plaintiff who has been abandoned by counsel and is not an expert in federal law similar to defense

7

counsel. The U.S. Attorney has moved for and been granted an enlargement of time in the Plaintiff's

Privacy Act case. Plaintiff's Title VII case has been at a standstill since March 19th, 2008 when Mr.

Kator entered his appearance. Most importantly everyone has a different approach to the Plaintiff's

problem with her representation. Plaintiff is confused and in a state of panic as to whether or not she

is represented…a final determination to be made by the Courts, not the Plaintiff.

WHEREFORE Plaintiff respectfully submits her memorandum of points and authorities in

support of her motion for enlargement of time.

Respectfully submitted by:

DATED:  May 28, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland  21403
(410) 280-9270

### CERTIFICATE OF SERVICE

I hereby certify that on May 28th, 2008 I mailed postage, pre-paid the above memorandum to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER

### [PROPOSED] **ORDER**

UPON CONSIDERATION OF Plaintiff's Motion for An Enlargement of Time to file

her response to Defendants' motion to dismiss herein, any Opposition thereto, and the entire

record herein, it is this _____ day of _____, 2008, **ORDERED** that Plaintiff's motion is

**GRANTED**; and it is**FURTHER ORDERED** that Plaintiff shall have until and including August

8th, 2008,to file her response to the Defendants' motion to dismiss herein.

U.S. District Judge Collyer

8

# DECLARATION OF MARGARETTE B. ROGLER, M.D.

I, Margarette B. Rogler, M.D., pursuant to 28 U.S.C. §1746, hereby declare the following:

1. I am a board certified psychiatrist and have been called to give expert testimony in criminal and non-criminal matters to give a professional opinion on people's capabilities to make decisions and on their abilities to make judgments.

2. In February of 2008 my daughter, Edar Rogler, ("Ms. Rogler") stated to me that she had entered into a contingency retainer agreement with KATOR, PARKS & WEISER, P.L.L.C. ("law firm") to represent her in her three federal lawsuits and that she was happy to have the law firm relieve her of the legal work.

3. For almost five weeks I personally witnessed Ms. Rogler worrying about the failure of the law firm to enter its appearance into her lawsuits and represent her.

4. On or about March 18th, 2008 Ms. Rogler stated to me that she was terminating the representation of the law firm, because no attorney had entered their appearance in any of her cases.

5. On or about March 19th, 2008 Ms. Rogler stated to me that after she had terminated Mr. Kator's service to her as her attorney, that Mr. Kator entered his appearance into her Title VII case filed in the federal court in Maryland and that she was in fear that Mr. Kator would not leave her case in her words "diplomatically" and "truthfully" and "would cause a big public fight to get him out of [her] case," but Mr. Kator had promised her to enter his appearance in all of her cases and handle them competently.

6. Ms. Rogler continued to talk about Mr. Kator's "problem" and that she was unsure as to "causation," but that Mr. Kator was not communicating responsively or appropriately. She asked me to accompany her to a scheduled appointment on April 16th, 2008. My daughter informed me that Mr. Kator cancelled said appointment and re-scheduled it to April 23, 2008.

7. On April 23, 2008 I personally accompanied Ms. Rogler to her appointment with Mr. Kator and she now wishes me to describe to this Court what I personally witnessed:

a.) Mr. Kator was non-responsive to questions, never gave any attorney advise, deflected the conversation, was non-communicative, was not helpful, made causal remarks that did not indicate any attorney knowledge and/or guidance on her case, conveyed no capability or opinion, and was not participatory or forthcoming;

b.) Mr. Kator did not have my daughter's records organized in any manner, handed them to her and instructed her to organize the records, and walked out of the room; and

c.) As Ms. Rogler tried to organize the records, she started crying and stated that there was a letter in the file that Mr. Kator had not shared with her. She was deeply distressed and had fears about Mr. Kator's capabilities and his firm's intentions to represent her.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Dated at Annapolis, Maryland this 24th day of May, 2008

MARGARETTE B. ROGLER, M.D.

