IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER
Plaintiff *pro se*,

v.

C.A. No. 1:07-cv-02308(RMC)

WILLIAM BIGLOW, *et al*
Defendants.

...oOo...

### PLAINTIFF'S NOTICE OF INTENTION
### TO OPPOSE DEFENDANTS' MOTION TO DISMISS
### ~or in the alternative~
### RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Edar Rogler, *pro se* hereby respectfully submits her notice of intention to oppose or in the alternative her response in opposition to DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY, TO STRIKE CERTAIN ALLEGATIONS AND DISMISS DOE DEFENDANTS 1 THROUGH 25 (Paper no. 11) for the following reasons:

Plaintiff has submitted her motion for enlargement of time [Dkt. #49] and her supplemental motion for enlargement of time, for which there has been no decision. Today is the last day to file her response. Plaintiff intends to oppose the Defs.' Mtn. Dismiss on all of Defendants' arguments and submits the instant response in case she is not granted a further enlargement of time.

### LEGAL ANALYSIS

**(1) The District of Columbia is a proper venue for Plaintiff's action.**

The Defendants have the burden of proving venue is improper. *F.C. Investment Group L.C. V. Lichtenstein*, 441 F.Supp. 2d 3 (D.D.C. 2006)(RMC); *In re Astro Power Liquidating Trust*, 335 BR. 309 (Bankr. D.Del. 2005);and *2215 Fifth St. Assocs v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001)(*citing* 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. 7 Procedure §1352 (2d.

1

ed. 1987). Defendants have failed to provide the Court with any evidence whatsoever to support their argument that the District of Columbia is not the proper venue pursuant to 28 U.S.C. §1391(b)(2). Assuming *arguendo* that this is not the proper venue the Court has the power and authority to transfer the instant matter to the United States District Court of Maryland. Plaintiff incorporates by reference herein her motions to transfer [Dkts. #27, 31, 33, 38 & 43]. Now that ADR was not successful and her attorney has withdrawn and/or abandoned her herein, Plaintiff amends her motions to transfer to declare that she only wishes her cause to be transferred to Maryland **if and only if she fails to establish venue and jurisdiction in the District of Columbia.** *See* Plaintiff's motions for judicial notice Pt I-IV [Dkts. # 43, 44, 47 & 51].

**(2)(a) This Court has personal jurisdiction over Defendants because Plaintiff has effectuated proper service of process over the Defendants.**

In *Tom Sawyer Productions, Inc. v. Progressive Partners Achieving Solutions, Inc., et al.*, 2008 U.S. Dist. LEXIS 36344, *6-*10 (D.D.C. May 6, 2008) (C.A. no. 07-1304 (RMC)) the Court discussed Rule 12(b)(5):

> Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant." *Estate of Klieman v. Palestinian Auth.*, 2008 U.S. Dist. LEXIS 31746, *9 (D.D.C. Apr. 18, 2008) (citations omitted). Under Federal Rule of Civil Procedure 12(b)(5), "[i]f the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint . . . . Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service." *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Failure of service is a jurisdictional defect which is fatal. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 259 U.S. App. D.C. 442, 816 F.2d 746, 750 (D.C. Cir. 1987).

Plaintiff has effectuated proper service of process over the Defendants pursuant to Rule 4. *See* Returns of Service/Affidavits of Summons and Complaint Executed. [Dkts. #8, 14, 15, 17, 18, 19, 20, 21, 24] All Defendants were served within 120 days from the filing of the complaint [Dkt.

#1]. *See* Plf.'s Mtn. Judicial Notice Part II, paragraph numbered "3", p. 3. Defendants had actual notice and receipt of the complaints because the Plaintiff used the waiver procedure. [Dkt. #3] Defendants have failed to produce any admissible evidence that they were not served in strict compliance with Rule 4 and/or that they have not been constructively served with process to pass the constitutional muster for notice and an opportunity to be heard. Further should the Court deem that service of process was improper, Plaintiff has submitted her Motion for Extension of Time to effectuate service on Defendants that the Court deems to have not been properly served [Dkt. #26]. Defendants have failed to file a motion to quash the Plaintiff's service of process over them pursuant to Rule 4(f) and 4(e).

