# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
**Plaintiff** *pro se,*                                    :

**v.**                                                     :

**WILLIAM BIGLOW,** *et al.*                               C.A. No.  1:07-cv-02308(RMC)
**Defendants.**

...oOo...

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
## FOR MOTION FOR ENLARGEMENT OF TIME

Plaintiff, Edar Rogler, *pro se* hereby respectfully supplements her memorandum of points

and authorities for her motion for enlargement of time to respond to Defs.' Mtn. To Dismiss.  [Dkt.

#49].  Plaintiff inadvertently failed to point out three things:  1.) she has not received her ECF

password;  2.)  how abandonment of counsel has prejudiced her case because counsel still has her

records and has cost her to unnecessarily lose time; and 3.)  how Defs.' Mtn. To Dismiss is so broad

and generalized that it is impossible to respond to quickly.  Plaintiff hereby submits her

Supplemental Declaration of Edar Rogler ("Sup. Dec. Edar Rogler") to support her motion [Dkt.

#49].

Plaintiff diligently tried to obtain information from the law firm as to its intention to

represent her.  (Sup. Dec. Edar Rogler, ¶4)  The law firm did not clearly state that it would not

represent the Plaintiff until Attorney Irving Kator's letter to Plaintiff dated April 25, 2008 [Dkt. #49,

p. 16-18].  However, by witnessing that no attorney had entered his/her appearance in the instant

electronic docket, Plaintiff began having reasonable suspicions that she was going to be abandoned

at least by March 31, 2008.  Plaintiff started trying to mitigate the damages of the law firm's

**RECEIVED**

JUN  9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

inactivity by serving the Defendants, thinking that this action would not damage or interfere with any of the law firm's potential legal strategy should the firm later enter it's appearance.

Plaintiff wishes to express how the law firm's abandonment has prejudiced her in the instant matter. Plaintiff did not file any motions for leave to proceed in *forma pauperis* or for the appointment of an attorney. The law firm has all of the Plaintiff's records for the instant suit and is forcing the Plaintiff to reconstruct her records and re-do her legal research. (Sup. Dec. Edar Rogler, ¶¶3, 13-14) Plaintiff was delayed in filing a motion for leave to make her filings electronically. She has been granted leave by the Court to make her filings electronically, however she has not yet received her ECF password. (Sup. Dec. Edar Rogler, ¶15) The law firm's motion to withdraw from the Plaintiff's Title VII suit in the Maryland District Court has been very time consuming because the law firm moves for the Plaintiff to be found at fault for sharing the firm's engagement agreement with this Court and Judge Bredar. (Sup. Dec. Edar Rogler, ¶12) and [Dkt. #49, p. 16-26]. The law firm wasted the Plaintiff's time in her trips to the law firm, emails, fax's, and letter inquiring as to what the law firm's intentions were in representing the Plaintiff. (Sup. Dec. Edar Rogler, ¶4)

Plaintiff is having difficulty finding case law to match her particular predicament with the law firm KATOR, PARKS & WEISER, P.L.L.C. ("the law firm") total abandonment of her representation without cause and/or notice in the instant action. In *Strong-Fischer v. Peters*, 2008 U.S.Dist. LEXIS 40810 (D.D.C. May 22, 2008)(RWR) the plaintiff's counsel entered his appearance and represented her but failed to take one action in a timely manner. Other courts have found that the abandonment of a client is grounds to delay Writs of Habeas Corpus. *In re Sanders*, 21 Cal. 4th 697, 707-08, 981 P. 2d 1038, 87 Cal. Rptr. 2d 8999 (D.Cal. 1999). Disappearance of counsel has been deemed grounds for reconsideration under Rule 60. *Vindigni v. Meyer*, 441 F.2d 376 (Cir. 2d 1971). Under general principles of equity the Plaintiff has not caused the law firm to abandon her in

the instant case, has diligently been trying to mitigate the damages and should not be further injured by the denial of her motion for a second enlargement of time.

Defendants' motion to dismiss [Dkt #11] is overly broad and generalized, and is difficult to respond to quickly. Almost all of Plaintiff's submissions have been in response to Defs.' Mtn to Dismiss and her legal research of said motion.

WHEREFORE plaintiff respectfully prays for an enlargement of time to respond to Defendants' Motion to Dismiss.

Respectfully submitted by:

DATED:  June 5, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland  21403
(410) 280-9270
edar_rogler@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2008 I mailed postage, pre-paid the above reply to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia  20530.

