IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER  :
Plaintiff *pro se*,

v.  :

                          C.A. No. 1:07-cv-02308(RMC)

WILLIAM BIGLOW, *et al.*
Defendants.

...oOo...

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RECONSIDERATION**

Plaintiff, Edar Rogler, *pro se* hereby respectfully submits her memorandum of points and authorities in support of reconsideration for the following reasons:

On May 9, 2008 Defendants' Motion for Protective Order ("Defs.' Mot. Protective Order")[Dkt.#37] was filed in the instant suit. The Court entered the Minute Order on May 12, 2008 granting the Defs.' Mot.. Protective Order in part, which moved for an order "permitting the Defendants to defer briefing on any motions by Plaintiff until the Court calls for a response to a particular motion." Id, at 3. Clearly the motion was for an unconstitutional, overly broad protective order not based in the law and/or tailored to remedy any alledged wrong proffered in Defs.'Mot. Protective Order. The Court denied the Plaintiff her right to respond to the Defs.' Mot. Protective Order by granting it in part within three days after it was filed. The Court's order denies the Plaintiff her rights to access to the Court guaranteed to her by the United States Constitution ("U.S. Const.") First and Fourth Amendments. See *In re Primius*, 436 U.S. 412, 426 (1978); *Johnson v. Avery*, 393 U.S. 483, 485 (1969). The Defs.' Mtn. Protective Order contains no factual or legal support for the Court to have granted in part the Defendants' motion for a protective order.

1

Plaintiff did not file a motion for leave to proceed in *forma pauperis* ("IFP status") and paid her filing fees. The instant action is not governed by 28 U.S.C. §1915 (1982). The Constitution, Federal Rules of Civil Procedure, and the U.S. District Court's Local Rules should be governing the instant proceedings and not the false allegations of the Defendants to wrongfully evade responding to Plaintiff's motions. The Court has granted the Defendants an unlimited time to prepare their response to Plaintiff's legitimate motions. The cases cited by the Defendants are not applicable. The Plaintiff has never filed a frivolous complaint. The Defendants cite to *In re Carl Clovis Green*, 598 F.2d 1126, 1127 (8th Cir. 1979). Mr. Green was granted IFP status and had filed 66 frivolous Writs of Mandamus/Prohibition. Then Defendants cite to *In re Martin Trigona*, 737 F.2d 1254, 1261 (2nd Cir. 1984). Mr. Trigona had filed hundreds of frivolous lawsuits. Id. at 1256.

The Defendants have provided the Court with absolutely no legal justification for the Court to order the rare protective order that it has granted the Defendants herein. The Defendants have other adequate remedies provided under the law. First the Defendants should win their opposition to Plaintiff's motions before they claim that Plaintiff's motions are unsubstantiated. Second Fed. R.Civ. P. Rule 11 provides for parties who have to oppose frivolous motions. Third the Defendants opened the door in their motion to dismiss [Dkt.#11] for Plaintiff to have to oppose their jurisdictional and other arguments, e.g. intracorporate conspiracy affirmative defense by showing the existence of a criminal conspiracy. If Defendants do not like Plaintiff properly presented legal arguments and supporting facts, Defendants are free to withdraw their motion to dismiss or concede any part of it. Fourth if Defendants want they are free to settle the case.

Plaintiff has a constitutional and statutory right to pick the venue in which to file her complaints. In *Rogler v. DHHS*, 07-01676(WMN)("Privacy case") the action was under The

Privacy Act, 552a.[1] The Court found that Plaintiff's Privacy case was not frivolous and granted her IFP status. For 262 days the Clerk failed to serve the Defendants. Pre-eminent AUSA Allen F. Loucks and other AUSA's represented the defendant and did not place any conditions on the agreed dismissal of the Privacy case. More importantly the defendant could have waived the defense of defective service of process. It was the Maryland District Court's Clerk who failed to serve the defendant for 262 days. The law required that the case be dismissed and re-filed. The Privacy Act grants this Court with jurisdiction. Plaintiff had a DC attorney to represent her in this Court, but he has passed away.

Plaintiff has a right to file in this Court for this action, because she was a witness for a Washington, D.C. ("DC") resident Rev. Henry Heffernan ("Heffernan"), with a DC attorney, before the Office of Federal Operations, Equal Employment Opportunities Commission in Washington, D.C.. Plaintiff had to use interstate communications and travel interstate to meet with Rev. Heffernan and his attorneys. Again Plaintiff had a DC attorney to represent her in this Court, but he has passed away. In the Maryland action, *Rogler v. Biglow et al.*, 07-1675(WMN) the Plaintiff was unable to serve all of the defendants within 120 days, because of their evading service of process. The law requires that the case be dismissed and re-filed. Now why should the Court punish the Plaintiff merely for filing her second cause of action in this venue, when she has a right to file in this venue. Defendants have presented no case law or facts to demonstrate that the Plaintiff's selection of forum/venue was in bad faith.

What is really outrageous is that the Defendants have presented the Court with absolutely no evidence to support their allegations. Plaintiff has filed five motions for judicial notice with

---

[1] Judicial Watch has filed concurrently Privacy Act cases in this Court and in Maryland U.S. District Court without any consternation from either court.

3

abundant evidence and was found by the EEOC to be a credible, material witness. Defendants falsely assert, "Plaintiff's filings illustrate a lack of understanding of the issues that are *relevant* to her complaint." Defs' Mot. Protective Order, at p. 5. However Plaintiff asserts every motion is relevant according to the law of this country. Defendants in their Motion to Dismiss [Dkt.#11] raise the affirmative defense of intracorporate conspiracy yet they wish for the Court to protect they from the Court's evaluating the criminal components of their own conspiracy under 18 U.S.C.§§371 and 1512. The law requires the Court to make the evaluation. *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031 (11th Cir. 2000).

Defendants falsely called their requested remedy "modest relief." Defs.' Mtn. Protective Order, at p. 6. Plaintiff calls it patently unconstitutional, totally unsupported by the law and evidence, and egregiously biased in favor of the Defendants and against the Plaintiff. *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed. 2d 474 (1994). Not one of the cases cited in the Defs.' Mtn. Protective Order supports the remedy that the Court has granted to the Defendants. Defendants write that the Defendants wish "only to allow the Court to focus on the Defendants' motion rather than on future vexatious filings by a pro se litigant." Id., at p. 6-7. This is the United States of America with a Constitution that requires the Court to not deny the Plaintiff access to the court. The Court is mandated to weigh the parties' motions fairly and neutrally, and not merely focus on the Defendants' motion.

WHEREFORE, Plaintiff prays for an order vacating the Minute Order of May 12, 2008 and denying it in its entirety. Respectfully submitted by:

/s/
Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER :
Plaintiff *pro se*,

v. :
                                              C.A. No. 1:07-cv-02308(RMC)

WILLIAM BIGLOW, *et al.*
Defendants.

...oOo...

**ORDER**

UPON CONSIDERATION of PLAINTIFF'S MEMORANDUM IN SUPPORT OF RECONSIDERATION, for the reasons set forth by Plaintiff in support thereof, and based upon the entire record herein, it is this ____ day of _____, 2008, hereby

ORDERED that the Court's Minute Order of May 12, 2008 is vacated and the DEFENDANTS' MOTION FOR PROTECTIVE ORDER [Dkt.#37] is DENIED in its entirety and Defendants have eleven (11) days from the date of the instant order to submit any response to any of the Plaintiff's outstanding motions.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel via ECF