IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER                                :
Plaintiff *pro se*,

v.                                         :
                                           C.A. No. 1:07-cv-02308(RMC)
WILLIAM BIGLOW, *et al.*
Defendants.
                              ...oOo...

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [Dkt #75] and PLAINTIFF'S NOTICE OF INTENT TO FILE MOTION TO AMEND HER COMPLAINT**

Edar Rogler, Plaintiff *pro se*, hereby respectfully submits her response and memorandum of law in response in opposition to Defendants' Motion to Vacate Order on Motion to Dismiss First Amended Complaint [Dkt. #75] ("Defs.' Motion") and gives notice that she intends to file her motion to further amend her complaint.[1]

**AS A MATTER OF LAW PLAINTIFF HAS NOT VIOLATED FED. R. CIV. P., Rule 21.**

1.  **Plaintiff had an absolute right to amend her complaint without leave of court or notice to opposing counsel.**

In *James v. Hurson Associates, Inc. v. Glickman*, 343 U.S. App. D.C. 313, 229 F.3d 277, 282-83 (D.C. Cir. 2000)[2] the District of Columbia Court of Appeals has held that:

---

[1] Plaintiff has lost her electronic amended complaint because it was lost when she tried to convert it to a pdf file. She is currently re-typing her further amended complaint to be able to submit it as an exhibit to her motion to further amend her complaint.

[2] See, also, *Gov't of Guam v. Am. President Lines*, 307 U.S. App. D.C. 275, 28 F.3d 142, 150 (D.C.Cir. 1994); *Confederate Memorial Ass'n, Inc.*, 301 U.S. App. D.C. 395, 995 F.2d 295, 299 (D.C.Cir. 1993); *Nattah v. Bush*, 541 F.Supp.2d 223, 228 (D.D.C. 2008)(J. Lamberth); *Robinson v. District of Columbia, et al.*, 535 F.Supp. 2d 38, 42 (D.D.C. 2008)(J.Bates); *Poullard v. Federal Bureau of Prisons*, 535 F.Supp.2d 146, 149 n. 4 (D.D.C. 2008)(J.Bates); *Amore v. Accor. N. Am., Inc*, 529 F.Supp. 2d 85, 91 (D.D.C. 2008)(J.Urbina); *Biovail Corp., et al. v. USDA, et al.*, 519 F.Supp. 2d 39, 41 n.1 (D.D.C. 2007)(J.Urbina); *Komongnan v. U.S. Marshals Service*, 471 F.Supp. 2d 1, 4 (D.D.C. 2006)(J.Huvelle); *Lindsey v. United States*, 448 F.Supp. 2d 37, 61-62 (D.D.C. 2006)(J. Walton): *Banks v. York*, 448 F.Supp. 2d 213, 215 (D.D.C. 2006)(J.Huvelle); *Boyd v. District of Columbia*, 465 F.Supp.2d 1, 2-3 (D.D.C. 2006) (J.Urbina); *Jagger v. EPA*, 404 F.Supp. 2d 72, 73 n. 1 (D.D.C. 2004)(J.Leon); *Wiggins v. Dist. Cablevision, Inc.*, 853

RECEIVED
AUG 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading. *See* FED. R. CIV. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...."). In this case, the USDA filed no answer, but only a motion to dismiss. We have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15. *See, e.g., Confederate Memorial Ass'n v. Hines*, 301 U.S. App. D.C. 395, 995 F.2d 295, 299 (D.C. Cir. 1993) ("As a motion to dismiss is not ordinarily considered a 'responsive pleading' ... under Rule 15(a), appellants could have amended their complaint as of right prior to the court's decision on the motions." (citation omitted)); *accord, Bowden v. United States*, 336 U.S. App. D.C. 126, 176 F.3d 552, 555 (D.C. Cir. 1999) ("At the time Bowden sought to amend, the government had filed only a motion to dismiss or in the alternative for summary judgment, which is not considered a responsive pleading."). Because Hurson therefore was entitled as a matter of right to amend its complaint, it was error for the District Court to refuse to consider its added claims.

