# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
**Plaintiff** *pro se*,                                  :

v.                                                       :

**WILLIAM BIGLOW,** *et al.*                                          C.A. No.  1:07-cv-02308(RMC)
**Defendants.**

...oOo...

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO VACATE ORDER ON MOTION TO DISMISS**
**OR IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME TO**
**RESPOND TO FIRST AMENDED COMPLAINT [Dkt #76]**
**~ in the alternative~**
**PLAINTIFF'S MOTION FOR LEAVE TO RE-FILE HER AMENDED COMPLAINT**
**UNDER 15(a) WITH GUIDANCE AND SUGGESTIONS FROM THE COURT**

Edar Rogler, Plaintiff *pro se*, hereby respectfully submits her response in opposition to

Defendants' Motion to Vacate Order on Motion to Dismiss or in the Alternative Motion for

Extension of Time to Respond to First Amended Complaint [Dkt. #76] ("Defs.' Motion").  In the

alternative, if the Court is willing to entertain Defs.' Motion, than Plaintiff moves for the Court to

grant her leave to re-file her amended complaint under Fed.R.Civ.P., Rule 15(a) with guidance and

suggestions from the Court.  In support of her response and motion, she submits the following

memorandum of law.

Plaintiff opposes said motion, because it totally fails to provide the Court with legally

sufficient grounds to justify the reconsideration[1] of the Court's Order [Dkt. #74] declaring the Defs.'

Motion to Dismiss ("Defs.' Mot. Dismiss") [Dkt. #11] as moot.  Defs.' Motion fails to set forth any

---

[1] Plaintiff assumes that Defendant's motion is being brought under Fed. R.Civ.P. Rule 54(b) for clarification and
reconsideration, because the word "vacate" would refer to a Rule 59(e) motion for vacating a final judgment. Therefore
the Plaintiff will use the word "reconsideration" in lieu of the Defendants' choice of the word "vacate."

RECEIVED

AUG 1 9 2008                              1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

facts and/or law and has no supporting affidavits.[2]  Additionally Defs.' Motion fails to meet the legal

standards for to justify the Court granting their motion for extension of time.[3]

There is no clear error in the Court's Order [Dkt.# 74].  Defendants have failed to provide the

Court with the requisite showing of clear error to necessitate the Court's reconsideration under Fed.

R. Civ. P., Rule 54(b).[4]  Plaintiff has an absolute right to amend her complaint pursuant to Rule

15(a), because the Defendants have not filed a responsive pleading.  Her First Amended Complaint

[Dkt. #72] supersedes her Complaint [Dkt. #1] as a matter of law.  Defs.' Motion set forth no

reasoning for the law to be changed.  Plaintiff can add parties and claims without leave of the court,

because Rule 15(a) is a specific rule that takes preference over the general principles of Rule 21.

Plaintiff's clerical errors can be corrected by her submitting an errata submission with interlineations

and supplements and does not substantially fail to comply with Rule 10 to justify dismissal of her

amended complaint.  Plaintiff can supplement her amended complaint with exhibits if necessary.

Pursuant to Rule 9(b) Plaintiff was required to plead fraud and conspiracy with particularity to

support her counts, including RICO, 18 U.S.C. §1961.

In the alternative, Plaintiff should not be punished because there is a split in authority and the

rules are not clear.  Additionally Plaintiff lost her final draft of her amended complaint and had to

quickly re-vise it from much earlier backups.  She will need the Court's clarification, guidance, and

suggestions, because: (1) the case law is split; (2) the pleading has to navigate between Rules 8(a)

and 9(b); as well as show a past pattern of predicate racketeering activities for the Racketeer

---

[2] The only affidavits that the Defendants have submitted into the records thus far are revealing only their names and the cities in which they reside.

[3] Defs.' motion fails to mention any reason for an extension of time other than to give the Defendants an unprecedented two chances of filing motions to dismiss on one amended complaint. Should the Court be willing to entertain Defs. Motion presumably under her equitable powers and give the Defendants two chances at their motion to dismiss, then the Plaintiff should be entitled to the same equitable considerations and moves to file another amended complaint under Rule 15(a) with suggestions and guidance from the Court.

[4] Rule 59(e) is not applicable.

Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c)("RICO"), intimidation and interference with witness under 18 U.S.C. §1512; policies and practices of violations of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. §§2000e-2 *et seq.*; and under 42 U.S.C. §1985 how her objections and participation related to the violations of other people's civil rights.

WHEREFORE, Plaintiff prays that the Court to deny the Defendants' motion to vacate and for an extension of time; or in the alternative to grant her leave to re-file her amended complaint under Rule 15(a) with guidance and suggestions from the Court.

Respectfully submitted by:

Dated: August 18th, 2008

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**EDAR ROGLER**
**Plaintiff** *pro se,*                                                       :

**v.**                                                                        :

                                                                                    **C.A. No.  1:07-cv-02308(RMC)**

**WILLIAM BIGLOW,** *et al.*
**Defendants.**

...oOo...

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO VACATE ORDER ON MOTION TO DISMISS OR IN THE
ALTERNATIVE MOTION FOR EXTENSION OF TIME
TO RESPOND TO FIRST AMENDED COMPLAINT [Dkt #76]**

        Edar Rogler, Plaintiff *pro se*, hereby respectfully submits her memorandum of law in support

of her response in opposition to Defendants' Motion to Vacate Order on Motion to Dismiss or in the

Alternative Motion for Extension of Time to Respond to First Amended Complaint [Dkt. #76]

("Defs.' Motion").  Defendants move pursuant to Fed. R. Civ. P., Rules 8(a), 10, and 21 for the

Court to vacate the Order [Dkt. #74] and in the alternative a motion for extension of time to respond

to Plaintiff's First Amended Complaint [Dkt. #72].  However Rules 8(a), (10), and 21 do not

governing motions to vacate final judgments[5] or to reconsider interlocutory orders.[6]  As a matter of

law the Defendants' motion has failed to set forth any reasons for the Court to reconsider the order

and/or to grant the Defendants an extension of time. [7]  However, should the Court be willing to

---

[5] Fed. Civ. P. R., Rule 59(e).
[6] Fed. Civ. P. R., Rule 54(b).
[7] Defendants already submitted their motion to dismiss [Dkt. #75] and have not set forth any legal reasoning for the Court to grant them a second opportunity to submit another motion to dismiss. Fed. Civ. P. R., Rule 12(a)(3)(A) & (B) granted the Defs. the longest amount of time to file a responsive pleading or otherwise respond to the Plaintiff's First Amended Complaint [Dkt. #72], however, Defs.' legal strategy in filing their motion to dismiss now is to delay the instant case from moving forward on the basis of form over substance.

4

entertain the Defs. Motion,[8] than Plaintiff is more than willing to re-draft her amended complaint to suit the specifics of the instant Court and moves for leave to re-file her amended complaint per Rule 15(a) with suggestions and guidance from the Court.

Basically the Defendants are moving the Court to deny the Plaintiff her right under Fed. R. Civ. P, Rule 15(a) to file an amended complaint freely, before the Defendants file a responsive pleading.[9]  Defendants are moving the Court to force the Plaintiff to be a non-participant in the instant litigation.  The Defendants wish that only the Defendants' Motion to Dismiss [Dkt. #11] be considered, whereas Plaintiff's amended complaint [Dkt. #72] and motions [Dkt. ##22, 26, 31, 43, 44, 45, 47, 50, 51 57 & 64] will be deliberately ignored by the Court.[10]  Now to test the waters Defendants present a garbled, conflated motion to the Court to determine if the Court will allow the Defendant to both move for dismissal of the Plaintiff's amended complaint and get a second bite at the apple and move for dismissal yet again after sixty days. Defendants move for the Court to dismiss Plaintiff's amended complaint and resurrect Plaintiff's original complaint without explaining how the Court will be able to conduct this miracle.[11]

---

[8] Although Defs.' Motion rudely criticizes the Plaintiff's legal work, the Defs.' Motion prepared by an expert in federal litigation is confused, collapsing multiple motions into one, convoluted, and unique, commonly called a hot mess and is not supported by the law. Defs.' Motion could only be granted under the Court's equitable powers, if those powers are used equally and fairly for both parties.

[9] The only issue being addressed in the instant response is Defs.' Motion to vacate the Court's Order and for an extension of time [Dkt. 76].  Plaintiff will address Defs.' Motion to Dismiss [Dkt. 75] separately.

