IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EDAR ROGLER**
**Plaintiff** *pro se,*

v.

**WILLIAM BIGLOW,** *et al.*
**Defendants.**

C.A. No. 1:07-cv-02308(RMC)

...oOo...

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, TO VACATE ORDER MOOTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT [DKT. #83]**

Plaintiff, Edar Rogler, *pro se* hereby respectfully submits her response in opposition to Defendants' Motion for Enlargement of Time to File Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss First Amended Complaint, to Vacate Order Mooting Motion to Dismiss or, in the alternative, Defendants' Motion for Extension of Time to Respond to First Amended Complaint (Defs.' Motion for Extension") [Dkt. #83] for the following reasons:

Issue Presented: Have Defendants set forth a sufficient showing of facts and/or any reasons under equity to be granted an enlargement of time for over thirty days to submit a reply on their on own motion that they voluntarily submitted 60 days early.

Plaintiff asserts that the Defendants have failed to set forth a sufficient showing of facts and/or any reason under equity for the Court to grant them a thirty plus day enlargement of time to reply to the Plaintiff's opposition [Dkt. #78] to Defendants' Motion to Dismiss First Amended Complaint, to Vacate Order Mooting Motion to Dismiss or, in the Alternative, Defendants' Motion for Extension of Time to Respond to First Amended Complaint ("Defs.' Motion to Dismiss) [Dkt. #75]. Plaintiff submitted her First Amended Complaint [Dkt.#72] on August 8th, 2008 and served

1

the Defendants' counsel by mail. Defendant's answer or other response to the amended complaint was not due before October 7th, 2008. Apparently only for strategic reasons the Defendants filed their Motion to Dismiss [Dkt. #75] on the first day they were presumed to have received it by mail. Now Defendants move for an enlargement of time for over a month to merely reply to Plaintiff's short five page response and memorandum of law in support thereof to their motion to dismiss [Dkt. #78].

The press of business in a law office is not grounds for an enlargement of time. *Graham v. Pa R.R.*, 342 F.2d 914, 915 (D.C.Cir. 1964). Defendants do not set forth any facts to support their extension of time. In fact, defense counsel wrongly states that she has had to respond to Plaintiff's motions, whereas in reality this Court granted the Defendants a protective order not to have to respond to Plaintiff's motions. Now this is Defendants' Motion to Dismiss that Defendants filed sixty days early. It is not difficult to respond to Plaintiff's five page opposition. The five pages included one page that was Plaintiff's proposed order.

A reply is not to contain any surprises and is to reply to the Plaintiff's response to the Defendants' motion and not interject new issues. *Natural Res. Defense Council v. Envtl. Prot. Agency*, 25 F.3d 1063, 1072 n.4, 306 U.S.App. D.C. 357 (D.C. Cir. 1994); and *Dorn v. McTique*, 157 F.Supp.2d 37, 46 n. 3 (D.D.C. 2001). Plaintiff proffers that the Defendants do not need thirty days to write a reply without any surprises in it and should be able to prepare one in less than a day.

Further under equity the Defendants have consistently opposed everything the Plaintiff has attempted to do to streamline this case including to transfer it to Maryland and consolidate it with the related Privacy case. Defendants have opposed all of Plaintiff's motions for enlargements of time and have been impolite in their comments about the Plaintiff. Whereas Plaintiff has given the Defendants consent for a lot of things that Plaintiff could have opposed. Defendants oppose

Plaintiff's motion to amend her complaint when she lost her file trying to convert it to a PDF file. Defendants could easily consent to Plaintiff filing another amended complaint and then get another chance at filing another motion to dismiss. However, Defendants just wish to be contentious, even if they are inflicting harm onto their own selves. Therefore since the Defendants have unreasonably opposed everything possible, have set forth no facts to fulfill the legal standards of this Court for an enlargement of time, and are not to be preparing a reply with any surprises, there is no reason for the Court to grant the Defs.' Motion for Extension.

WHEREFORE, Plaintiff respectfully prays for the Court to deny the Defendants' motion for an extension of time.

Respectfully submitted by:

Dated: August 20, 2008

_____
Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2008 I mailed postage, pre-paid the above response to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

_____
EDAR ROGLER, Plaintiff *pro se*

3

Yahoo! Mail - edar_rogler@yahoo.com

Page 1 of 1

# YAHOO! MAIL
Classic

Print - Close Window

**Subject:** RE: Correcting clerical errors
**Date:** Thu, 14 Aug 2008 15:30:28 -0400
**From:** "Kidwell, Judith A. (USADC)" <Judith.A.Kidwell@usdoj.gov>
**To:** "edar rogler" <edar_rogler@yahoo.com>

Opposed.

**From:** edar rogler [mailto:edar_rogler@yahoo.com]
**Sent:** Thursday, August 14, 2008 2:45 PM
**To:** Kidwell, Judith A. (USADC)
**Subject:** Correcting clerical errors

Dear Ms. Kidwell: Friday I lost part of my first amended complaint when I tried to convert it to a pdf file. I have witnesses who will be executing affidavits and am preparing an addition to my amended complaint to cover the lost portions only. What is your position on my filing?

Thanks, Edar Rogler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER
Plaintiff *pro se*,

v.

WILLIAM BIGLOW, *et al.*
Defendants.

C.A. No. 1:07-cv-02308(RMC)

...oOo...

**ORDER ON DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, TO VACATE ORDER MOOTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT [DKT. #83]**

Upon full consideration of the motions, opposition briefs, replies, the entire recod herein and applicable law, the Court finds that the Defendants' Motion for Enlargement of Time to File Reply to Plaintiff's response in Opposition to Defendants' Motion to Dismiss First Amended Complaint, to Vacate Order Mooting Motion to Dismiss, or, in the alternative, Defendants' Motion for Extension of Time to Respond to First Amended Complaint [Dkt. #83] will be DENIED.

DATED: _____

UNITED STATES DISTRICT JUDGE

4