UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDAR ROGLER, | ) |
| Plaintiff *pro se*, | ) |
| v. | ) Civil Action No. 07-2308 (RMC) |
| WILLIAM BIGLOW, *et al.* | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO FILE REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, TO VACATE ORDER MOOTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Plaintiff argues that Defendants have failed to make a sufficient showing to be granted an enlargement of time to file a reply to Plaintiff's opposition to Defendants' motion to dismiss her amended complaint, vacate the Court's order mooting Defendants' motion to dismiss or alternatively, granting an extension of time to respond to Plaintiff's first amended complaint. Incredibly, Plaintiff makes this argument after having taken eight months to file an amended complaint and after seeking enlargements of time for four months to respond to Defendants' motion to dismiss, all while filing numerous other motions.[1]

Moreover, Plaintiff's argument that Defendants do not have to respond to her motions

---

[1] Plaintiff's assertion that Defendants' filing of the motion to dismiss was "[A]pparently only for strategic reasons" is ironic in light of the strategies that she has employed with respect to this and her other cases. It is not a coincidence that Plaintiff filed an amended complaint on the day that her response to Defendants' motion to dismiss was due.

because of the protective order that was granted by the Court is unavailing. Despite this protective order, the Court ruled on one of Plaintiff's substantive motions without Defendants having responded to the motion.[2] *See* Court's August 5, 2008, Minute Order (reconsidering the Court's earlier denial and granting Plaintiff's request to refer to her previous filing in her opposition to Defendants' motion to dismiss). In fact, Plaintiff now seeks to use that ruling attempting to justify her incorporation of extraneous material into her amended complaint.

Furthermore, Plaintiff's argument that it is not difficult to reply to a five-page opposition fails to acknowledge that Defendants' counsel is also having to respond to Plaintiff's numerous other filings in Plaintiff's two cases.[3] Additionally, as is often the case with Plaintiff's filings, undersigned counsel needs additional time to comprehend the legal arguments made by Plaintiff in her opposition.

Finally, Plaintiff's disparaging remarks about Defendants and counsel are disingenuous. In response, Defendants simply note that, in other cases, Plaintiff has used the tactic of seeking sanctions and other remedies against parties, their counsel, and even the Court when things were not going her way.[4] Furthermore, in light of the fact that she is an attorney and is requesting

---

[2] It was Defendants' understanding that, after granting their motion for a protective order, in part, the Court would direct Defendants to respond to any of Plaintiff's motions before ruling on them.

[3] Plaintiff's reliance on *Graham v. Pennsylvania*, 342 F.2d 914 (D.C. Cir. 1964), is misplaced. That case involved a motion under Fed. R. Civ. P. 6(a) to enlarge the time under Fed. R. Civ. P. 25(a)(1) to allow the substitution of a party. Because of his workload, the counsel in that case was unaware of a change in the Federal Rules of Civil Procedure that imposed a 90-day limit in Rule 25(a)(1) for substitution of parties. In any event, Defendants' undersigned counsel is employed by the Federal government and not a law firm.

[4] Indeed, in her Title VII case in the District of Maryland ( Civil Action No. 07-726), Plaintiff sought to have her case reassigned to another judge after several adverse rulings by the

millions of dollars in damages, Plaintiff should not expect Defendants to consent to motions to their detriment nor agree to consolidate cases that should be dismissed.

    Respectfully submitted,

     /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

     /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

     /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250
Judith.A.Kidwell@usdoj.gov

---

Court against her.  Plaintiff also sought an order to prohibit an Assistant U.S. Attorney from entering an appearance in Plaintiff's Privacy Act suit in the District of Maryland (Civil Action No. 07-1676), and sought Rule 11 sanctions against Standard Insurance and its counsel in *Rogler v. Standard Insurance, Co.*, 30 Fed. Appx. 909 (10th Cir. 2002).  Needless to say, her motions were denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendants' Memorandum in Reply was mailed, postage pre-paid, to Plaintiff *pro se*, on this 26th day of August 2008, to the following address:

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　JUDITH A. KIDWELL
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney