IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDAR ROGLER**
**Plaintiff** *pro se*,

v.

C.A. No. 1:07-cv-02308(RMC)

**WILLIAM BIGLOW**, *et al.*
**Defendants.**

...oOo...

**PLAINTIFF'S ERRATA TO CORRECT FIRST AMENDED COMPLAINT**

Plaintiff, Edar Rogler, *pro se* hereby respectfully submits her errata to correct her First Amended Complaint [Dkt. #72] ("First Amended Complaint"). This is to remedy clerical errors and problems caused by the lost of Plaintiff's work when she attempted to convert her word file to word prefect and then a pdf file. Plaintiff hereby strikes, and makes replacements and/or additions by interlineation as follows:

1. ¶13: add "Additionally supplemental jurisdiction is proper under 28 U.S.C. §1367(a)."

2. ¶14: add "Additionally personal jurisdiction is proper under 18 U.S.C. §1965(b)."

3. ¶15 "Venue is additionally proper pursuant to 18 U.S.C. §1965."

4. ¶112: After "112." add " a."

5. ¶¶104, 105, 106, 107, 108, 104 & 110, 111 & 112 (on pgs. 30 to 31): strike "104", "105", "106", "107", "108", "104" & "111", respectively and replace with "b", "c", "d", "e", "f", "g", "h", "i", "j", "k", respectively. For a correct copy of pgs. 30 to 31 see Exhibit 1, attached hereto.

6. ¶131-139: inadvertently omitted.

7. ¶229: add, "On October 27th, 2005 Rev. Heffernan filed a timely petition with the EEOC OFO in DC entitled *Henry Heffernan v. Mike Leavitt*, Secretary, DHHS, EEOC Petition No.

1

03A60015, which was finally decided by the OFO on February 21st, 2006. Rev. Heffernan's attorney, Cathy A. Harris ("Harris") asked the Plaintiff to travel to DC on January 3rd, 2006 to be interviewed and to prepare for an affidavit to be filed with the OFO for the pending appeal. On or about January 3rd, 2006 Plaintiff traveled to DC and met with Ms. Harris. Plaintiff prepared and executed an affidavit that was submitted in Rev. Heffernan's OFO appeal."

8.   ¶333: add, "Defendant Biglow chilled and violated the Plaintiff's clearly established constitutional rights by falsely certifying that he personally had served the Plaintiff with two notices of her deposition in the *Brenner* MSPB matter and using false evidence to obtain a subpoena on May 9th, 2007 from the MSPB to unlawfully order Plaintiff to attend an unlimited in scope and unlimited in duration deposition in DC without notice on May 14th, 2007, and caused it to be served on the Plaintiff on May 11th without notice and caused her to not attend said deposition but to seek a protective order from the EEOC instead. The EEOC granted the Plaintiff a protective order. However Def. Biglow used the Plaintiff's not appearing at her deposition to leverage Dr. Brenner into settling his claims against the Agency and his *Bivens* claims against Defs. Biglow, Lu, Gallin, Gormley, Jones, Fitilis, Fitzgerald, Konishi, Self and Canino."

9.   ¶362: for a more definite statement requested by Defendants, add "Paragraphs 71-74, 76-94, 97-108, 174-181, 266-307, 358, and 359 are to set forth the civil conspiracies, including but not limited to Operation Clean Sweep and what has been coined the Dream Team Scheme, that demonstrates a policy and practice to violate Title VII, to predicate the RICO claim on a pattern of racketeering activity and violations of 18 U.S.C. §§ 242, 1503, 1512 & 1513, mail and wire fraud justifying the Court's imposition of equitable relief under Title VII, RICO, pertinent federal statutes and the Constitution."

10.     ¶366: add "Defendant Sylvia D. Drummond is now and at all times relevant to this complaint a resident of Washington, D.C.  Def. Drummond is a federal contractor being sued in her individual capacity and in her official capacity as a Senior Case Manager for DSZ.

11.     ¶372: add "Defendant DSZ, Inc. a corporation incorporated in Virginia which conducts business in Washington, DC."

