IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDAR ROGLER**<br>**Plaintiff** *pro se*, | :<br>:<br>: |
| v. | :<br>: C.A. No. 1:07-cv-02308(RMC) |
| **WILLIAM BIGLOW**, *et al.*<br>**Defendants.** | :<br>: |

...oOo...

### MOTION TO WITHDRAW PLAINTIFF'S MOTION TO DISMISS and MEMORANDUM IN SUPPORT

Edar Rogler, Plaintiff *pro se*, hereby respectfully moves to withdraw her Motion to Dismiss [Dkt. # 25] for the following reasons:

Plaintiff has filed a related case, entitled *Rogler v. Biglow, et al*, 07-02308 (RMC) ("the *Bivens* case"). In her *Bivens* case she moved to consolidate the case with the instant case. After the Plaintiff filed her amended complaint in her *Bivens* case, the Court ruled that her motion to consolidate was moot. Moot is when the motion is "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980). Consolidation does not change the legal rights of the parties, but is an administrative function for judicial economy. Consolidation does not prejudice any of the Defendants' rights. The reasons to consolidate the *Bivens* amended complaint should have remained viable, because of Fed. R. Civ. P. Rule 15(a) relationship-back to the date of the original filing (unless the amended complaint eviscerated the instant complaint).

In the instant matter the Court has now granted the Defendants a stay from responding to Plaintiff's motion to consolidate the instant matter with her *Bivens* case

RECEIVED
SEP - 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

until ten days after this Court decides the Defendants' motion to dismiss in her *Bivens* case. All of the stays and protective orders granted by the Court to the Defendants in both matters do not contain any reasoning or weighing of the evidence or application of the law to admissible evidence other than the Court might dismiss the Plaintiff's *Bivens* case.[1] All of the Court's stays benefit the Defendants and severely handicap the Plaintiff.[2] It also will unnecessarily burden the Clerk's Office when they have to re-scan the same evidence for the instant case.

Plaintiff has not found any other case in which this Court has suspended the Federal Rules of Civil Procedure and laws, and only entertained the defendants' motion to dismiss. The Court has consistently not decided motions that were ripe in Plaintiff's *Bivens* case including her motion to transfer the case to Maryland. Her motion to transfer the instant case to Maryland is also ripe, but remains undecided. Plaintiff has had to cope with her attorney losing his memory, forgetting that she is his client and then unfortunately dying. Plaintiff came to this Court under her former attorney's advice and his written engagement agreement to represent her it this Court. There is no bad faith involved in her being before this Court, because The Privacy Act statute grants this Court jurisdiction.

There is no bad faith involved with Plaintiff filing her *Bivens* case in this Court. Plaintiff was a named witness to a federal administrative proceeding occurring in Washington, D.C. entitled *Henry Heffernan v. Mike Leavitt*, Secretary, DHHS, EEOC Petition No. 03A60015, which was finally decided by the Equal Employment

---

[1] It is unfair to prejudge the outcome of a case based upon a poorly drafted original complaint and not let the evidence speak for itself and apply of the law to the evidence to decide the motions of the parties. In any civil action the plaintiff might lose and the Court does not hand out these types of stays.

[2] When the Court does not decide any of the Plaintiff's motions, the Court does not provide her with any guidance or direction.

Opportunity Commission ("EEOC") Office of Federal Operations ("OFO") OFO on February 21st, 2006. Rev. Heffernan's attorney, Cathy A. Harris ("Harris") asked the Plaintiff to travel to DC on January 3rd, 2006 to be interviewed and to prepare for an affidavit to be filed with the OFO for the pending appeal. On or about January 3rd, 2006 Plaintiff traveled to DC and met with Ms. Harris. Plaintiff prepared and executed an affidavit that was submitted in Rev. Heffernan's OFO appeal. The appeal being heard at the OFO was in regards to the Agency, DHHS' removing Rev. Heffernan from his civil service position as Chaplain at The National Institutes of Health Clinical Center ("NIH CC"). Many of the actions and/or omissions occurred in the District of Columbia. This Court should hold that it has jurisdiction over Plaintiff's *Bivens* case, because Plaintiff was a witness in DC for a case pending in DC and Plaintiff physically came to DC for the exclusive purpose of being a witness.[3]

This Court has had related cases, wherein one case is before Judge Nickerson in the Maryland District Court and the other is before this Court. In *Judicial Watch, Inc., et al. v. Rossotti, et al.*, 02-928 (RMC), <u>Memorandum Opinion</u>, at n. 3, entered September 30th, 2003, opined that:

> These same parties are engaged in two other lawsuits. In *Judicial Watch, Inc. v. Rossotti*, No. WMN-01-2672, 2002 WL 31962775 (D.Md. Dec. 16, 2002), filed September 6, 2001, Judicial Watch sought to enjoin the IRS audit...Knowing that this case is pending, the Maryland District Court confined its decision to the document requests propounded to the Baltimore Disclosure Office of the IRS.