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EDAR ROGLER,                 :
    **Plaintiff**

    v.                    :        **C.A. No. 1:07-cv-0726 (WMN)**

MICHAEL O. LEAVITT,
    **Defendant.**            :

...oOo...

## DECLARATION OF
## DR. REEVE ROBERT BRENNER

    I, Dr. Reeve Robert Brenner, pursuant to 28 U.S.C. §1746, hereby, declare the following:

    1. Irving Kator, Attorney-at-Law, of KATOR, PARKS & WEISER, P.L.L.C. ("the firm"), was my attorney in federal administrative matters against the Department of Health and Human Services and its Secretary, Michael O. Leavitt ("the Agency").

    2. Against our agreement and understandings the law firm of KATOR, PARKS & WEISER, P.L.L.C. took an additional, unwarranted twenty thousand dollars ($20,000) out of my settlement with the Agency.

    3. I met with Mr. Kator and requested of him that he give me a legal reason for his taking the twenty thousand dollars ($20,000) out of my recovery in addition to the thirty thousand dollars ($30,000) that the Agency gave him for his legal fees or refund said money to me.

    4. All Mr. Kator did in response was laugh at me in manner, which I thought was not professional or appropriate.

5.  To date Mr. Kator and the firm have not responded to my requests to be informed of what legal basis the firm is claiming a right to take an additional $20,000 out of my settlement.

I declare under penalty of perjury that the forgoing is true and correct.  28 U.S.C. §1746.

Dated at Rockville, Maryland, this 16th day of May, 2008.

Dr. Reeve Robert Brenner

## DECLARATION OF EDAR ROGLER

I, Edar Rogler, pursuant to 28 U.S.C. §1746, declare the following:

1. On February 15, 2008 I entered into the <u>CONTINGENCY RETAINER</u>

<u>AGREEMENT</u> with KATOR, PARKS & WEISER, P.L.L.C. to represent me in "the U.S.

District Courts in the District of Columbia and in the District of Maryland in actions

which I have filed in those courts." I submitted a true and accurate copy of said

agreement attached as Exh. 1 to Dkt.#22. The cases were *Rogler v. Biglow*, 1:07-cv-

02308 (RMC), *Rogler v. Leavitt*, 1:07-cv-00726 (WMN), and *Rogler v. D.H.H.S.*, 1:07-

cv-01676 (WMN). Mr. Kator discussed the cases with me and took possession of all my

original documents on said case. My files were organized.

2. I filed *Rogler v. Biglow*, 1:07-cv-02308 (RMC) and *Rogler v. D.H.H.S.*, 1:07-cv-

00570 (RMC) in the United States District Court for the District of Columbia and the

advice and instructions of Mr. Kator. From February 15, 2008 to March 18, 2008 Mr.

Kator did not enter his appearance in any of my cases.

3. On or about March 18, 2008 to March 19, 2008 I terminated the attorney/client

relationship with Mr. Kator. On March 19th, 2008 Mr. Kator left me three or four

telephone messages that ignoring my termination of him as my attorney, Mr. Kator

entered his appearance in my Title VII lawsuit, *Rogler v. Leavitt*, 1:07-cv-00726 (WMN),

and that he wanted to represent me in all of my cases, but would withdraw if I insisted.

In my telephone conversation with Mr. Kator on March 19, 2008 Mr. Kator stated he

would enter his appearance in all of my cases and represent me competently. I withdrew

the termination of the attorney/client relationship.

4. To date no attorney from the law firm of KATOR, PARKS & WEISER, P.L.L.C. has entered their appearance in my other two federal cases. The firms taking my three cases and then not entering its appearance in my District of Columbia cases caused confusion and disruption in those cases. The Assistant United States Attorney Judith Kidwell has written in at least two pleadings that she is shocked and confused. The firm's abandonment of me has placed me in a state of panic and damaged my cases. I filed a motion before United States District Court Judge Rosemary M. Collyer for help with the contingency agreement attached.