**(2)(b) The Court can exercise jurisdiction over non-resident Defendants through DC's long arm statute, D.C. Code §13-423(a)(1)-(4), and 28 U.S.C. §1391(b)(2).**

The Court discusses the legal analysis of Federal Rules of Civil Procedure ("Rules"), Rules 12(b)(2) in *Tom Sawyer Productions, Inc. v. Progressive Partners Achieving Solutions, Inc., et al.*, 2008 U.S. Dist. LEXIS 36344, *6-*10 (D.D.C. May 6, 2008) (C.A. no. 07-1304 (RMC)):

> On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 282 U.S. App. D.C. 295, 894 F.2d 454, 456 (D.C. Cir. 1990). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 348 U.S. App. D.C. 238, 274 F.3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are insufficient. *Id.*
>
> In determining whether a factual basis for personal jurisdiction exists, the court should resolve factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. The court need not treat all of the plaintiff's allegations as true, however. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id.*

An act and/or an omission by an agent of the Defendants that causes a tortious injury within the District of Columbia should provide this Court with personal jurisdiction over non-resident

3

Defendants. *Mandelkorn v. Patrick*, 359 F. Supp. 692, 695 (D.D.C. 1973); and *Capital Bank Int'l Ltd v. Citigroup, Inc.*, 276 F.Supp. 2d 72 (D.D.C. 2003). The Defendants' total failure to provide the Court with any admissible evidence to refute and deny the conspiracy is fatal to their argument that this Court cannot exercise jurisdiction over them. *See* Plaintiff's motions for judicial notice Pt I-IV [Dkts. # 43, 44, 47 & 51]. The Plaintiff has presented the Court with sufficient evidence of a conspiracy called "Clean Sweep" to provide Def. Fitzgerald with his "dream team scheme" and that the conspiracy resulted in the termination of Rev. Henry Heffernan ("Heffernan"), Rabbi Reeve Robert Brenner ("Brenner") and the Plaintiff, and that the Defendants acted in a privacy conspiracy and conspiracy to violate the constitutional and Title VII rights of Heffernan, Brenner[1], and the Plaintiff. Id.

In particular the Plaintiff wishes to draw the Court's attention to the factual finding of the EEOC, Pltf.'s Mtn. Judical Notice Pt IV, Exh. 4, EEOC Decision, p.10-11, paragraph numbered 22. [Dkt.#51]. Moreover in December of 2005 the EEOC Baltimore Field Office was hearing only the suspension of Heffernan and not his termination. The Merit System Protection Board had upheld the termination of Heffernan and in December of 2005 the termination matter was on appeal at the EEOC OFO in Washington, D.C..[2] The Defendants were particularly irate about the Plaintiff's meeting in Washington, D.C. with Heffernan's attorneys who wish to draft a declaration for their

---

[1] See Plaintiff's Motion for Judicial Notice Pt III, [Dkt. #44]. Brenner was the comparison employee. Plaintiff's Motion for Judicial Notice Pt IV, Exh. 4, EEOC Decision, paragraph 29, page 14, [Dkt. #51]. Please take judicial notice that the EEOC Decision was published on 10/5/06 and Brenner was place on administrative leave on 10/18/06 (13 days later). Brenner was never allowed to come back from administrative leave and was terminated. Prior to 10/18/06 Brenner had a totally clean personnel record and no disciplinary actions taken against him. There was no progressive discipline only outrageous retaliation.

[2] Plaintiff believes that action was *Heffernan v. Department of Health and Human Services*, EEOC Petition No. 03A60015 (February 21, 2006). *See, Heffernan v. Leavitt*, Petition No. 0320060079, EEOC OFO Decision, at page 5, which states, "Therefore, the decision remanded the matter back to the MSPB to take additional evidence of pretest on both bases of discrimination. *See Heffernan v. Department of Health and Human Services*, EEOC Petition No. 03A60015 (February 21, 2006). [Dkt. #34, page 14]. Plaintiff asserts to the Court that upholding Heffernan's termination was far more important to the Defendants than his suspension.

4

appeal pending at the OFO in Washington, D.C.. Thereafter the EEOC and MSPB agreed that Judge Norken would take the testimony for both federal panels.

Further the Plaintiff has moved for leave to be granted jurisdictional discovery. [Dkt. #44]. However Plaintiff asserts that the Defendants have all had minimum contacts with the District of Columbia and have availed themselves to the District of Columbia and/or participated in a conspiracy called "Clean Sweep."