EDAR ROGLER

3

## SUPPLEMENTAL DECLARATION OF EDAR ROGLER

I, EDAR ROGLER, pursuant to 28 U.S.C. §1746, hereby declare the following:

1.) As stated in my earlier declaration on February 15, 2008 the law firm of KATOR, PARKS & WEISER, P.L.L.C. ("the law firm") entered into an engagement agreement to "represent me in the U.S. District Courts in the District of Columbia and in the District of Maryland in actions which I have filed in those courts." (Exh. 1, Dkt. #22)

2.) In *Rogler v. Biglow et al.,* Civil Action ("C.A.") No. RMC-07- 02308 and *Rogler v. D.H.H.S.,* C.A. No. WMN-07- 01676 the firm totally abandoned its representation of me without cause and/or notice.

3.) In February of 2008 gave the law firm all of my records in all federal cases, including legal research and could not afford to make copies for myself.

4.) I made a couple of trips to the law firm, sent facsimiles, emails, letters and telephone call to inquire of the law firm about its total failure to enter of any attorney to enter his/her appearance on my behalf is said lawsuits, id., and in *Rogler v. Leavitt,* C.A. No. WMN-07-726. True and accurate copies of some of my communications are attached hereto email dated February 20, 2008 07:57:05-0800 (PST) to Attorney Irving Kator ("Kator") and Office Manager Ramona Cohen ("Cohen"), Exhibit "1"; facsimile dated February 21, 2008 to Mr. Kator and Ms. Cohen, Exhibit "2"; email dated February 26, 2008 7:07 PM and February 26, 2008 16:31:18-0800 (PST) to Mr. Kator and Ms. Cohen with Ms. Cohen's response dated February 26, 2008 7:16:50 PM, Exhibit "3"; and email dated April 8, 2008 05:23:54-0700(PDT) to Mr. Kator and Attorney Adrienne Tranel ("Ms. Tranel"), Exhibit "4".

1

5.) Mr. Kator informed me that U.S. District Court Judge Nickerson had telephoned him to inquire if he was still on the case. Mr. Kator had not entered his appearance in *Rogler v. Leavitt*, C.A. No. WMN-07-726.

6.) As stated in my earlier declaration I terminated the attorney/client relationship with Mr. Kator from March 18 to 19, 2008 for the firms total abandonment without cause and/or notice. On March 19, 2008 knowing that I had terminated the relationship Mr. Kator entered his appearance in *Rogler v. Leavitt*, C.A. No. WMN-07-726.

7.) Mr. Kator and I had a scheduled our first meeting for April 16, 2008, which Mr. Kator postponed to April 22, 2008. I wrote a confirming email to Mr. Kator and Ms. Tranel dated April 22, 2008 10:46 AM, and received a confirming response from Mr. Kator dated April 22, 2008, Exhibit "5".

8.) At our meeting on April 23, 2008 Mr. Kator did not have anything prepared, did not know the facts and law relevant to my cases. I received back only my Privacy Act records.

9.) Attorney Irving Kator never provided me with copies of U.S. Magistrate Bredar's letters to him including the one dated April 24, 2008.

10.) No attorney entered his/her appearance in *Rogler v. D.H.H.S.*, C.A. No. WMN-07- 01676. On March 11, 2008 the Court ruled in its Memorandum (Id., Paper no. 53) that it had no personal jurisdiction over Defendant D.H.H.S. due to the Clerk's failure to serve the Defendant in strict compliance with Federal Rules of Civil Procedure ("Rules") Rule 4. On March 12, 2008 I filed my Plaintiff's Withdrawal from ADR (Id., Paper no. 54), a true and accurate copy is attached as Exhibit "6". On March 12, 2008 Defendant filed its Response to Notice of Withdrawal from ADR (Id., Paper no. 57), a

true and accurate copy is attached as Exhibit "7". On March 13, 2008 I filed my Notice

of Dismissal (Id., Paper no. 60). After filing my Notice of Dismissal Judge Bredar

ordered me to involuntarily participate in ADR on May 7, 2008 in *Rogler v. D.H.H.S.*,

C.A. No. WMN-07- 01676. I submitted my motion for reconsideration (Id., Paper no.