**2.    Plaintiff's right to add and drop parties is well established in this Court.**

In *Amore v. Accor N. Am., Inc*, 529 F.Supp. 2d 85, 91 (D.D.C. 2008)(J.Urbina)[3] the instant Court espoused the legal standard for Rule 15(a) as follows:

> Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party. (footnote omitted). *Id.*; *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484,

---

F.Supp. 484, 499 (D.D.C. 1994)(J.Lamberth); *Johnson v. District of Columbia, et al.*, 244 F.R.D. 1, 4 (D.D.C. 2007)(J.Lamberth); *Scott-Blanton v. Universal City Studios Prods. LLLP*, 244 F.R.D. 67, 69 (D.D.C. 2007)(J Urbina); *Bradley v. Smith*, 235 F.R.D. 125, 127 (D.D.C. 2006)(J.Huvelle); *Wright v. Herman*, 230 F.R.D. 1, 4 (D.D.C. 2005)(J.Urbina); *Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004)(J.Urbina); *Boyd v. Grassmick*, 216 F.R.D. 166 (D.D.C. 2003)(J.Urbina); *Bancoult v. McNamara*, 214 F.R.D. 5, 7 (D.D.C. 2003)(J.Urbina); *Davis v. United States*, 2006-2 U.S. Tax. Cas. (CCH)(P50,582) 9, n. 1 (D.D.C. 2006)(J.Collyer); *Williams, et al. v. Savage, et al.*, 2008 U.S. Dist. LEXIS 59148 *9 (D.D.C. 2005)(J.Urbina); *Autozone Dev. Corp. v. District of Columbia*, 2006 U.S. Dist. LEXIS 11731, *6-7 (D.D.C. 2006)(J.Urbina); *Carter v. Department of Navy*, 2006 U.S. Dist. LEXIS 59767 *24 (D.D.C. 2006)(J.Walton); *Valdes v. District of Columbia*, 2005 U.S. Dist. LEXIS 17960, *16-17 (D.D.C. 2005)(J.Urbina); *Adams v. Hitt Contr. Inc.*, 2005 U.S. Dist. LEXIS 16872, *2 n. 2 (D.D.C. 2005)(J.Kennedy); *Evans v. Chase Manhattan Mortg. Corp.*, 2005 U.S. Dist. LEXIS 3982, *5 (D.D.C. 2005)(J. Collyer); *Catholic Cemeteries of the Archdiocese of Washington, Inc. v. Nordlinger Investment Corp., Inc.*, 2005 U.S. Dist. LEXIS 3883, *3 (D.D.C. 2005)(J.Collyer); *Xiangyuanxhu v. Federal Housing Finance Board*, 2004 U.S. App. LEXIS 11284, *4-5 (D.C. Cir. 2004); and *Hutchinson v. Tenet*, 2002 U.S. Dist. LEXIS 27677, *5 (D.D.C. 2002)(J.Robertson).

[3] See, also, *Scott-Blanton v. Universal City Studios Prods. LLLP*, 244 F.R.D. 67, 69 (D.D.C. 2007)(J. Urbina); *Boyd v. District of Columbia*, 465 F.Supp.2d 1, 2-3 (D.D.C. 2006 )(J.Urbina); *Wright v. Herman*, 230 F.R.D. 1, 4 (D.D.C. 2005)(J.Urbina); *Autozone Dev. Corp. v. District of Columbia*, 2006 U.S. Dist. LEXIS 11731, *6-7 (D.D.C. 2006)(J.Urbina); *Valdes v. District of Columbia*, 2005 U.S. Dist. LEXIS 17960, *16-17 (D.D.C. 2005)(J.Urbina); *Evans v. Chase Manhattan Mortg. Corp.*, 2005 U.S. Dist. LEXIS 3982, *5 (D.D.C. 2005)(J. Collyer); *Catholic Cemeteries of the Archdiocese of Washington, Inc. v. Nordlinger Investment Corp., Inc.*, 2005 U.S. Dist. LEXIS 3883, *3 (D.D.C. 2005)(J.Collyer); and *Hutchinson v. Tenet*, 2002 U.S. Dist. LEXIS 27677, *5 (D.D.C. 2002)(J.Robertson).