[10] The Court granted the Defendants an overly broad, unconstitutional protective order [Minute Order entered June 23, 2008] on the grounds that eventually the Plaintiff might loose [Minute Order entered August 5, 2008]. The Defendants assertion basically is that they are the federal defendants and the Court must only listen to their voice without any supporting evidence and totally ignore the Plaintiff's voice and her mountains of evidence.

[11] Defs.' Motion fails to cite to any case in the country where a district court can dismiss an amended complaint and concurrently resurrect the original complaint. Defendants could have cut off the Plaintiff's rights under 15(a) by simply filing their answer. Having made the strategic decision not to file an answer, Defendants wish the Court to protect them from the consequences of their legal choices.

### Legal Standard for Reconsideration

This Court in *Zeigler v. Potter*, 555 F.Supp. 126 (D.D.C. 2005)(J.Collyer) set forth the

stringent legal standards for reconsideration of an interlocutory order, as follows:

> Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that
> do not constitute final judgments in a case. *Singh v. George Wash. Univ.*, 383
> F.Supp. 99, 101 (D.C.C. 2005) (footnote omitted). Rule 54(b) provides that
>
> > any order or other decision, however designated, that adjudicates fewer
> > than all the claims or the rights and liabilities of fewer than all the
> > parties...may be revised at any time before the entry of judgment
> > adjudicating all the claims and all the parties' rights and liabilities.
>
> Fed. R. Civ. P. 54(b). Revision may be permitted when the Court has
>
> > patently misunderstood a party, has made a decision outside the
> > adversarial issues presented to the Court by the parties, has made an error
> > not of reasoning but of apprehension, or where a controlling or significant
> > change in the law or facts [has occurred] since the submission of the issue
> > to the Court.
>
> *Singh*, 383 F. Supp. 2d at 101 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272
> (D.D.C. 2004)). In general, a court will grant a motion for reconsideration of an
> interlocutory order only when the movant demonstrates: "(1) an intervening change in
> the law; (2) the discovery of new evidence not previously available; or (3) a clear
> error in the first order." *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D.
> 235, 237 (D.D.C. 2003).

Clearly the Defs.' Motion fails to mention the legal standard for reconsideration and any facts and/or

law to fulfill the standard. There is no intervening change in law or discovery of new evidence not

previously available presented within Defs.' Motion. Finally the Defs.' Motion presents no clear

error in the first order and patently misrepresents the law. The Court should deny the Defs. motion

[Dkt. #76] as a matter of law. However, should the Court believe that Plaintiff's <u>First Amended</u>

<u>Complaint</u> is improperly drafted, than Plaintiff respectfully moves for leave to re-file it under Rule

15(a) with suggestions and guidance from the Court.

   1.    **Defendants fail to present legally sufficient arguments for the Court to reconsider her Order by demonstrating clear error under Rule 10(c) and the argument is irrelevant.**

   It is inexplicable how the Court can dismiss the Plaintiff's amended complaint and resurrect

Plaintiff's original complaint, then force the Plaintiff to respond to Defs.' first motion to dismiss

[Dkt. #11] without reference to Plaintiff's amended complaint.  Defendants believe that somehow

this can happen if the Court "vacates" its Order [Dkt. #72] declaring Defs.' Motion to Dismiss as

being moot, because Plaintiff allegedly has violated Rule 10(c) in her amended complaint.  Should

the Court reconsider that Defs. Motion to Dismiss is not moot, then Defs. Motion to Dismiss [Dkt.

#11] would combine with their recently filed motion to dismiss [Dkt. #75] and be in regards to

Plaintiff's <u>First Amended Complaint</u>.[12]

   With smoke and mirrors the Defendants are asking the Court to vacate her Order in regards

to the Defs.' Motion to Dismiss [Dkt. #11], because Plaintiff's amended complaint allegedly violates

Rule 10(c).  Plaintiff proffers to the Court that the smoke is coming from the Defendants burning

apples and oranges together.  The mirrors are to shield the mountains of evidence from the Court's

examination.  If the Court dismisses the Plaintiff's amended complaint, this case is over.  Plaintiff

graciously in her response to Defs.' Motion to Dismiss [Dkt. #11] moved for the motion to be denied

without prejudice.  Plaintiff could have responded to Defs. Motion to Dismiss arguing that