12.     ¶383: **WHEREFORE**, for the more definite statement requested by Defendants add in addition to prayer, "Plaintiff prays for an order under equity including but not limited to:

   a. that Defendants unlawfully interfered with the functioning of AO Kinney who is a federal officer from the performance of her duties as Administrative Officer for the SMD, that Def. Konishi failed to make a good faith and neutral investigation of Plaintiff's termination, and that all decisions, acts and/or records made by Def. Konishi are void *ab initio* and expunged from the Plaintiff's records;

   b. that Defendants unlawfully interfered with the functioning of Def. Britton who is a federal officer from the conducting a good faith, neutral investigation of a contracting officer, that Def. Britton failed to conduct a good faith, neutral investigation as to whether Plaintiff had a lawful contract and whether said contract was lawfully terminated, and that all decisions, acts and/or records made by Def. Britton are void *ab initio* and expunged from the Plaintiff's records;

   c. that pursuant to 29 C.F.R. §1614.105 Elizabeth Leader was the only lawfully appointed EEO Counselor for Plaintiff's EEO complaint, *Rogler v. Leavitt, Secretary, DHHS*, Agency File No. CC-06-0008;

   d. that pursuant to 29 C.F.R. §1614.105 Def. Drummond was not a legally appointed EEO Informal Counselor for the Plaintiff's EEO complaint, that Def. Drummond never personally

    met and/or interviewed the Plaintiff; and that the EEO Informal Counselor's Report dated May 16, 2006 prepared by Def. Drummond is void *ab initio*.

e. that any and all acts taken by the Defendants in reliance on any acts, omissions, and/or records prepared by Defs. Konishi, Britton, and Drummond in regards to the Plaintiff are void *ab initio*.

f. That the decision of DHHS to dismiss the Plaintiff's EEO complaint and to not conduct an investigation was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law; contrary to constitutional right, power, privilege, and/or immunity; in excess of statutory jurisdiction, authority of limitations or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence and unwarranted by the facts, because the Defendants Biglow, Lu, Gallin, Gormley, Jones, Fitilis, Fitzgerald, Ashkar, Berger, Konishi, Britton, Self, Chew, Canino and Drummond participated in a civil and/or criminal conspiracy to violate the Plaintiff's well-established constitutional and civil rights to create false evidence and prevent DHHS from conducting a lawful investigation into the Plaintiff's EEO complaint.

g. That the DHHS submission to the OFO EEOC of false evidence that would not pass the test of perjury and a false EEO Informal Counselor's Report unlawfully prepared by Def. Drummond and failure to transmit the Plaintiff formal complaint violated numerous regulations and laws, and overall was conducted to intimidate and retaliate against a witness in violation of 18 U.S.C. §§242, 1503, 1512, 1513 and mail and wire fraud to the extent that the appellate review by the OFO EEOC was pre-determined by the false evidence and affidavits that would not surpass the test for perjury and rendered said review meaningless.

h. That Defs. Biglow, Lu, Gallin, Gormley, Jones, Fitilis, Fitzgerald, Ashkar, Berger, Konishi, Britton, Self, Chew, Canino and Drummond prevented the Plaintiff from all avenues of redress under F.A.R. for an alleged contract and 29 C.F.R. §1614 *et seq.* for Title VII.

i. That the decision of EEOC to dismiss the Plaintiff's EEO complaint and to not vacate and remand the complaint for DHHS to investigate was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law; contrary to constitutional right, power, privilege, and/or immunity; in excess of statutory jurisdiction, authority of limitations or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence and unwarranted by the facts, because the Defendants Biglow, Lu, Gallin, Gormley, Jones, Fitilis, Fitzgerald, Ashkar, Berger, Konishi, Britton, Self, Chew, Canino and Drummond participated in a civil and/or criminal conspiracy to violate the Plaintiff's well-established constitutional and civil rights to create false evidence and prevent EEOC OFO from conducting an appellate review of DHHS' dismissal of Plaintiff's EEO complaint.

j. That DHHS be ordered to announce the vacancy for a civil service Rabbi/Chaplain at NIH CC and be order to fill it with the most qualified Jewish applicant, who is actually Jewish according to Jewish rabbinical law.

k. That Plaintiff was unlawfully terminated based upon a civil and/or criminal conspiracy, as defined in all of the previous paragraphs, and order that she was never lawfully terminated and order her back to work at NIH CC as though the unlawful termination never occurred.

l. And all injunctive relief that is possible that the Court deems just and proper.