---

[3] Plaintiff was not forum shopping, because she successfully moved Judge Nickerson to reconsider his granting of the Defendant Leavitt's motion to dismiss her Title VII case. Her Title VII case is now in its discovery period. Plaintiff is here because she was hailed to DC to be a witness for a DC federal administrative proceeding and her deceased attorney desired to be in DC. No federal judge should be offended that a federal witness wishes to file and pursue her *Bivens* complaint in the forum in the venue where she was hailed to be a witness. If there is some overriding reason for these cases to be consolidated and transferred to Maryland District Court, this Court has had the opportunity to decide the Plaintiff's motions and consolidate and transfer the cases. However, this Court has chosen to stay the decisions.

Therefore this Court has experience with parties in related matters having litigation before this Court and Judge Nickerson in the Maryland District Court at the same time and did not suspend the law and the rules as to one party.

Plaintiff is not an expert in federal litigation. Even experts in federal litigation have difficulties with this area of the law. In *Hatfill v. Ashcraft*, 404 F. Supp. 2d 104 (D.D.C. 2005) the Court described how a *Bivens* claim is related to a Privacy Act claim. The amended complaint in the Hatfill matter was 66 pages long. It did not contain any allegations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §19629(c) and/or a claim that the defendants acting in a conspiracy injured other peoples' civil rights in violation of 42 U.S.C. §1985. Dr. Hatfill's 66 page amended complaint was regarding his own injuries and an alleged conspiracy that harmed only Dr. Hatfill. Plaintiff's *Bivens*' amended complaint with a RICO claim is 80 pages long[4] and involves a conspiracy to harm many different people. Defendants' motion to dismiss the Plaintiff *Bivens*' amended complaint misstates the law and fails to cite to the law of this Circuit. It moves to dismiss the amended complaint only under Rules 8(a), 10, and 21 and does not move to dismiss under Rules 12 and/or 56. Never has this Court performed the legal research and arguments to *sua sponte* take a party from the starting gates and carry them to the finish line, which is what the Court would have to do to grant the Defendants' motion to dismiss. Simply put Fed. R. Civ. P. Rule 15(a) over-rides Rules 21 and 41; and Rule 9(b) over-rides Rule 8(a).[5]

---

[4] Plaintiff's amended complaint is fashioned from many complaints that have been successfully filed in this Court. Granted it has some errors do to the lost of her file during her attempt to convert it to a pdf file, but it still is structured from complaints that have been deemed to be acceptable in this Court.

[5] Plaintiff's amended complaint does not have the same problems as the complaint in *Ciralsky v. CIA*, 00-1709 (RWR), but is modeled after the Second Amended Complaint that was acceptable to the DC Circuit with the requirements Rule 9(b) of RICO and conspiracy added to it.

4

Yet now the Court is granting the Defendants a stay from responding to Plaintiff's motion to consolidate to ten days after the Court decides the Defendants' motion to dismiss in the Plaintiff's *Bivens* case.[6] Every witness relies on the Court in the venue where they are called to testify. The Defendants recruited the Plaintiff from Ohio. The Plaintiff testified truthfully.

Although Plaintiff believes that as a matter of law, she had a right to include the instant claim in her *Bivens* amended complaint, Plaintiff is going to follow the advice contained in *Djourabchi v. Self*, 240 F.R.D. 5, 10-11 (D.D.C. 2006) and moves to withdraw her motion to dismiss [Dkt. #25].

**WHEREFORE**, Plaintiff respectfully moves to withdraw her motion to dismiss.

Dated: September 2nd, 2008

Respectfully submitted by:

Edar Rogler
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

CERTIFICATE OF SERVICE

I hereby certify that on September 2nd, 2008 I mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER, Plaintiff *pro se*

---

[6] The Defendants failed to submit any evidence whatsoever to refute the allegations that the Plaintiff has made and wish for the Court to conduct the Defendants' legal research to justify dismissing the Plaintiff's action on form only and not on substance.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDAR ROGLER<br>Plaintiff *pro se*, | : |
| v. | : |
| WILLIAM BIGLOW, *et al.*<br>Defendants. | :   C.A. No. 1:07-cv-02308(RMC)<br>: |

...oOo...

### ORDER

For the reasons stated in the Plaintiff's Motion for Withdrawal of Her Motion to Dismiss, the Defendants' response and any reply, and the record herein, it is hereby

**ORDERED** that

Plaintiff's Motion for Withdrawal of Her Motion to Dismiss is **GRANTED**.

**SO ORDERED.**

Date: _____

_____
ROSEMARY M. COLLYER
United States District Judge

cc: AUSA Judith A. Kidwell