5. On April 24, 2008 I wrote Mr. Kator an email inquiring what was his intentions as to my Title VII suit if the parties did not settle on May 7, 2008, asking was he going to conduct discovery, oppose summary judgment motions and go to trial. Mr. Kator sent me his letter dated April 25, 2008 writing, "[t]his is to inform you that I will request the Court to permit me to withdraw from representing you on Case No. WMN-07-1676 Rogler v. Secretary, DHHS, in the District Court of Maryland." A true and accurate copy is attached as Exhibit "1".

6. On April 30, 2008 I wrote my letter entitled, OBJECTION TO YOUR NOTICE OF WITHDRAWAL, a true and accurate copy is attached as Exhibit "2". I wrote Mr. Kator additional letters writing that if he told the truth and it was a diplomatic motion I would consent to Mr. Kator's withdrawal.

7. Mr. Kator filed his motion to withdraw attached as Exhibit "3".

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C.§1746.

Dated at Annapolis, Maryland this 28th day of May, 2008.

EDAR ROGLER

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                                :
**Plaintiff** *pro se*,

**v.**                                         :

**WILLIAM BIGLOW,** *et al.*                          C.A. No.  1:07-cv-02308(RMC)
**Defendants.**                                :
                                 ...oOo...

**EXHIBIT 1**

9

LAW OFFICES
**KATOR, PARKS & WEISER**
P.L.L.C.
SUITE 1000
1200 18TH STREET, N. W.
WASHINGTON, D. C. 20036-2506

(202) 898-4800
FAX: (202) 289-1389

April 25, 2008

## VIA E-MAIL AND OVERNIGHT DELIVERY

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403

Dear Ms. Rogler:

This is to inform you that I will request the Court to permit me to withdraw from representing you on Case No. WMN-07-1676 Rogler v. Secretary, DHHS, in the District Court of Maryland.

During our meeting in my office the afternoon of April 23, 2008 to prepare for mediation with Judge Bredar, you failed to tell me that you had communicated again with Judge Bredar, despite my instructions to you not to do so. On April 24, 2008, I received another letter from Judge Bredar returning to me the filing you made with him dated April 19, 2008. This related to your motion to transfer Case No. 1:08-cv-00570 (RMC) from the District Court for the District of Columbia to Maryland and did not relate to the matter before Judge Bredar. You made this filing after I had informed you that Judge Bredar had previously written to me saying he did not want to receive any filings or communications from you and even after I specifically asked you not to communicate directly with Judge Bredar on any matter.

I do not understand your unwillingness to do what Judge Bredar has instructed you to do and what I, as your attorney on the matter before Judge Bredar, asked you to do. As Judge Bredar had written to me on the matter requesting that you not send communications to him, you have made it appear that I am not responsive to his order. This cannot be conducive to the mediation process as Judge Bredar is the mediator.

I cannot continue to represent you when you will not respect my advice or the orders of the Magistrate Judge. In your filing with Judge Bredar, which copied motions you had filed with Judge Collyer in Case No. 1:08-CV-00570 (RMC) and also in Case No. 1:07-CV-02308 (RMC) in the District Court for the District of Columbia, of which filings you had not informed me, you represented that I provided certain advice to you. I consider this inappropriate in a court filing. You also unnecessarily and inappropriately attached the retainer agreement between us, which had no bearing on your motion to transfer an action from the District of Columbia to Maryland. You did this also in your filing with Judge Bredar.

KATOR, PARKS & WEISER
P.L.L.C.

Edar Rogler
April 25, 2008
Page 2

Moreover, on April 16, 2008 you made a filing in the District Court for the District of Columbia for an enlargement of time in Case No. 1:07 CV-02308 (RMC) and again you made reference to my representing you. You neither copied me with the filing nor informed me that your filings referred to me or the advice I had allegedly given you or that the filing had been made. Even when we met on April 23, you did not inform me of your filing.

At 5:31 p.m. on April 24, 2008, I received your e-mail asking what my intentions were as to continuing to represent you. I told you earlier in my e-mail of April 10, 2008, that I did not want to represent you on your "Bivens" action before Judge Collyer. Let me make clear now that I will not represent you on that action before Judge Collyer and I will not represent you on any actions you have before the Courts either in Maryland or the District of Columbia.