**(3) Plaintiff has standing to bring her claims of constitutional and Section 1985 violations.**

Plaintiff has described the claims of others for the purposes of establishing the existence of a conspiracy and the delineating the purposes of the conspiracy, and not to recover on injuries and/or damages sustained by other people. Defendants move for paragraphs to be stricken after the anticipated denial of Defs.' Mtn. Dismiss. The Court should not strike facts which support the contention that the Defendants acted in conspiracy to violate the rights of Heffernan, Brenner, Plaintiff, and others. These facts show a conspiracy and the *Sitz im Leben* of the private conspiracy. This is the same conspiracy that injured and retaliated against the Plaintiff.

**(4) Plaintiff claims are not barred by the doctrine of intracorporate conspiracy.**

Plaintiff incorporated by reference herein her Mtn. to Strike [Dkt. #48]. This is not the appropriate cause of action for the affirmative defense of intracorporate conspiracy doctrine to be applied and the Defendants were not all federal employees employed by the same employer.

**(5) Plaintiff has stated a claim under the provisions of 42 U.S.C. §§1985(1)-(3).**

The Court discusses the legal analysis of Federal Rules of Civil Procedure ("Rules"), Rules 12(b)(6) in *Tom Sawyer Productions, Inc. v. Progressive Partners Achieving Solutions, Inc., et al.,* 2008 U.S. Dist. LEXIS 36344, *6-*10 (D.D.C. May 6, 2008) (C.A. no. 07-1304 (RMC)):

5

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. A sufficient complaint "contains a short and plain statement of the claim showing that the pleader is entitled to relief, enough to give a defendant fair notice of the claims against him." *Aktieselskabet Af 21 v. Fame Jeans, Inc.*, No. 07-7105, 2008 U.S. App. LEXIS 9627, at *13 (D.C. Cir. Apr. 29, 2008) (internal citations and quotation marks omitted). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted). The court must treat the complaint's factual allegations -- including mixed questions of law and fact -- as true, drawing all reasonable inferences in the plaintiff's favor, *Macharia v. United States*, 357 U.S. App. D.C. 223, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 357 U.S. App. D.C. 35, 333 F.3d 156, 165 (D.C. Cir. 2003), and the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965. *See also Aktieselskabet*, 2008 U.S. App. LEXIS 9627, at *13 ("In deciding a 12(b)(6) motion, a court construes the complaint liberally in the plaintiff's favor, accepting as true all of the factual allegations contained in the complaint.") (citations omitted). But the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Id.* at *19 n.4; *Browning v. Clinton*, 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002). In deciding a 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). However, the Court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b); *Yates v. District of Columbia*, 355 U.S. App. D.C. 344, 324 F.3d 724, 725 (D.C. Cir. 2003).

*Wiley v. Johnson*, 436 F.Supp 2d 91, 95 (D.D.C. 2006):

A Title VII plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC. *Bowden v. U.S.*, 323 U.S. App. D.C. 164, 106 F.3d 433, 437 (D.C. Cir. 1997); *see, e.g., Gillet v. King*, 931 F. Supp. 9, 12-13 (D.D.C. 1996) (dismissing plaintiff's claim for failure to exhaust administrative remedies), *aff'd*, 328 U.S. App. D.C. 135, 132 F.3d 1481 (D.C. Cir. 1997) (Table). "Federal employees may only bring Title VII lawsuits in federal district court if they have exhausted remedies available through administrative processes and filed suit within 90 days of final administrative action." *Price v. Greenspan*, 374 F. Supp. 2d 177, 184 (D.D.C. 2005).

The filing of an administrative charge with the EEOC is a jurisdictional prerequisite to maintaining a Title VII action in federal district court. *Sisay v. Greyhound Lines, Inc.*, 34 F. Supp. 2d 59, 64 (D.D.C. 1998). "Only after the EEOC has notified the

aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action [himself]." *Camp v. Dist. of Columbia*, 2006 U.S. Dist. LEXIS 13317, 2006 WL 667956, *6 (D.D.C. Mar. 14, 2006) (citing *Park v. Howard Univ.*, 315 U.S. App. D.C. 196, 71 F.3d 904, 907 (D.C. Cir. 1995)).