65), ~~a true and accurate copy is a true and accurate copy is~~ *attached as Exhibit "8".*

12.) I provided Judge Bredar with a complimentary copy of a motion wherein I

referred to Judge Bredar that I had filed in *Rogler v. DHHS & Fitzgerald*, C.A. No. RMC

08-0570 entitled, Plaintiff's Motion and Memorandum of Law for Transfer to the U.S.

District Court of Maryland and Motion to Shorten Defendant's Time to Oppose or *Sua*

*Sponte* Order the Transfer, a true and accurate copy is attached hereto as Exhibit "9". I

do not know of any Federal Rule and/or U.S. District Court for Maryland Local Rule that

prohibited me from providing Judge Bredar with a complimentary copy of a motion that

refers to him. I was never represented in said suit.

13.) By email dated May 12, 2008 15:52:35-0700 (PDT) to Mr. Kator and Ms.

Tranel I requested the return of all of my records, a true and accurate copy is attached

hereto as Exhibit "10".

14.) To date the law firm still has my records on my *Bivens* and Title VII suits

and has not returned them to me.

15.) I have not received my ECF password. I mailed my registration to Ms.

Peggy Trainum. I visited the Clerk's Office on May 23, 2008 to discuss that I had not

received my ECF password. This week Ms. Teresa G. telephoned me and is helping me

to obtain an ECF password and recommended I telephone the ECF trainer. I talked with

the ECF trainer who said he would help me after I get an ECF password and suggested

3

that I telephone Ms. Trainum.  Ms. Trainum had me fax her a completed registration form.

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. §1746.

Dated at Annapolis, Maryland this 5th day of June, 2008

EDAR ROGLER

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                              :
**Plaintiff** *pro se*


**v.**                                       :

**WILLIAM BIGLOW,** *et al*                  **CASE NO.  1:07-cv-02308(RMC)**

_____oOo_____


**EXHIBIT "1"**

**YAHOO!** MAIL
_Classic_

Print - Close Window

| | |
|---|---|
| **Date:** | Wed, 20 Feb 2008 07:57:05 -0800 (PST) |
| **From:** | "edar rogler" <edar_rogler@yahoo.com> |
| **Subject:** | Have all my papers collected on my privacy case |
| **To:** | "Irving Kator" <ikator@katorparks.com>, "Attorney Irving Kator" <ikator@kator-parks.com>, "Ramona Cohen" <rcohen@katorparks.com> |

Dear Irv, Thank you for taking my cases. I have informed the Court and opposing counsel that you will be taking my cases and asked for 60 days to be able to meet with you. Thought that 60 days was too much, but that you could cut it back. Have gone through all my privacy documents and will either send them to you or drop them off. Will drop them off today if I can borrow some money for parking. Am going through my Title VII case right now trying to orgainze it. Did I tell you that a law firm was willing to pay the costs of discovery and that I believe Congress has appointed its own special prosecutor to investigate. Thanks again, Edar

Never miss a thing. Make Yahoo your homepage.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA


**EDAR ROGLER**                                    :
Plaintiff *pro se*


**v.**                                             :

**WILLIAM BIGLOW,** *et al*              CASE NO.  1:07-cv-02308(RMC)

_____oOo_____


**EXHIBIT "2"**

February 21, 2008

Dear Irv and Ramona,

Thank you so very much for taking my case. Just a friendly reminder, please remember to enter your appearance as soon as possible in both of my cases...plus the DC Bivens case.

My cases in Maryland District Court have been hotly and actively litigated. I do not image that Judge Nickerson will tolerate much more. He sent me to ADR with the Magistrate without asking my opinion. Therefore I do not believe he has much patience left for this case. He has made it clear the Magistrate is for settlement only and he can render any decision he pleases on all outstanding issues. All motions are ripe for a decision. Not entering your appearance and accepting ADR is high risk every day that passes by. In the emails that I have given you, AUSA Arnold boasts that the govt wins 99% of these cases (which do not go to ADR). Therefore this is an unusual opportunity. Thanks so much again, Edar



FAX (202)289-1389

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                                    :
**Plaintiff** *pro se*


**v.**                                            :

**WILLIAM BIGLOW,** *et al*              **CASE NO.  1:07-cv-02308(RMC)**

_____oOo_____


**EXHIBIT "3"**

# YAHOO! MAIL
### Classic

Print - Close Window

**Date:**    Tue, 26 Feb 2008 16:31:18 -0800 (PST)

**From:**    "edar rogler" <edar_rogler@yahoo.com>

**Subject:**    Re: Hello!

**To:**    "Ramona Cohen" <rcohen@katorparks.com>

Great!  I thought he had changed his mind...Edar

----- Original Message ----
From: Ramona Cohen <rcohen@katorparks.com>
To: edar rogler <edar_rogler@yahoo.com>
Sent: Tuesday, February 26, 2008 7:16:50 PM
Subject: RE: Hello!