499 (D.D.C. 1994); 6 FED. PRAC. & PROC. 2d § 1474. According to decisions of this circuit, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James v. Hurson Assocs., Inc. v. Glickman,* 343 U.S. App. D.C. 313, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (citing FED. R. CIV. P. 15(a)).

**PLAINTIFF WILL SERVE DEFENDANTS WITH HER EVIDENCE AS A SUPPLEMENTAL ADDENDUM WITH EXHIBITS FOR HER FIRST AMENDED COMPLAINT.**

Plaintiff believed that Rule 10(c) and the Court's Minute Order, entered August 5, 2008, authorized her to incorporate exhibits already in the record into her complaint. Rule 10(c) authorizes incorporations of exhibits by reference. Plaintiff's incorporation referred to exhibits already in the record of the instant case. *See, Peoples Natural Gas Co. v. FPC,* 127 F.2d 153, 155-56, 75 U.S. App. D.C. 235 (D.C. Cir. 1942) *cert. denied,* 316 U.S. 700 (1942); and 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §1327 (2d ed. 1990). Defs.' Motion incorrectly states that Plaintiff incorporates her "motions" by reference. Plaintiff only incorporates her evidence by reference that is specifically mentioned in her amended complaint. Plaintiff will add her evidence as exhibits as a separate addendum to supplement her First Amended Complaint by interlineations and serve it on the Defendants.

**THE REQUIREMENTS OF RULE 9(b) TAKES PREFERENCE OVER RULE 8(a).**

Fed. R. Civ. P., Rule 9(b) requires that Plaintiff plead fraud and conspiracies with particularity to the circumstances constituting fraud for her RICO, 18 U.S.C. §1961 count. Therefore in the instant case involving conspiracies, policies and practices of violations of Title VII, and RICO's predicatives, requires the Plaintiff to plead particularities per Rule 9(b). Defendants opened the door in the instant case for criminal conspiracy to be raised by the Plaintiff, because Defs.' Motion to Dismiss, at p.3 & 20 [Dkt. #11, pgs.5 & 22of 30] raises the defense of

3

intracorporate conspiracy to which the Plaintiff has an absolute right to bar the defense by asserting that the Defendants participated in a criminal conspiracy.

**PLAINTIFF CAN CORRECT HER CLERICAL ERRORS BY ERRATA.**

Plaintiff's clerical errors can be corrected by the Plaintiff submitting an *errata* to her amended complaint. Further corrections can be made by interlineations and supplements. Plaintiff lost her amended complaint and had to quickly update a previously saved version. The errors are not so great that the Defendants are in any way prejudice from the meaning of her amended complaint. Defendants merely complain that a few of Plaintiff's paragraphs are wrongly numbered on one or two pages. Since Defendants point out the clerical error(s), Defendants have not been shown prejudice and are not prejudiced by it.

WHEREFORE, Plaintiff respectfully prays that the Court denies the Defendants' <u>Motion to Motion to Dismiss First Amended Complaint</u> [Dkt. #75]; or in the alternative for the Court to grant the Plaintiff leave to re-file her amended complaint with guidance and suggestions from the Court on the above-mentioned issues.

Respectfully submitted by:

DATED: August 18th, 2008

_____
Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18th, 2008 I mailed postage, pre-paid the above motion and memorandum of law to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

_____
EDAR ROGLER, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**  :
**Plaintiff** *pro se*,

v.  :

  C.A. No. 1:07-cv-02308(RMC)

**WILLIAM BIGLOW,** *et al.*
**Defendants.**

...oOo...

## ORDER

UPON CONSIDERATION OF Defendants' <u>Motion to Dismiss First Amended Complaint</u> [Dkt. #75] and Plaintiff response thereto and any reply submitted by the Defendants, and the record herein, it is this _____ day of _____, 2008,

**ORDERED**, that the Defendants' motion is **DENIED**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

cc: AUSA Judith A. Kidwell