Defendants next motion to dismiss will be the same as the first motion to dismiss.  This would have

forced the Defendants to present an argument to the Court that they should be allowed to file a new

---

[12] At least one district court in the country has done this when it is apparent that the defendants will be raising the same legal arguments against the plaintiff's amended complaint.  But the Defendants herein do not appear to be saying that, but they wish for multiple chances in filing multiple motions to dismiss and also deprive Plaintiff of her right to amend her complaint.

motion to dismiss. Defendants have unreasonably turned the Plaintiff's graciousness into depriving Plaintiff of her vacation to respond to Defendants frivolous and confused motion.[13]

Assuming *arguendo* that the contents of Plaintiff's amended complaint has any relevancy to the Court's Order, Plaintiff believed that Rule 10(c) and the Court's Minute Order authorized her to incorporate exhibits already in the record into her complaint. Rule 10(c) authorizes incorporations of exhibits by reference. Plaintiff's incorporation referred to exhibits already in the record of the instant case. *See, Peoples Natural Gas Co. v. FPC*, 127 F.2d 153, 155-56, 75 U.S. App. D.C. 235 (D.C. Cir. 1942) *cert. denied*, 316 U.S. 700 (1942); and 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §1327 (2d ed. 1990). Defs.' Motion incorrectly states that Plaintiff incorporates her "motions" by reference. Plaintiff only incorporates her evidence by reference that is specifically mentioned in her amended complaint.[14] The Court has a right to read any document named in the Plaintiff's First Amended Complaint [Dkt. #72] and/or contained in the record. The Court does not have to rely upon the Plaintiff's descriptions or interpretations of evidence that speaks for itself. The Court is free to take judicial notice of Plaintiff's evidence at any time the Court desires.

It appears to the Plaintiff that the Defendants are in bad faith arguing technicalities to attempt to position the Court to only consider their motion to dismiss and not to equally and fairly apply the law and rules to the Plaintiff. Instead of directly attacking the admissibility of Plaintiff's evidence,

---

[13] Defendants are wasting both the Court's and Plaintiff's time, because the Court's order declaring their motion to dismiss as denied without prejudice was a gift to the Defendants.

[14] Defendants appear to be attempting to say that if the exhibit is not literally attached to the complaint it cannot be considered by the Court, however with electronic filing this seems to be an outdated argument not supported by any case law cited by the Defendants. The Court has the power and authority to review any document mentioned in plaintiff's pleading(s). So eventually the Court will examine and weigh the evidence.

Defendants are trying to place form over substance to somehow prevent the Court from analyzing the evidence when ruling on Defs.' motion to dismiss [Dkt. #75].[15]

Incorporation by reference of exhibits is not grounds for reconsideration of the Court's order and/or to grant the Defendants an enlargement of time for a second bite at the apple.[16]  Defs.' Motion offers no case law or rule for its proposition that evidence cannot be described, listed and included in complaints and incorporated by reference.  However, should the Court wish the Plaintiff to prepare an amended complaint with exhibits attached thereto, she will be more than willing comply.[17]  Of course Plaintiff can just add them as a separate addendum and serve it on the Defendants.

**2.    Defendants fail to present legally sufficient arguments for the Court to reconsider her Order by demonstrating clear error under Rule 8(a), because the requirements of Rule 9(b) takes preference and the argument is irrelevant.**

Defendants alleging violations of Rule 8(a) in Plaintiff's amended complaint do not justify the Court's reconsideration of its <u>Order</u> denying without prejudice the Defs. Motion to Dismiss [Dkt. #11].  Again the Defendants are conflating apples and oranges.  If the Defendants wish the Court to resurrect their motion to dismiss [Dkt. #11] it would be applied to Plaintiff's <u>First Amended Complaint</u> [Dkt. #72] and cannot be applied to Plaintiff's <u>Complaint</u> [Dkt. #1].  But this is not what the Defendants are moving the Court to do.

Assuming *arguendo* that violations of Rule 8(a) in Plaintiff's amended complaint are somehow relevant to the Court's Order, Fed. R. Civ. P., Rule 9(b) requires that Plaintiff plead fraud and conspiracies with particularity to the circumstances constituting fraud for her RICO, 18 U.S.C.