13. ¶394: for a more definite statement add, "Jurisdiction if provided by 18 U.S.C. §1962(c) and personal jurisdiction is provided by 18 U.S.C. §1965. This count is an alternative count should the Court determine that Plaintiff at all pertinent times was not a federal employee and that at all pertinent times Plaintiff was not protected by federal employment laws. Named Defendants Biglow, Lu, Gallin, Gormley, Jones, Fitilis, Fitzgerald, Ashkar, Berger, Konishi, Britton, Self, Chew, Canino, and Drummond are all persons in their individual capacities. Def. Leavitt and Def. Zerhouni who are sued herein for equitable relief only. Def. DSZ, Inc. is sued in all capacities, Plaintiff alleges predicate. Plaintiff complains that said defendants participated in a pattern of racketeering activity as defined by §1962(c) including but not limited to mail and wire fraud, witness tampering per 18 U.S.C. §1512 and witness retaliation per 18 U.S.C. §1513, obstruction of justice per 18 U.S.C. §1503, interfering with civil rights in violation of 18 U.S.C. ¶242 and proximately caused damage to Plaintiff and her property. Plaintiff was the target some of the RICO violations."

14. ¶395 **WHEREFORE**: add "compensatory damages in the amount of $200,000 and treble damages in the amount of $600,000 sustained and cost of suit."

15. In response to Defendants request in Defs.' Mot. Dismiss, at p. 5, as to a more definite statement as to who are the Defendants alleged to have committed an act in ¶¶332-334, 336, 339, 340, 342, 343, 347, 348, 350, 351, 353, and 358, Plaintiff respectfully asserts that this should have been clear to the Defendants by the contents of ¶¶10, 17 to 34, which clearly defines who the named defendants are for her first to fourth counts. However to oblige the Defendants, Plaintiff adds by interlineations to each stated paragraph: "For a definition of defendants see ¶¶10, 17 to 10."

16. After the end of the amended complaint add in addition for all counts:

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Issue a declaratory judgment that Defs. Biglow, Lu, Gallin, Gormley, Fitilis, Jones, Fitzgerald, Berger, Konishi, Ashkar, Britton, Self, Chew and Canino conduct as described above violated Plaintiff's clearly established rights to privacy and rights under the First, Fourth and Fifth Amendments;

B. Issue a declaratory judgment that the Def. DHHS conduct as described above violated The Privacy Act of 1974;

C. Issue a permanent injunction prohibiting all Defendants from ever disclosing facts about the Plaintiff that they learned during their government employment and/or from federal employees;

D. Issue a permanent injunction prohibiting all Defendants from interfering with Plaintiff's efforts to obtain employment;

E. Issue a permanent injunction prohibiting Defs. Biglow, Lu, Gallin, Gormley, Fitilis, Jones, Fitzgerald, Berger, Konishi, Ashkar, Britton, Self, Chew and Canino from violating Plaintiff's constitutional rights by substantially repeating the conduct in which they engaged as described above;

F. Issue a permanent injunction requiring Defs. DHHS, Zerhouni, Biglow, Lu, Gallin, Gormley, Fitilis, Jones, Fitzgerald, Berger, Konishi, Ashkar, Britton, Self and Chew to comply henceforth with The Privacy Act's requirements on training, security policies, and accounting for disclosures;

G. Issue a permanent injunction prohibiting Defs. DHHS, Zerhouni, Biglow, Lu, Gallin, Gormley, Fitilis, Jones, Fitzgerald, Berger, Konishi, Ashkar, Britton, Self and Chew from publicly disclosing any information pertaining to Plaintiff in violation of The Privacy Act.