Under these circumstances, I believe our lawyer-client relationship must terminate. As the retainer agreement between us provides, our firm may withdraw if you have concealed facts during the firm's representation or if you fail to cooperate fully in the conduct of our representation. I believe these circumstances exist and we will seek to withdraw as your counsel as the Court's rules require. I will ask Judge Nickerson to permit me to withdraw my appearance in Case No. WMN-07-1676 in which I have entered an appearance. I have not entered my appearance in the other actions you have pending and I do not intend to do so.

Therefore, in accordance with Local Rule 101.2.a. of the District Court Rules for the United States District Court of Maryland, this is the written notice that in five days I will file a motion with Judge Nickerson to withdraw my appearance. In your e-mail to me you said Mr. Gary Gilbert was willing to represent you and I suggest you engage Mr. Gilbert's services. If we can be helpful in your engaging another attorney, we will be glad to do so. You also stated in your e-mail to me of April 10, that if I did not want to represent you that would be satisfactory to you. If, because of timeliness, you want me to prepare a mediation statement, I will do so and provide it to you for submission to Judge Bredar.

As you state that AUSA Janet Kidwell of the United States Attorneys office in the District of Columbia will not deal with you as there is an engagement letter with an attorney, I will also inform AUSA Kidwell that I do not and will not represent you in Case No.1:07-CV-02308 and that she should deal directly with you on this matter.

KATOR, PARKS & WEISER
P.L.L.C.


Edar Roger
April 25, 2008
Page 3


I regret that circumstances require me to take this action and I wish you every success in the future.

Very truly yours,

Irving Kator

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                                    :
**Plaintiff** *pro se*,

**v.**                                             :
                                                        C.A. No.  1:07-cv-02308(RMC)

**WILLIAM BIGLOW,** *et al.*
**Defendants.**                                    :

...oOo...

**EXHIBIT 2**

*Edar Y. Rogler*
*915 Boucher Avenue*
*Annapolis, Maryland 21403*

April 30, 2008

Attorney Irving Kator
Kator, Parks & Weiser, P.L.L.C.
1200 Eighteenth Street, N.W., Suite 1000
Washington, D.C.  20036

RE: *Rogler v. Leavitt*, 1:07-cv-00726(WMN)

## <u>OBJECTION TO YOUR NOTICE OF WITHDRAWAL</u>

Dear Mr. Kator:

You were my first choice for representing me in the above-captioned matter, because you successfully represented both Rev. Henry Heffernan and Dr. Reeve Brenner in their related matters.  Attorney Gary Gilbert was willing to represent me *pro bono publico* at the ADR scheduled with U.S. Magistrate James K. Bredar on May 7, 2008.  Mr. Gilbert was not willing to represent me for all purposes because he does not practice before the U.S. District Court for the District of Maryland.

According to U.S. EEOC decision entitled *Heffernan v. Leavitt,* Appeal No.0720070038, you were awarded $165,263.26 in attorney fees for representing Rev. Heffernan.  Dr. Brenner states that you were to represent him *pro bono publico* in his proceedings and only receive what the Agency gave you or you won in an award for attorney fees.  Dr. Brenner states that in violation of your agreement with him you took an additional $20,000 out of his compensatory damages on top of the $30,000 that the Agency gave you for attorney fees.  You earned over $215,263.26 plus other monies received from Rev. Heffernan.

You took on as a client another indigent person from my community and fashioned our contingency engagement agreement on the same agreement that you gave her.  Then you abandoned this other indigent person and eventually sent her a letter that you would no longer represent her.

I am indigent.  I was not indigent when I came forward as a material witness for your clients:  Rev. Heffernan and Dr. Brenner.  I have been granted leave to proceed in *forma pauperis* (IFP) in the above-captioned matter.  You took my case knowing that I was indigent and declared to have IFP status.