Whether Plaintiff is an independent contractor, a federal employee, or a common law federal employee is a disputed fact, which can and should be resolved by the evidence submitted by the Plaintiff in her motions for judicial notice. However Plaintiff assert that she was a federal official within the meaning of the statute and that her complaint fulfills the meaning and the spirit of Section 1985 claims.

(6) **Plaintiff has stated a claim for implied violations of constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).**

In some aspects[3] the instant suit is an alternative remedy to the Plaintiff's Title VII complaint. Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. §2000e, *et seq.*. Congress made Title VII applicable to the federal workforce in 1972 by explicitly waiving the United States' sovereign immunity. 42 U.S.C. §2000e-16. The Supreme Court has held that §2000e-16 "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Servs. Admin.*, 425 U.S. 820, 835

---

[3] According to the factual findings of the EEOC, the Plaintiff was terminated without cause on December 23, 2005. Plaintiff was listed as a witness on January 4, 2006. See Test. Jones and Test. Fitzgerald Attorney Cathy Harris telephoned Def. Attorney Julie Lu on January 4, 2006 and stated to her Plaintiff was a witness. See footnote 1, COMPLAINTANT'S MOTION TO CALL EDAR ROGLER AS A WITNESS, Pltf.'s Mtn. Judicial Notice Pt IV, Exh. 1-12 [Dkt#51]. Additionally Ms. Harris transmitted COMPLAINTANT'S MOTION TO CALL EDAR ROGLER AS A WITNESS, Pltf.'s Mtn. Judicial Notice Pt IV, Exh. 1-12 [Dkt#51] to Def. Lu by facsimile on January 4, 2006. Id., Certificate of Service. On January 5, 2006 Def. Lu transmitted her AGENCY'S OPPOSITION TO COMPLAINANT'S MOTION TO CALL EDAR ROGLER AS A WITNESS, Pltf.'s Mtn. Judicial Notice Pt IV, Exh. 1-13 [Dkt#51] with a copy of a letter dated the same day January 5, 2006 terminating Plaintiff for cause to EEOC A.J. Norken. Therefore Judge Norken had Plaintiff's termination letter before Plaintiff had it. Plaintiff is unsure if the Agency's changing the date and terms of her termination is covered by Title VII. The Agency terminated her without cause on December 23, 2005. Therefore when it was changed on January 5, 2006 would that be a post-employment action not covered by Title VII? Of course Judge Norken did not fail to grasp the fact that he had the Plaintiff's termination letter before Plaintiff had received it. *See* factual finding of the EEOC, Pltf.'s Mtn. Judical Notice Pt IV, Exh. 4, EEOC Decision, p.10-11, paragraph numbered 22.

(1976). The Defendants have failed to present any admissible evidence that the Plaintiff was not an "employee or applicant for employment" covered by Title VII. A mere label of "contractor" does not remove the Plaintiff from Title VII protection.

In *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988), the Supreme Court held that for a Bivens action, there could be "no explicit statutory alternative remedy." The Court must first make a determination if the Plaintiff has statutory remedies for her injuries and damages pursuant to Title VII before the Plaintiff would be entitled to pursue a *Bivens* action. Pursuant to 42 U.S.C. 2000e (f), an "employee" for purposes of relief under Title VII of the 1964 Civil Rights Act is not well defined. The Courts apply the test enunciated in the case of *Spirides v. Reinhardt*, 613 F.2d 826 (D.C.Cir. 1979). Defendants merely label the Plaintiff a "contractor" and attempt to assert that *ipso facto* Plaintiff is not entitled to protection under Title VII or the Constitution. *Spirides*, 613 F.2d at 829, is generally cited for the proposition that the Court should look past the label given to the worker and apply the facts of the case to the test enunciated to determine if the worker is a common law employee or independent contractor for purposes of Title VII. However the case law requires the Court to examine the economic realities of the relationship and factors drawn from the common law of agency test.