Edar.  Mr. Kator is taking care of the matter.  He had to take care of administrative areas in order to file electronically.  We have accomplished that and he will file tomorrow.  Thank you for your patience.

---

**From:** edar rogler [mailto:edar_rogler@yahoo.com]
**Sent:** Tuesday, February 26, 2008 7:07 PM
**To:** Irving Kator; Irving Kator; Ramona Cohen
**Cc:** edar_rogler@yahoo.com
**Subject:** Hello!

Hi Irv and Ramona,  Have you changed your mind about representing me?  You promised to enter your appearance in my case by Friday or Monday or at the latest Tuesday.  I have always wanted your firm to represent me.  However your firm has gone back and forth.  If you do not wish to represent me, I understand and will come in at your convenience and pick up my records with no hard feelings.  Thanks, Edar

---

Looking for last minute shopping deals? Find them fast with Yahoo! Search.

---

Never miss a thing. Make Yahoo your homepage.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


**EDAR ROGLER**                              :
**Plaintiff** *pro se*


**v.**                                       :

**WILLIAM BIGLOW,** *et al*                  **CASE NO. 1:07-cv-02308(RMC)**

_____oOo_____


**EXHIBIT "4"**


**MAIL** Classic

Print - Close Window

**Date:**    Tue, 8 Apr 2008 05:23:54 -0700 (PDT)

**From:**    "edar rogler" <edar_rogler@yahoo.com>

**Subject:**    Intentions on Bivens

**To:**    "Irving Kator" <ikator@katorparks.com>, "Adrienne Tranel" <atranel@katorparks.com>

Dear Irv, It has been two months since you agreed to represent me in the Bivens complaint in DC. I do not mind if you have decided not to represent me, but I need to know. The defendant shortened its time to answer to April 24th. I will need to make an appt with another atty to help me draft an amended complaint to file as soon as possible. Please let me know right away what your intentions are, because you have not entered your appearance in the matter. Edar

JURY, PROSE-NP, TYPE-L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:07-cv-02308-RMC

ROGLER v. BIGLOW et al
Assigned to: Judge Rosemary M. Collyer
Demand: $1,000,000
Case: 1:08-cv-00570-RMC
Cause: 28:1331 Fed. Question: Tort Action

Date Filed: 12/21/2007
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**EDAR ROGLER**

represented by **EDAR ROGLER**
915 Boucher Avenue
Annapolis, MD 21403
(443) 852-6555
PRO SE

V.

**Defendant**

**WILLIAM BIGLOW**
*in his personal capacity*

represented by **Judith A. Kidwell**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 4818
Washington, DC 20530
(202) 514-7250
Fax: (202) 307-2304
Email: judith.a.kidwell@usdoj.gov
*LEAD ATTORNEY*

**Defendant**

**JULIE LU**
*in her personal capacity*

represented by **Judith A. Kidwell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**JOHN I. GALLIN**
*M.D., in his personal capacity*

represented by **Judith A. Kidwell**
(See above for address)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA


**EDAR ROGLER**                        :
**Plaintiff** *pro se*


**v.**                                 :

**WILLIAM BIGLOW,** *et al*            **CASE NO.  1:07-cv-02308(RMC)**

_____oOo_____


**EXHIBIT "5"**

# YAHOO! MAIL
Classic

Print - Close Window

**Subject:** RE: Meeting tomorrow 4.23.08 at noon

**Date:** Tue, 22 Apr 2008 14:53:47 -0400

**From:** "Irving Kator" <ikator@katorparks.com>

**To:** "edar rogler" <edar_rogler@yahoo.com>

Edar: Yes.
Irv Kator, Parks & Weiser, PLLC

**From:** edar rogler [mailto:edar_rogler@yahoo.com]
**Sent:** Tuesday, April 22, 2008 10:46 AM
**To:** Irving Kator; Adrienne Tranel
**Subject:** Meeting tomorrow 4.23.08 at noon

Dear Irv, This is to confirm that you postponed our meeting last week, because you were going out of town. You re-scheduled the meeting to tomorrow at noon. Ok? See you tomorrow. Edar