---

[15] Def. Motion to Dismiss [Dkt. #11] was properly declared moot by the Court and now the second motion to dismiss [Dkt. #75] is the only motion to dismiss that the Defendants should be permitted to submit.
[16] Or dismissal of the entire action.
[17] Eventually however the Defendants will have to respond to the volumes of evidence showing the existence of an illegal conspiracy and in some sense this is merely a delay tactic, because the Defendants have multiple copies of volumes of evidence and it is now readily available via the Court's ECF docket.  There is no assertion of prejudice set forth by the Defendants.

§1961 count. Therefore in the instant case involving conspiracies, policies and practices of violations of Title VII, and RICO's predicatives,[18] requires the Plaintiff to plead particularities per Rule 9(b). Defendants opened the door in the instant case for criminal conspiracy to be raised by the Plaintiff, because Defs.' Motion to Dismiss, at p.3 & 20 [Dkt. #11, pgs.5 & 22of 30] raises the defense of intracorporate[19] conspiracy to which the Plaintiff has an absolute right to bar the defense by asserting that the Defendants participated in a criminal conspiracy.

3.    **Defendants fail to present legally sufficient arguments for the Court to reconsider her Order by demonstrating clear error under Rule 10(b) and the argument is irrelevant.**

Defendants again fail to explain how *de minis* typographical and clerical errors in Plaintiff's amended complaint is relevant to the Court's decision to deny the Defs.' Motion to Dismiss without prejudice. By submitting a confused motion, Defendants hope to confuse the Court. How can Plaintiff's clerical errors in her amend complaint be relevant to the Court's decision to deny the Defs.' Motion to Dismiss without prejudice? Unless the Court takes the Defs.' Motion [Dkt. #76] as a motion to resurrect the Defs.' Motion to Dismiss [Dkt. #11] with the second filed Defs.' Motion to Dismiss [Dkt. 75] and apply the combined motions to Plaintiff's amended complaint.

Assuming *arguendo* that there is some connection between clerical errors in an amended complaint and the Court's decision to deny Defs.' Motion to Dismiss, Plaintiff's clerical errors can be corrected by the Plaintiff submitting an *errata* to her amended complaint. Further corrections can be made by interlineations and supplements. Plaintiff lost her amended complaint and had to quickly update a previously saved version. The errors are not so great that the Defendants are in any way prejudice from the meaning of her amended complaint. Defendants merely complain that a few

---

[18] Plaintiff needs to show a pattern of past violations committed by the Defendants.
[19] Defs.' motion misspells the doctrine as "incorporate" conspiracy.

of Plaintiff's paragraphs are wrongly numbered on one or two pages. Since Defendants point out the clerical error, Defendant has not been stumbled by it.

4. **Defendants fail to present legally sufficient arguments for the Court to reconsider her Order by demonstrating clear error under Rule 21 and the argument is irrelevant.**

Again the Plaintiff is at a lost to understand the relevancy of the contents of her amended complaint to the Court's Order to deny without prejudice the Defs.' Motion to Dismiss [Dkt. #11].[20] Assuming *arguendo* that there is some relevancy unknown to the Plaintiff, the Court should hold that FRCP, Rule 15(a) takes preference in the instant matter over Rule 21 and permits the Plaintiff to add defendants and claims to her amended complaint without first seeking leave of the Court. Defs.' Motion should be deemed by the Court to violate Fed. R. Civ. P., Rule 11 because it totally fails to inform the Court that there is a split of authority as to whether Rule 15(a) takes preference over Rule 21 and fails to cite to opposing authorities and egregiously misrepresents the cases cited in Defs.' Motion.[21] The Court should deny the Defs.' Motion for violating Rule 11 and follow the precedent of the Second, Fifth, and Tenth Circuits to give Rule 15(a) preference over Rule 21. The holding that Rule 15(a) takes preference over Rule 21 is now the majority view amongst the circuits deciding the issue. In fact it appears that Defs.' motion refers to the citations cited in 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §1479 (2d ed. 1990) without informing the Court that there is also a split of authority and citing to additionally mentioned opposing cases. According to the *2008 Pocket Part* the more recent cases show a trend moving towards acceptance that Rule 15(a) should have preference over Rule 21.