|  |  |
|---|---|
| | Respectfully submitted by: |
| Dated: September 2nd, 2008 | _____ |
| | Edar Rogler |
| | 915 Boucher Avenue |
| | Annapolis, Maryland  21403 |
| | (410) 280-9270 |

### CERTIFICATE OF SERVICE

I hereby certify that on September 2nd, 2008 I mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

_____
EDAR ROGLER, Plaintiff *pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR ROGLER                          :
Plaintiff *pro se*,

v.                                   :
                                         C.A. No. 1:07-cv-02308(RMC)
WILLIAM BIGLOW, *et al.*              :
Defendants.
                      ...oOo...

Exhibit 1

109. Plaintiff asserts that in furtherance of the conspiracy against Title VII's implementation at NIH CC and the conspiracy to have a policy and practice of promoting discrimination that Def. Fitzgerald searched the United States for a chaplain to become a member of the "family" and "in the loop."

110. Def. Fitzgerald did not advertise and/or announce the position within DHHS or the public.

111. In the summer of 2005 Def. Fitzgerald finds Plaintiff's electronic mail ("email") address by scavenging through Rev. Morrow's abandoned, defunct files.

112. a. Def. Fitzgerald emails Plaintiff and states that he is interest in Plaintiff becoming a student in the clinical pastoral educational program at NIH CC, approved and certified by The Association for Clinical Pastoral Education, Inc. (ACPE).

b. In the summer of 2005 Plaintiff emails Def. Fitzgerald in response stating she has been accepted into another Clinical Pastoral Education ("CPE") program.

c. In August of 2005 Def. Fitzgerald invited Plaintiff out to dinner at a restaurant, The American Grill, in The Bethesda Marriot Hotel near NIH CC allegedly to interview her for employment at NIH CC to work a week or two in August of 2005. See, electronic mail from Def. Fitzgerald to Plaintiff dated August 12th, 2005 [Dkt. #64-10]. Def. Fitzgerald states that the Plaintiff's services will be "processed through Human Resources." Id.

d. In an act in furtherance of the conspiracy Def. Fitzgerald represents the position to be federal employment and never mentions an independent contractual relationship. Def. Fitzgerald and Plaintiff met and had dinner, wherein:

i.   Fitzgerald offered her a job performing substitute work at NIH CC;

ii.  Plaintiff accepted said offer;

30

    iii.    No written contract was written or executed;

    iv.    An oral contract was established; and

    v.    Stated that Plaintiff's employment would be processed through Human Resources.

e. In furtherance of the conspiracy Def. Fitzgerald has the meeting with Plaintiff at a restaurant and thereby prevents Plaintiff from meeting and/or communicating with other NIH CC chaplains.

f. On or about August 16 to 19, 2005 Plaintiff works at NIH CC.

g. During this time Def. Fitzgerald makes remarks about his unlawfully disciplining and terminating Heffernan. Def. Fitzgerald additionally makes anti-Semitic remarks about Dr. Brenner and discloses adverse employment action Def. Fitzgerald has taken against Dr. Brenner because he is a Jew.

h. During this time period Plaintiff and DHHS do not execute a written contract for Plaintiff's services and/or work. No written contract exists for this time period of work performed by the Plaintiff.

i. Plaintiff submits a time sheet to Dana C. Kelley ("Kelley"), who is the Program Administrator, SMD.

j. Plaintiff is paid $480.00 by check directly from NIH. [Dkt. #51-2, at p. 2 of 20]. Def. Ftizgerald makes arrangements for Plaintiff to return to work over Thanksgiving week, 2005.

k. Plaintiff was a material witness to the Agency's and management officials' violations of Title VII protected rights against Rev. Henry Heffernan and Dr. Reeve Brenner.

### Admissions by Def. Fitzgerald to Plaintiff
### (Overt Acts in Furtherance of the Conspiracy)