**You demanded to represent me on all of my cases:** (1) *Rogler v. Department of Health and Human Services*, 1:07-cv-01676(WMN); (2) *Rogler v. Leavitt*, 1:07-cv-00726(WMN); and (3) *Rogler v. Biglow*, 1:07-cv-02308(RMC).  On February 15, 2008

1

we entered into our <u>CONTINGINENCY RETAINER AGREEMENT</u>, which states in paragraph 1:

> I, Edar Rogler, 915 Boucher Avenue, Annapolis, Maryland 21403 (410-280-9270), hereby retain the law firm of KATOR, PARKS & WEISER, P.L.L.C., 1200 18th Street, N.W., Suite 1000, Washington, D.C. 20036, to represent me in the U.S. District Courts in the District of Columbia and in the District of Maryland in actions which I have filed in those courts.

In ***Rogler v. DHHS,*** **1:07-cv-01676(WMN)** you ignored my pleas, my emails, my telephone calls, my facsimiles, and my visits to your office and never entered your appearance to represent me. You were well aware that on February 14, 2008 the Court had entered an order referring the case to Magistrate James K. Bredar (Paper no. 34). You were well aware that my complaint needed to be amended and that the Defendant was declaring that it had not been properly served with the summons and complaint. Your abandonment of me caused me great stress. On March 12, 2008 I noticed my withdrawal from ADR (Paper no. 54). On March 13, 2008 I noticed my dismissal (Paper no. 60). After noticing my dismissal, Judge Bredar entered an order mandating my participation in ADR in *Rogler v. DHHS*, 1:07-cv-01676(WMN) (Paper no. 61). Said order has never been vacated. On March 17, 2008 I moved for reconsideration of the order (Paper no. 65). Since you never entered your appearance in said matter, why would I include you in *ex parte* settlement communications with Judge Bredar? Additionally why would Judge Bredar send you my *ex parte* settlement communications for this case when you never entered your appearance?

In ***Rogler v. Leavitt,*** **1:07-cv-00726(WMN)** you ignored my pleas, my emails, my telephone calls, my facsimiles, and my visits to your office and never entered your appearance to represent me. On March 19, 2008 I told your staff and left you voice mails instructing you not to enter you appearance that you breached our contract and you were terminated. Knowing that I had terminated you, you entered your appearance in *Rogler v. Leavitt*, 1:07-cv-00726(WMN) later on March 19, 2008 and then left me several telephone messages. Your entering your appearance is said matter is problematic for a number of reasons. First I have IFP status and had submitted a motion for appointment of counsel (Paper no. 3, 6 & 7, entered March 21, 2007 & April 12 & 20, 2007). For over a year Judge Nickerson had not decided that motion. I presumed the Court was letting the issues be fleshed out to determine if my cause had merit before deciding my motion. I diligently searched for representation (Paper no. 76, entered December 17, 2007). A different standard exists for the release of an attorney on a client with IFP status. Second, Judge Nickerson has objected to my style and piecemeal filings. I do not believe that he will wish for me to be without represented again. Third, I have done nothing to justify your withdrawal from my representation. You never gave me a copy of Judge Bredar's letter. It was not entered into the record on the Clerk's electronic docket. I did not breach his letter in regards to the Title VII suit. In regards to my Privacy Act suit in which you never entered your appearance, no one has released me from ADR on May 7, 2008. On March 19, 2008 you stated that you wished to represent me in all matters and

2

would do so competently. Therefore I did not inform Judge Nickerson that I had already terminated your representation of me and withdrew the termination of representation.

In *Rogler v. Biglow*, 1:07-cv-02308(RMC) you ignored my pleas, my emails, my telephone calls, my facsimiles, and my visits to your office and never entered your appearance to represent me. It is your contractual, legal and ethical duty to enter your appearance and represent me. You should be reading the electronic docket. You had me re-file in the District of Columbia. You have no right to object to my informing Judge Collyer that you have abandoned your representation of me. My opposing counsel has stated that she is shocked and confused as to whether or not I am represented. Needless to say I am in a total state of panic.