Federal employees have the exclusive remedy of Title VII and the *Bivens* remedies do not apply. Bush v. Lucas, 462 U.S. 367 (1983). The Court can determine from the Plaintiff's four Motions for Judicial Notice Pt I-IV [Dkts. # 43, 44, 47 & 51] that Plaintiff was a federal employee covered by Title VII. The federal government hired, paid, and fired the Plaintiff. The testimony of Def. Fitzgerald that Plaintiff as an associate chaplain was not at the functioning level educationally and/or with sufficient experience for her to work independent of his supervision, control and management. Motion for Judical Notice Pt I, Fitzgerald Test. 1624:10b-11a and 1625:20-21, page 6-

8

7 and Motion for Judical Notice Pt IV, Exhs 1-6, 1-9, 1-10. 1-11. NIH CC repeatedly referred to the Plaintiff as an "employee." Motion for Judical Notice Pt IV, Exhs. 1-4, 1-5, 1-7, [Dkts. #51]. There was no written contract for Plaintiff and the Agency's relationship. Plaintiff submitted timesheets (not invoices), id. Exh. 1-8, and was paid by check, id. Exh. 1-1. Plaintiff was not a business entity and was not employed by a temporary service. Def. Fitzgerald recruited the Plaintiff without any advertisements and/or postings. There is sufficient evidence in the record submitted in Plaintiff's motions for judicial notice that the Court could and should declare the Plaintiff to be a common law federal employee protected by Title VII. Plaintiff testified truthfully. Pltf.'s Mtn. Judical Notice Pt IV, Exh. 4, EEOC Decision, p.10-11, paragraph numbered 20. [Dkt.#51]. Plaintiff was "frank, was not evasive and appeared credible." Id., p. 11, paragraph numbered 22. Plaintiff was terminated without cause on December 23, 2005. Pltf.'s Mtn. Judical Notice Pt IV, Exh. 4, EEOC Decision, p.10-11, paragraph numbered 22. [Dkt.#51]. After being named as a witness the Defendants change Plaintiff's termination for cause, which according to the factual findings of the EEOC was not supported by the evidence. Pltf.'s Mtn. Judical Notice Pt IV, Exh. 4, EEOC Decision, p.10-11, paragraph numbered 20, footnote 3. [Dkt.#51]. According to NIH's FORM 2544 (Revised 11/85) Plaintiff work for NIH was personal in nature and resulted in an employer-employee relationship. Pltf.'s Mtn. Judical Notice Pt IV, Exh. 2.s

If the Court determines that Title VII does not apply or that it is premature to render a decision, then Plaintiff asserts that she has demonstrated the elements required for a *Bivens* claim based on conspiracy of federal agents and shown: (1) the existence of an express or implied agreement among the defendants to deprive someone of constitutional rights, and (2) an actual deprivation of those constitutional rights resulting from the agreement.

9

If the Court finds that Plaintiff does not qualify for the Civil Service Reform Act and that her First Amendment rights violations are not covered by Title VII, then *Bivens* would be applicable. Some redress should be applicable. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Moreover, Plaintiff was terminated without cause on December 23, 2005. Therefore she was not an employee and/or contractor on January 4, 2006 when Heffernan's attorneys notified Defendant Lu that Heffernan was adding Plaintiff's name to his witness list. Defendants terminated the Plaintiff for a second time with cause and transmitted it by facsimile it to EEOC A.J. Norken the very next day January 5, 2006 before providing it to the Plaintiff. It appeared to the EEOC that Plaintiff was no longer employed when the termination letter was drafted and then published. The evidence in the hearing is available to the public at the close of the proceeding. Assuming *arguendo* if the Court deems the Plaintiff to be covered by Title VII, that coverage would end on December 23, 2005 and the termination letter would be a *Bivens* action for damages to Plaintiff's reputation, future employment opportunities, and federal clearance,[4] etc., because Plaintiff can only be terminated from NIH once. Additionally Judge Norken ruled that the letter was irrelevant and inadmissible in the *Heffernan* hearing. However the Defendants' actions have made it public even though it is not admissible evidence. Said letter definitely stigmatizes the Plaintiff. *Hutchison v. CIA*, 364 U.S. APP. D.C. 203, 393 F.3d 226, 231 (D.C. Cir. 2005); and *Orange v. Dist. Of Columbia*, 313 U.S. App. D.C. 279, 59 F.3d 1267, 1274 (D.C. Cir. 1995). Plaintiff asserts that she has constitutional substantive due process to be protected from arbitrary government action such as the creation of a false letter of termination after Plaintiff was terminated to retaliate her for coming forward as a witness. *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998).

---

[4] Plaintiff had federal clearance to be employed at the Dayton VAMC.