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


**EDAR ROGLER**                              :
**Plaintiff** *pro se*


**v.**                                       :

**WILLIAM BIGLOW,** *et al*          **CASE NO.  1:07-cv-02308(RMC)**

_____oOo_____


**EXHIBIT "6"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDAR Y. ROGLER,                          :
    Plaintiff,

        versus                           :        Civil No. WMN-07-1676

U.S. DEPARTMENT OF HEALTH                 :       _ORDER_  _Plaintiff's "Withdrawal"_
AND HUMAN SERVICES,                                _notwithstanding, this matter_
    Defendant.                            :        _will proceed to a settlement_
                                                   _conference as scheduled on 5/7/08._
                    ..oOo..                         _All parties &_

**PLAINTIFF'S WITHDRAWAL FROM ADR REGARDING THE INSTANT SUIT** _counsel are_
                                                   _required to_
        Plaintiff *pro se*, Edar Rogler, hereby respectfully withdraws from ADR with the U.S. _be present,_
                                                   _including_
Magistrate regarding the above-captioned matter.  Defendant asserted to the Court that it was willing _Ms Rogler._

to settle the Plaintiff's cases separately.  The parties fully discussed the terms of settlement of the _[signature]_

instant matter in 121 emails.  The Defendant submitted said emails to the Court at Defendant's _3/13/08_

response (Paper no. 12).  The parties' positions are too far apart to justify ADR at this time.

Therefore Plaintiff wishes to proceed with ADR on her Title VII complaint only.

        WHEREFORE, Plaintiff withdraws from ADR with the U.S. Magistrate in regards to the

instant suit and will proceed to discuss settlement of her Title VII complaint only without involving

any remedies that might be afforded to her by Congress.

                                Respectfully submitted:

DATED:  March 12, 2008          _[signature]_

                                EDAR ROGLER, Plaintiff *pro se*
                                915 Boucher Avenue
                                Annapolis, Maryland   21403
                                (410) 280-9270

**CERTIFICATION OF SERVICE**

I, HEREBY, CERTIFY that on this 12TH day of March, 2008, a copy of the foregoing was mailed first class, postage

prepaid to AUSA Ariana W. Arnold, U.S. Attorney's Office, 36 South Charles Street, Baltimore, Maryland  21201.

                                _[signature]_
                                EDAR ROGLER

1



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
**Plaintiff** *pro se*                                :

v.                                                    :

**WILLIAM BIGLOW,** *et al*                 CASE NO.  1:07-cv-02308(RMC)

_____oOo_____



**EXHIBIT "7"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDAR Y. ROGLER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Civil No. WMN-07-1676** |
| | * | |
| **U.S. DEPARTMENT OF HEALTH** | * | |
| **AND HUMAN SERVICES** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * * *

## RESPONSE TO NOTICE OF WITHDRAWAL FROM ADR (PAPER NO. 54)

Defendant U.S. Department of Health and Human Services, by and through counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Ariana Wright Arnold, Assistant United States Attorney for said District, hereby files this response to Plaintiff's Notice of Withdrawal from ADR.

Plaintiff has filed at Paper No. 54 a "Notice of Withdrawal from ADR" indicating that she "withdraws from ADR with the U.S. Magistrate in regards to the instant suit and will proceed to discuss settlement of her Title VII complaint only. . . ."

This matter was referred to ADR by order of this Court dated February 14, 2008. (Paper No. 35). *After* entry of this Order, Plaintiff filed a notice indicating her willingness to participate in ADR. See Paper No. 44, filed February 26, 2008. However, the matter was not referred to the Magistrate by mutual consent, it was referred by *Order*.

According to Local Rules 301, 302 and 607, a matter can be referred to ADR *either* by agreement of both parties, *or* by order of the Court.

Since this matter was referred by order of the Court, Plaintiff's "withdrawal" of her consent to ADR is unavailing, and this matter should proceed to a settlement conference with Judge Bredar as planned.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

March 12, 2008

_____/s/_____
Ariana Wright Arnold
Assistant United States Attorney
USDC Md Bar No. 23000
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
Ph 410-209-4800
Fx 410-962-9947
Ariana.Arnold@usdoj.gov

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA


**EDAR ROGLER**                              :
**Plaintiff** *pro se*


**v.**                                        :

**WILLIAM BIGLOW,** *et al*          **CASE NO.  1:07-cv-02308(RMC)**

_____oOo_____


WITHDRAWN


**EXHIBIT "8"**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                                    :
**Plaintiff** *pro se*


v.                                                 :

**WILLIAM BIGLOW,** *et al*              **CASE NO.  1:07-cv-02308(RMC)**

_____oOo_____



**EXHIBIT "9"**

## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

EDAR Y. ROGLER,            :
    PLAINTIFF

VERSUS                :     **Case No.: 1:08-CV-00570(RMC)**

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,  :
& REV. OWEN RAY FITZGERALD
    DEFENDANTS.