---

[20] Plaintiff's amended complaint could have been written on pieces of toilet paper, sent from a prison and written in cryptic words and the Court's Order would be the same. Plaintiff proffers that the Defendants' counsel know this.
[21] *Hobley v. K.F.C. U.S. Props, Inc.*, 2007 U.S. Dist. LEXIS 7203 (D.D.C. 2007)(J.Collyer).

As Plaintiff will demonstrate there are cases opposing Defs.' stated position, commonly called a split of authority. Defs.' Motion fails to cite to any case law in the District of Columbia Circuit that decides the issue for this circuit. Plaintiff's position has been believed to be the more reasonable position and has been held to be the better view in the District Court for the District of Columbia. In *Djourabchi v. Self*, 240 F.R.D. 5, 10-11 *citing* Wright, Miller & Kane (D.D.C. 2006), Judge Royce C. Lamberth opined that:

> Because the defendant's counterclaim arises out of the same "transaction or occurrence" as plaintiffs' claims, it is a compulsory counterclaim. Fed. R. Civ. P. 13(a). As a compulsory counterclaim, this pleading was required to have been filed as part of defendant's answer. Fed. R. Civ. P. 13(a). Defendant should have requested leave of court to set up the amendment of his omitted counterclaim. Fed. R. Civ. P. 13(f); *see* 6 Charles Alan Wright, Arther R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1479 (2d ed. 1990). However, defendant filed it within the twenty-day time period provided in Fed. R. Civ. P. 15(a) for amending a pleading as a matter of course. Plaintiff had not filed a reply and does not challenge the counterclaim on this ground. Therefore the Court will treat the counterclaim as an amendment to defendant's answer. *See* Wright, Miller & Kane, *supra* (noting that the liberal amendment policy of Fed. R. Civ. P. 15(a) furthers the policy of Fed. R. Civ. P. 13 "to adjudicate as many related claims as exist between the parties in one action," but that "the safer course probably is to move to amend under Rule 13(f) so that the opposing party cannot challenge the propriety of the added counterclaim at some later time").

Defendants' way might be safer, but it is not better or mandated by the D.C. Circuit.

When there is a split in authority on an issue such as this, Plaintiff's choice does not justify dismissal of her case and/or vacating of the Court's order.

The Tenth Circuit in *U.S. v. ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015 (10th Cir. 1994) reasoned that:

> We have already decided rule 15(a) governs the addition of a party. In explicit terms, we said in *Frank v. U.S. West, Inc.*, 3 F.3d 1257, 1265 (10th Cir. 1993), "A motion to add a party is governed by Fed. R. Civ. P. 15(a)." We later amplified that statement by adding, "To the extent that Plantiff's motion to supplement sought the addition of a party it is controlled by Rule 15(a) because it is actually a motion to amend." *Id.*; *see also Gilles v. United States*, 906 F.2d 1386, 1392 (10th Cir. 1990)(en banc), and

*McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976), *vacated in part on other grounds*, 545 F.2d 919 (5th Cir. 1977)(en banc).

Indeed, our posture was established many years ago in another case involving an attempted amendment to add a plaintiff. We stated:

> There is a division of authority among the circuits concerning the allowance of amendments which involve the adding of parties. However, we believe that philosophy underlying the federal rules [has been] well expressed by the Supreme Court...and is controlling: "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed.

*Travelers Indem. Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103, 105-06 (10th Cir. 1976)(quoting *Conley v. Gibson*, 355 U.S. 41, 48, 2 L.Ed. 2d 80, 78 S.Ct. 99 (1957))(other citations omitted). Because the amendment was made before the defendants had filed a responsive pleading, plaintiffs were entitled to the amendment as a matter of right. Thus the district court erred in its refusal to recognize that right.