You scheduled an appointment with me for us to put our respective drafts of the ADR letter together to prepare a final letter. You postponed our appointment for April 16, 2008 and re-scheduled April 23, 2008. On April 23, 2008 you had prepared nothing, my file was not a file, but all three of my cases were thrown into an accordion file and totally disorganized. Your firm did not even take the effort to make a file on my case.

**I agree if you wish to have another attorney from your firm enter his/her appearance and withdraw your appearance. However, I highly object to your whole firm withdrawing from my case.** Judge Nickerson granted me IFP status. My case has merit. No one has relieved me from ADR on my Privacy Act case. You did not enter your appearance in my Privacy Act case. You told me that my Privacy Act case is still apart of the ADR settlement. I have a right to inform Judge Collyer of what is happening. More importantly you have not conducted yourself in a reasonable manner. I cannot understand what you are doing. You have me in two districts with two different judges. You have only entered your appearance in one case (the case with ADR pending). Now with ADR to occur next Wednesday you wish to withdraw. You have done this to other indigent people. It is not fair to us or anyone else involved.

Sincerely,

Edar Rogler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                                            :
Plaintiff *pro se*,

v.                                                          :

                                        C.A. No.  1:07-cv-02308(RMC)

**WILLIAM BIGLOW,** *et al.*
**Defendants.**                                           :

             ...oOo...

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

EDAR Y. ROGLER          )
                               )
      v                  )     Civil Action No. WMN-07-cv 00726
                               )
DEPARTMENT OF HEALTH   )
AND HUMAN SERVICES    )

## MOTION FOR LEAVE OF COURT TO WITHDRAW APPEARANCE

On March 19, 2008, undersigned counsel entered an appearance on behalf of plaintiff

Edar Y. Rogler in the above-captioned matter. It has become evident since that date, however,

that the lawyer-client relationship has deteriorated to the extent that withdrawal of the

undersigned as Ms. Rogler's counsel is necessary and appropriate. Ms. Rogler is agreeable to

the undersigned's withdrawal as her counsel and requests him to move for such leave. Ms.

Rogler wishes to proceed *pro se* and she is fully capable of doing so as she is an attorney

licensed in Texas and California and has filed her pending civil complaints and litigated those

matters largely without counsel.

More than five days have elapsed since Ms. Rogler received notice on April 26, 2008

that counsel would request the Court to permit his withdrawal and that she should engage other

counsel if she wished to do so.

For the above reasons, and as the plaintiff consents and in fact believes that the

undersigned's continuation as her counsel could impair her case, leave of the Court is requested

to permit the undersigned to withdraw from any further representation of the plaintiff Edar Y.

Rogler. A proposed order to this effect is herewith submitted.

Respectfully submitted,

_____/s/_____
Irving Kator
Rogler v. DHHS,
Civil No. WMN-07-cv-00726

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by email and overnight mail this 12th day of May 2008 to

    Edar Y. Rogler
    915 Boucher Avenue
    Annapolis, MD 21403

_____/s/_____
Irving Kator

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| EDAR Y. ROGLER | ) |
| | ) |
| v | ) Civil Action No. WMN-07-cv-00726 |
| | ) |
| DEPARTMENT OF HEALTH | ) |
| AND HUMAN SERVICES | ) |

## ORDER

Irving Kator, who has entered an appearance as counsel for the plaintiff, Edar Y. Rogler,

has requested leave of the Court to permit his withdrawal as counsel to the plaintiff in the above

captioned matter.

The premise considered, and it appearing that good cause exists for Irving Kator's

withdrawal of his appearance as counsel for plaintiff, Edar Y. Rogler, and as plaintiff interposes

no objection to such withdrawal, it is hereby

ORDERED that leave of the Court is granted Irving Kator to withdraw his appearance as

counsel for plaintiff Edar Y. Rogler in the above-captioned matter and the Clerk will notify Edar

Y. Rogler that she shall be deemed to be proceeding *pro se* unless and until new counsel enters

an appearance on her behalf.

_____
Judge