Plaintiff's speech was on a matter of public concern and the interest in the speech outweighed the government's interest. *Connick v. Myers*, 461 U.S. 138, 150, 75 L.Ed. 2d 708, 103 S.Ct. 1684 (1983). Plaintiff's speech was a substantial or motivating factor in the adverse actions of the Defendants. *Mount Healthy City Board of Education v. Doyle*, 429 U.S. 274, 287, 50 L.Ed. 2d 471, 97 S.Ct. 568 (1977).

### (7) Defendants do not enjoy qualified immunity from suit.

The facts to determine whether the Defendants have qualified immunity from the instant suit as so interwined with the factual disputes on jurisdiction and the merits of the case that it is inappropriate for the Court to grant the Defendants qualified immunity. Summary judgment standard is required. *Cupit v. United States*, 964 F.Supp. 1104, 1107 (W.D. La. 1997). *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994); *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997). Defendants offer the Court no evidence to support their contention that they are entitled to qualified immunity. The contours of the constitutional violations alleged by the Plaintiff were clearly established at the time of the Defendants' conduct. Pre-existing law should have made it clear to the Defendant that their conduct violated the constitutional rights of the Plaintiff. *Harlow v. Gitzgerald*, 457 U.S. 800, 818 (1982). The actions of the Defendants also violated due process by lacking in finding of facts, reached without notice to Plaintiff, failure to provide Plaintiff with a meaningful opportunity to be heard and deprived Plaintiff of interest in certain property. *Sloan v. HUD*, 343 U.S. App. D.C. 376, 231 F.3d 10, 18-19 (D.C.Cir. 2000).

### Doctrine of Collateral Estoppel

In *Elkins v. District of Columbia*, 527 F.Supp. 2d 36, 45 (D.D.C. 2007)

Under the doctrine of collateral estoppel, or issue preclusion, an issue of fact or law that was actually litigated and necessarily decided is conclusive in a subsequent

11

action between the same parties or their privies. *Carr v. Rose*, 701 A.2d 1065, 1076 (D.C. 1997). An issue is "actually litigated" for collateral estoppel purposes "when it is (1) properly raised, by pleadings or otherwise, (2) submitted for determination, and (3) determined." *Id.* at 1076-77 (quoting the Restatement (Second) of Judgments § 27 Cmt. d) (internal quotation marks omitted). "Collateral estoppel precludes the relitigation of factual or legal issues decided in a previous proceeding and essential to the prior judgment." *Kingman Park Civic Ass'n v. Williams*, 924 A.2d 979, 987 (D.C. 2007). Factual findings by D.C.'s administrative agencies acting in a judicial capacity are entitled to preclusive effect, so long as the proceeding was "the essential equivalent of a judicial proceeding." *Winder v. Erste*, 511 F. Supp. 2d 160, 176 (D.D.C. 2007).

**Fifth Amendment** In *Elkins v. District of Columbia*, 527 F.Supp. 2d 36, 47-48 (D.D.C. 2007)

1. Procedural Due Process

    The Fifth Amendment protects against the deprivation of (footnote omitted) without [*48] due process. In order to determine whether a litigant's due process rights were adequately protected, courts consider:

    (1) the private interests . . . affected by the official action;
    (2) the risk of an erroneous deprivation of such an interest through the procedures used and the value, if any, of additional or substitute procedural safeguards; and
    (3) the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). Procedural due process requires sufficient notice and opportunity to be heard at a meaningful time and in a meaningful manner. *See id.*; *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trustees of the Univ. of the Dist. of Columbia*, 312 U.S. App. D.C. 399, 56 F.3d 1469, 1472 (D.C. Cir. 1995). Sufficient [**26] notice and opportunity to be heard is provided by a notice of intent to rescind a building permit together with the opportunity to respond in writing. For example, in *American Towers, Inc. v. Williams*, 146 F. Supp. 2d 27, 33 (D.D.C. 2001), *aff'd*, 50 Fed. Appx. 448, 2002 WL 31428383 (D.C. Cir. 2002), the DCRA issued a notice of intent to rescind and cancel a plaintiff's building permit. DCRA informed the plaintiff of the grounds upon which the agency proposed to act and the plaintiff had the opportunity to file a written response. Even though the plaintiff submitted a response, DCRA rescinded the permit. The district court found that this procedure met the requirements of due process. *Id.*