..o0o..

## PLAINTIFF'S MOTION and MEMORANDUM OF LAW FOR TRANSFER TO THE U.S. DISTRICT COURT OF MARYLAND and MOTION TO SHORTEN DEFENDANTS' TIME TO OPPOSE or *SUA SPONTE* ORDER THE TRANSFER
### [28 U.S.C. §1404(a)]

Plaintiff *pro se,* Edar Rogler, hereby submits her motion pursuant to 28 U.S.C. §1404(a) to

transfer the instant case to the U.S. District Court of Maryland and to shorten the Defendants' time

to oppose to enable the Court to reach a decision before May 7, 2008 or to *sua sponte* transfer the

instant case. In support of which she submits her following memorandum of law.

The Court has the power under 28 U.S.C. §1404(a) to transfer the instant case to the U.S.

District of Maryland. In *Rosales v. U.S.,* 477 F.Supp. 2d 213, 215 (D.D.C. 2007) the Court

annunciated the legal standard as follows:

> Under 28 U.S.C. § 1404(a), a district court may transfer venue when two
> requirements are met: (1) the proposed transferee district is one in which the action
> might have been brought originally; and (2) the court decides, in the exercise of its
> discretion, that the transfer is warranted. *See DeLoach v. Philip Morris Cos.,* 132 F.
> Supp. 2d 22, 24-25 (D.D.C. 2000). In deciding whether transfer is warranted, courts
> should consider the convenience of the parties and witnesses, as well as the "interests
> of justice." *See* 28 U.S.C. § 1404(a). The Court has "broad discretion" to order
> transfer under this standard. *In re Scott,* 228 U.S. App. D.C. 278, 709 F.2d 717, 720
> (D.C. Cir. 1983). It is the party seeking transfer of venue that bears the burden of
> establishing that the relevant factors favor transfer. *See Armco Steel Co., L.P. v. CSX
> Corp.,* 790 F. Supp. 311, 323 (D.D.C. 1991).

The Court in exercising its discretion should transfer the instant cause of action to the U.S. District Court of Maryland where the action might have originally been brought and there are relevant factors favoring transfer. The Court has *sua sponte* inherent power to transfer the instant case without the motions of any parties. Therefore, the Court has power to shorten the Defendants' time to oppose the instant motion to transfer or to *sua sponte* grant the motion to transfer.

Originally, the Plaintiff brought this cause of action in Maryland, entitled *Rogler v. DHHS,* WMN-07-1676. Her Complaint was filed on June 26, 2007. On June 26, 2007 she filed a motion for leave to proceed in *forma pauperis*. The Court granted Plaintiff IFP status and ordered the Clerk to effectuate service on the Defendant. After two hundred sixty-two (262) days the Court ruled that the Defendant DHHS had not been effectively served. Plaintiff noticed her dismissal. Mr. Kator advised her to file her Privacy Act case in the District of Columbia, said suit is entitled *Rogler v. DHHS*, 1:08-cv-00570(RMC). (Meanwhile the Plaintiff's Title VII case, entitled *Rogler v. Leavitt*, 1:07-cv-00726(WMN) was dismissed for lack of jurisdiction.)

Attorney Irving Kator of KATOR, PARKS & WEISER indicated a future willingness to represent the Plaintiff and advised her to file her *Bivens* suit in the District of Columbia, which is a related case to the instant suit. On February 15, 2008 the Plaintiff and KATOR, PARKS & WEISER entered into an engagement agreement for the law firm to represent Plaintiff in all pending matters. See engagement agreement, Exh. 1. Mr. Kator noticed his appearance in the Plaintiff's Title VII case in Maryland, but has not noticed his appearance in the instant case according to the Clerk's electronic docket. (The dismissal of Title VII case was vacated and the case re-opened.)