Defs.' Motion fails to mention that at least the Fifth and the Tenth Circuit agree with Plaintiff's position. In fact Defs.' Motion misrepresents the position of the Fourth Circuit and cites to a case, which involved an amended complaint being submitted after the defendants had filed an answer to the first complaint. In *Age of Majority Educational Corporation v. Preller, Shriver and Avara*, 512 F.2d 1241, 1245-46 (4th Cir. 1975), the Fourth Circuit stated:

> Plaintiff Modern's amended complaint, purportedly filed after defendants had filed a responsive pleading to the original complaint, dropped one party plaintiff, added two new parties plaintiff, and added six police officers and two state judges as parties defendant. Because parties were both dropped and added, Rule 21, F.R.Civ.P., required that leave of court be sought and obtained as a prerequisite to filing the amended complaint. Modern did not seek such leave and, indeed, was adamant that it would *not* seek such leave. Under such circumstances, the district court was plainly correct in declining to receive the amended complaint.

Therefore Defs.' Motion totally fails to inform the Court that this case is not applicable, because the defendants had filed a responsive pleading to the original complaint. In the matter herein, Defendants admit that they have not filed a responsive pleading to the Plaintiff's <u>Complaint</u> [Dkt. #1] before Plaintiff filed her <u>First Amended Complaint</u> [Dkt.# 72]. Defs.' Motion is disingenuous and lacks candor towards the Court. Additionally, Defs. Motion incorrectly cites to *Commodity Futures Trading Commission v. American Mental Exchange Corp.*, 693 F.Supp. 168, 189 (D.N.J. 1988), wherein the defendants had filed an answer, and therefore, is not applicable to the instant matter.

Other district courts also agree that Rule 15(a) permits a party to add a party without first receiving leave from the Court. In *Ambraziunas v. Bank of Boulder*, 846 F.Supp. 1459, 1466 n. 3 (D.C. Colo. 1994) citing to Wright, Miller & Kane, the court opines that:

> Some courts have held that dropping or adding parties is always governed by Rule 21, rather than by Rule 15(a) which allows a party to amend a pleading once as a matter of course before a responsive pleading is served. *See Springer-Penguin, Inc. v. Jugoexport*, 648 F.Sup. 468, 469 (S.D.N.Y. 1986). However, other courts have held that an attempt to change parties by amendment before the time to amend as of course has expired should be governed by the amendment as of right in Rule 15(a) *See Mc Lellan v. Mississsippi Power & Light Co.*, 526 F.2d 870, 873 (5th Cir. 1976), *modified on reh'g on other grounds*, 545 F.2d 919 (5th Cir. 1977). Some learned authors recommend giving preference to Rule 15 (a). See Charles A. Wright *et al.*, *Federal Practice and Procedure* §1479 at 571-573 (1990). Courts have held that, even when parties have sought leave to add a party under Rule 21, the liberal amendment standards of Rule 15(a) apply. *See McLellan*, 526 F.2d at 873.

*See also, Singh v. Prudential Ins. Co. of America*, 200 F.Supp. 193, 197 n. 7 (DCNY 2002) quoting Wright, Miller & Kane:

> There is, of course, an inherent conflict between Rule 15(a), which permits amendment as a matter of right before the filing of a responsive pleading, and Rule 21, which states that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." However, Professor Moore opines that "the better view…rejects the notion that a motion to amend is required to add or drop parties before the filing

of a responsive pleading. The more persuasive cases hold that before the time a responsive pleading is filed, all amendments are allowed as a matter of course, including amendments to drop or add parties." 3 James Wm. Moore et al., Moore's *Federal Practice* §15.16[1] (3d ed. 2000); accord 6 Wright, Miller & Kane, Federal Practice and Procedure §1479 (2d ed. 1990)("any attempt to change the parties by amendment before the time to amend as of course has expired should be governed by the first sentence of Rule 15(a) and may be made without leave of court"). While some courts disagree, *see*, e.g., *United States ex rel Tucker v. Thomas Howell Kiewit (USA) Inc.*, 149 F.R.D. 125, 126 (E.D. Va. 1993), the Second Circuit appears to have adopted this view, *see Washington v. N.Y.C. Bd. of Estimates*, 709 F.2d 792, 795 (2d Cir. 1984)(reversing district court's denial of plaintiff's motion to amend to add defendants; "Since the [defendant had] not answered the complaint..., Washington was entitled...to amend his complaint as a matter of right, and his request at that time should have been granted."); *accord CBS Broad., Inc. v. Bridgestone Multimedia Group, Inc.*, 1998 U.S. Dist. LEXIS 16659, No. 97 CIV 6408, 1998 WL 740853, at *1 (S.D.N.Y. Oct. 23, 1998)("Defendants' argument rests on the contention that plaintiff's attempt to amend the complaint to add the appropriate Bridgestone corporate entity was a nullity because plaintiff did not obtain leave of the Court as required under...the Federal Rules of Civil Procedure. However, plaintiff was permitted to amend the complaint to add a party as of right under Rule 15(a) because a responsive pleading had not been filed[,] and[] therefore [it was] not required to seek leave of the Court..."); *Pepsico, Inc. v. Wendy's Int'l, Inc.*, 118 F.R.D. 38, 44 (S.D.N.Y. 1987)(Leval, J.).