12

**Defendants Totally Fail to Provide the Court with any Admissible Evidence to Support Their Arguments.**

In *Tom Sawyer Productions, Inc. v. Progressive Partners Achieving Solutions, Inc., et al.*, 2008 U.S. Dist. LEXIS 36344, *18 (D.D.C. May 6, 2008) (C.A. no. 07-1304 (RMC)) the Court discussed the absence of evidence as follows:

> A lawyer's argument does not substitute for admissible evidence. *See Davis v. District of Columbia*, 2006 U.S. Dist. LEXIS 94650, at *16 (D.D.C. Sept. 28, 2006) ("This circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, did not set forth specific material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue.") (citing *Tarpley v. Greene*, 221 U.S. App. D.C. 227, 684 F.2d 1, 7 (D.C. Cir. 1982); *Burke v. Gould*, 351 U.S. App. D.C. 1, 286 F.3d 513, 517 (D.D.C. 2002)). Counsel offers no affidavit

**Substantive Due Process** In *Elkins v. District of Columbia*, 527 F.Supp. 2d 36, 49-50 (D.D.C. 2007)

> "[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento*, 523 U.S. at 847 n.8; *accord Butera v. District of Columbia*, 344 U.S. App. D.C. 265, 235 F.3d 637, 651 (D.C. Cir. 2001). Only government conduct that was "gravely unfair" can give rise to a substantive due process claim. *Silverman v. Barry*, 269 U.S. App. D.C. 327, 845 F.2d 1072, 1080 (D.C. Cir. 1988). Such drastic actions include those involving a "substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights." *Id.* at 1080; *accord George Washington Univ. v. District of Columbia*, 355 U.S. App. D.C. 12, 318 F.3d 203, 209 (D.C. Cir. 2003). "The government's infringement of the recognized property interest must constitute a grave unfairness: Inadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official duties, do not warrant redress." *Silverman*, 845 F.2d at 1080. A mere violation of law or deviation from regulations and procedures has been found insufficient to support a substantive due process claim. *Am. Fed'n* [*50] *of Gov't Employees, Local 446 v. Nicholson*, 374 U.S. App. D.C. 332, 475 F.3d 341, 353 (D.C. Cir. 2007); *Duckett v. Quick*, 350 U.S. App. D.C. 217, 282 F.3d 844, 848 (D.C. Cir. 2002).

**Punitive damages** In *Elkins v. District of Columbia*, 527 F.Supp. 2d 36, 47 (D.D.C. 2007)

> Punitive damages, however, are available against the individual defendants where their conduct was "motivated by evil motive or intent, or when it involve[d] reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). As there has been no discovery yet in this case, dismissal of Plaintiffs' claim for punitive damages against the individual defendants would be premature.

The Court should not dismiss the instant matter based upon Rule 12(b)(1) because the jurisdictional facts and merits are intertwined. *See United States v. North Carolina*, 180 F.3d 574, 580-581 (4th 1999); *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362-65 (1st Cir. 2001); and Lawrence v. Dunbar, 919 F.2d 1524, 1529 (11th Cir. 1990)(per curiam).

The Court should not grant the Defs.' Mtn to Dismiss under Rule 12(b)(6), because the Defendants have totally failed to controvert the factual allegations in the Plaintiff's complaint [Dkt. #1] and in her Mtns. Judicial Notice Pt I-IV [Dkts. # 43, 44, 47 & 51]. The Court should accept the Plaintiff's allegations as true. *Alexis v. District of Columbia*, 44 F.Supp. 2d 331, 336-37 (D.D.C. 1999); and *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2nd. Cir. 1994). Defendants should not be permitted to contravert Plaintiff's evidence and allegations in their reply, when they totally failed to do so in their motion. The Defendants have not demonstrated that it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.c.Cir. 1994). Plaintiff has not had an opportunity at discovery and still has more evidence that she can submit to support her case. Plaintiff's complaint might be poorly drafted, but it shows a case with merit.

**WHEREFORE** Plaintiff respectfully continues to move for an enlargement of time, however if her motion is denied, in the alternative, she submits her opposition and memorandum of law praying that her complaint is not dismissed.

Respectfully submitted by:

DATED: June 9, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270
edar_rogler@yahoo.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008 I mailed postage, pre-paid the above reply to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER

*Electronically served June 9, 2008*
/s/