In the Title VII and the Privacy Act cases the Defendant Michael Leavitt successfully moved for ADR with a U.S. Magistrate. Judge Nickerson has ordered ADR with U.S. Magistrate Bredar to occur on May 7, 2008. U.S. Magistrate Bredar has ordered the parties to submit a comprehensive

settlement letter to him on or before April 30, 2008. Defendants are insisting to have a global

settlement including the Privacy Act case. Since Defendants have demanded settlement ADR

conference with a U.S. Magistrate and are demanding a global settlement, then in the interest of

judicial economy and justice the Privacy Act case should be transferred to the District Court in

Maryland before May 7, 2008 and preferably before April 30, 2008 to enable Judge Bredar to have a

comprehensive settlement letter on all issues in all cases. Plaintiff has now effectively served all

defendants. Plaintiff believes that all of her case should be consolidated in one venue with one

Judge.

The Court should not dismiss the instant case on improper venue because the Privacy Act

grants venue to the District of Columbia. However should the Court dismiss the instant case or its

related *Bivens* case, Plaintiff will be unable to re-file either case. In *Benton v. England*, 222 F. Supp.

2d 728 (D. Md. 2002), the Court opined that:

> Because Plaintiff has brought the Title VII and ADA claims incorrectly in
> Maryland, it is within the discretion of this court, pursuant to 28 U.S.C. § 1406(a),
> either to dismiss the claims or to transfer them if it would be in the interest of justice
> to do so. Plaintiff asked the EEOC to reconsider the decision it had rendered in
> *Gwendolyn Benton v. Department of the Navy*, EEOC Appeal No. 01A02510 (April
> 13, 2001). The EEOC ultimately decided to deny that request. *See* Paper 1
> Attachment. Pursuant to EEOC Regulations, Plaintiff had 90 days from the date she
> [*732] received the EEOC's denial of her request to file a civil action. 29 C.F.R. §
> 1614.407. The EEOC letter was mailed to Plaintiff on January 9, 2002. However,
> Plaintiff claimed that she never received the original letter and requested a second
> copy of the letter which was sent on February 25, 2002 and which Plaintiff
> presumably received shortly thereafter. Plaintiff has attached this copy of the original
> letter to her complaint. Plaintiff filed her complaint in this court on April 30, 2002,
> within the 90 day time limit counting from February 25, 2002. However, if this court
> were to dismiss Plaintiff's claims now, Plaintiff would be unable to re-file them in the
> court of proper venue as more than 90 days have passed since February 25, 2002. In
> *Goldlawr v. Heiman*, 369 U.S. 463, 8 L. Ed. 2d 39, 82 S. Ct. 913 (1962), the Supreme
> Court observed that:
>
> > if by reason of the uncertainties of proper venue a mistake is
> > made [in the filing of an action], Congress, by the enactment of §

1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'

*Id.*, at 467. It would be, therefore, in the interest of justice to transfer Plaintiff's claims, as brought under Title VII and the ADA, to the United States District Court for the District of Columbia.

Plaintiff's ADEA claim will be transferred along with the Title VII and ADA claims.


WHEREFORE, Plaintiff prays for the Court to *sua sponte* transfer the instant case to

Maryland or to shorten the time for the Defendant to respond and to grant the motion to transfer.

                                        Respectfully submitted by:

DATED: April 21, 2008                   _____
                                        EDAR ROGLER, Plaintiff *pro se*
                                        915 Boucher Avenue
                                        Annapolis, Maryland 21403
                                        (410) 280-9270


### CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008 I mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

                                        _____
                                        EDAR ROGLER, Plaintiff *pro se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**                                    :
**Plaintiff** *pro se*

**v.**                                             :

**WILLIAM BIGLOW,** *et al*            **CASE NO.  1:07-cv-02308(RMC)**

_____oOo_____

**EXHIBIT "10"**

# YAHOO! MAIL
### Classic

**Date:**     Mon, 12 May 2008 15:52:35 -0700 (PDT)

**From:**     "edar rogler" <edar_rogler@yahoo.com>

**Subject:**  Please return records

**To:**       "Irving Kator" <ikator@katorparks.com>

**CC:**       "Adrienne Tranel" <atranel@katorparks.com>

Thank you for this.  Hope that you called Ms. Arnold for her consent. Please return all of my records.  Edar

**Irving Kator <ikator@katorparks.com>** wrote:

> Ms. Rogler:
>
>     Here is what I filed with the Court today to withdraw my appearance.

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.