Therefore the Second Circuit also follows the Fifth and Tenth Circuits in giving Rule 15(a) preference over Rule 21. *See also, Spano v. Boeing*, 42 Employee Benefits Cas (BNA) 1937 (S.D.Ill. 2007) holding:

In considering a motion to amend the complaint, the Court looks to Rule 15 of the Federal Rules of Civil Procedure which states that a party may amend his complaint once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). (footnote omitted) Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule also mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has ordered that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Court may deny a motion to amend where there is evidence of undue delay, bad faith, dilatory motive, prejudice, or futility. *See Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Courts consider requests to add a party presented in a motion to amend under the standards of Rule 15(a), even though Rule 21 governs the joinder of parties. *See U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994). Similar standards underlie determinations made pursuant to both rules. *See Helene Curtis Indus. v. Sales*

15

*Affiliates*, 105 F.Supp. 886, 900 (S.D.N.Y. 1952) (question whether to add or drop party under Rule 21 is treated liberally and is within sound discretion of trial court; inquiry focuses on potential prejudice to nonmovant).

Defs.' Motion cites to *Madery v. International Sound Technicians*, 79 F..R.D. 154 (D.C. Cal. 1978), but fails to mention that the Ninth Circuit has apparently not taken a position on the issue. Defs. last cite to *International Brotherhood of Teamsters, etc. v. AFL & CIO*, 32 F.R.D. 441 (E.D. Mich. 1963), which has been criticized.

More importantly the Defs.' motion does not cite to any rule or case law supporting their position that errors in the Plaintiff's <u>First Amended Complaint</u> should be a reason to the Court to "vacate" or reconsider her Order denying without prejudice the Defs.' Motion to Dismiss [Dkt. #11]. Defendants unnecessarily chastise the Plaintiff in notes 2 and 11 of the motion [Dkt. 76], however AUSA Judith A. Kidwell is an expert in federal litigation and has taken the Plaintiff's graciousness and turned it against the Court and Plaintiff by filing a frivolous motion unsupported by case law that misrepresents the law and fails to disclose pertinent law.

WHEREFORE, Plaintiff respectfully prays that the Court denies the Defendants' <u>Motion to Vacate Order on Motion to Dismiss or in the Alternative Motion for Extension of Time to Respond to First Amended Complaint</u> [Dkt. #76]; or in the alternative for the Court to grant the Plaintiff leave to re-file her amended complaint per Fed. R. Civ. P., Rule 15(a) with guidance and suggestions from the Court on the above-mentioned issue for which there is a split in authority.

Respectfully submitted by:

DATED: August 18th, 2008

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

## CERTIFICATE OF SERVICE

I hereby certify that on August 18th, 2008 I mailed postage, pre-paid the above motion and memorandum of law to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia  20530

EDAR ROGLER, Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**EDAR ROGLER**
**Plaintiff** *pro se*,                                    :

**v.**                                                         :

**WILLIAM BIGLOW,** *et al.*                     C.A. No.  1:07-cv-02308(RMC)
**Defendants.**

...oOo...

**<u>ORDER</u>**

UPON CONSIDERATION OF Defendants' <u>Motion to Vacate Order on Motion to Dismiss</u>

<u>or in the Alternative for Extension of Time to Respond to First Amended Complaint</u> [Dkt. #76] and

Plaintiff response thereto and any reply submitted by the Defendants, and the record herein, it is this

_____ day of _____, 2008,

**ORDERED**, that the Defendants' motion is **DENIED**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

cc: AUSA Judith A. Kidwell